B1 (Official Form 1) (4/10)

| UNITED STATES BANKRUPTCY COURT<br>District of Delaware | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Contract Research Solutions, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>20-4053750 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>2000 Regency Parkway, Suite 255<br>Cary, North Carolina<br>ZIP CODE 27518 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Wake County, North Carolina | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>See Schedule 1, Attached | ZIP CODE |

**Type of Debtor**
(Form of Organization)
(Check **one** box.)

☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
☑ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities,
  check this box and state type of entity below.)

_____

**Nature of Business**
(Check **one** box.)

☐ Health Care Business
☐ Single Asset Real Estate as defined in
  11 U.S.C. § 101(51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☑ Other
  Medical Research

**Tax-Exempt Entity**
(Check box, if applicable.)

☐ Debtor is a tax-exempt organization
  under Title 26 of the United States
  Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which
the Petition is Filed** (Check **one** box.)

☐ Chapter 7          ☐ Chapter 15 Petition for
☐ Chapter 9            Recognition of a Foreign
☑ Chapter 11           Main Proceeding
☐ Chapter 12         ☐ Chapter 15 Petition for
☐ Chapter 13           Recognition of a Foreign
                       Nonmain Proceeding

**Nature of Debts**
(Check **one** box.)

☐ Debts are primarily consumer    ☑ Debts are primarily
  debts, defined in 11 U.S.C.        business debts.
  § 101(8) as "incurred by an
  individual primarily for a
  personal, family, or house-
  hold purpose."

**Filing Fee** (Check one box.)

☑ Full Filing Fee attached.

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach
  signed application for the court's consideration certifying that the debtor is
  unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must
  attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to
  insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment
  on 4/01/13 and every three years thereafter*).
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes
  of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for
  distribution to unsecured creditors.

THIS SPACE IS FOR
COURT USE ONLY

**Estimated Number of Creditors**

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

**Estimated Assets**

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1) (4/10)                                                                                                    Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Contract Research Solutions, Inc. |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed:   N/A | Case Number:<br>N/A | Date Filed:<br>N/A |
| Location<br>Where Filed:   N/A | Case Number:<br>N/A | Date Filed:<br>N/A |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:<br>        See Schedule 2, Attached | Case Number:<br>Pending | Date Filed: |
| District:<br>        District of Delaware | Relationship:<br>Affiliate | Judge:<br>Pending |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐   Exhibit A is attached and made a part of this petition. | X _____<br>    Signature of Attorney for Debtor(s)        (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☐   No.    See Exhibit C, Attached

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form) 1 (4/10)

Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Contract Research Solutions, Inc. |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X _____<br>Signature of Attorney for Debtor(s)<br>James L. Patton, Jr. and M. Blake Cleary<br>Printed Name of Attorney for Debtor(s)<br>Young Conaway Stargatt & Taylor, LLP<br>Firm Name<br>Rodney Square, 1000 North King Street<br>Wilmington, Delaware 19801<br>Address<br>(302) 571-6600<br>Telephone Number<br>3/26/12<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____ |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X /s/ Michael T. Murren<br>Signature of Authorized Individual<br>Michael T. Murren<br>Printed Name of Authorized Individual<br>CFO of Contract Research Solutions, Inc.<br>Title of Authorized Individual<br>03/26/2012<br>Date | _____<br>Address<br>X _____<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## SCHEDULE 1 TO PETITION

### Location of Principal Assets

| Debtor | Location of Principal Assets |
| --- | --- |
| Allied Research Holdings Inc. | 4520 Dixie Road, Mississauga, Ontario L4W 1N2 Canada<br>1290 Ellesmere Road, Toronto, Ontario M1P 2X9 Canada |
| Allied Research International Inc. | 4520 Dixie Road, Mississauga, Ontario L4W 1N2 Canada |
| Allied Research International U.S., LLC | 2000 Regency Parkway, Suite 295, Cary, North Carolina 27518-8581 |
| Allied Research International, Inc. | 1405 N.W. 167th Street, Miami, Florida 33169 |
| Allied Research International, India, LLC | 1515 Arapahoe Street , Suite 1500, Denver, Colorado 80202 |
| BA Research Co. | 1290 Ellesmere Road, Toronto, Ontario M1P 2X9 Canada |
| BA Research International Holdings, LLC | 10550 Rockley Road, Suite 150, Houston, Texas, 77099 |
| BA Research International, L.P. | 10550 Rockley Road, Suite 150, Houston, Texas, 77099 |
| BARI Management, LLC | 10550 Rockley Road, Suite 150, Houston, Texas 77099 |
| BARI Merger Sub, LLC | 1515 Arapahoe Street, Suite 1500, Denver, Colorado 80202 |
| BARI Partners, G.P. | 10550 Rockley Road, Suite 150, Houston, Texas, 77099 |
| Bioassay Research Co. | 2000 Regency Parkway, Suite 295, Cary, North Carolina 27518-8581 |
| Contract Research Solutions, Inc. | 2000 Regency Parkway, Suite 295, Cary, North Carolina 27518-8581 |
| CRS Management, Inc. | 1515 Araphaoe Street, Suite 1500, Denver, Colorado 80202 |
| CRS Real Estate Holdings LLC | 400 Fountain Lakes Boulevard, St. Charles, Missouri 63301 |
| Diabetes and Glandular Disease Research Associates, Inc. | 5109 Medical Drive, San Antonio, Texas 78229 |
| Gateway Medical Research, Inc. | 400 Fountain Lakes Boulevard, St. Charles, Missouri 63301 |
| PRACS Dermatology, LLC | 4801 Amber Valley Parkway, Fargo, North Dakota 58104 |

| PRACS Institute, Ltd. | 4801 Amber Valley Parkway, Fargo, North Dakota 58104 |
| Specialty Research, Inc. | 1515 Araphoe Street, Suite 1500, Denver, Colorado 80202 |

## SCHEDULE 2 TO PETITION

### Pending Bankruptcy Cases in the District of Delaware
### Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). A motion has been filed with the Court requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered under the number assigned to the chapter 11 case of Contract Research Solutions, Inc.

1. Allied Research Holdings Inc.
2. Allied Research International Inc.
3. Allied Research International India, LLC
4. Allied Research International U.S., LLC
5. Allied Research International, Inc.
6. BA Research Co.
7. BA Research International Holdings, LLC
8. BA Research International, L.P.
9. BARI Management, LLC
10. BARI Merger Sub, LLC
11. BARI Partners, G.P.
12. Bioassay Research Co.
13. Contract Research Solutions, Inc.
14. CRS Management, Inc.
15. CRS Real Estate Holdings LLC
16. Diabetes and Glandular Disease Research Associates, Inc.
17. Gateway Medical Research, Inc.
18. PRACS Dermatology, LLC
19. PRACS Institute, Ltd.
20. Specialty Research, Inc.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-------------------------------------------------------------x

| | |
|---|---|
| *In re:* | : |
| | : |
| **CONTRACT RESEARCH** | : |
| **SOLUTIONS, INC.,** *et al.,* | : |
| | : |
| **Debtors.**[1] | : |
| | : |

**Chapter 11**

**Case No. 12-_____ (____)**

**Joint Administration Requested**

-------------------------------------------------------------x

## EXHIBIT C TO PETITION

1. Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

Certain of the debtor and its affiliates ("Cetero") operate at the following clinic and laboratory locations in the United States that could, under a broad reading of this request, "pose" such a "threat." Cetero, however, does not believe that any of these locations currently pose any risk of imminent and identifiable harm, nor will they if Cetero continues to operate in the manner it does currently.

| Fargo Clinic and Laboratory | 4801 Amber Valley Parkway, Fargo, North Dakota 58104 |
|---|---|
| Houston Laboratory | 10550 Rockley Road, Suite 150, Houston, Texas 77099 |
| Miami Clinc | 1405 NW 167th Street, Miami, Florida 33169 |

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: Contract Research Solutions, Inc. (3750); Allied Research Holdings Inc. (not applicable); Allied Research International Inc. (Ontario) (not applicable); Allied Research International, Inc. (Florida) (6246); Allied Research International India, LLC (not applicable); Allied Research International U.S., LLC (not applicable); BA Research Co. (not applicable); BA Research International Holdings, LLC (not applicable); BA Research International, L.P. (0418); BARI Management, LLC (not applicable); BARI Merger Sub, LLC (not applicable); BARI Partners, G.P. (0418); Bioassay Research Co. (5944); CRS Management, Inc. (2856); CRS Real Estate Holdings LLC (not applicable); Diabetes and Glandular Disease Research Associates, Inc. (1817); Gateway Medical Research, Inc. (0344); PRACS Dermatology, LLC (not applicable); PRACS Institute, Ltd. (7073); Specialty Research, Inc. (5373). Cetero's corporate headquarters is located at 2000 Regency Parkway, Suite 255, Cary, North Carolina 27518.

| San Antonio Research Facility | 5109 Medical Drive, San Antonio, Texas 78229 |
|---|---|
| St. Louis Clinic | 400 Fountain Lakes Boulevard, St. Charles, Missouri 63301 |
| Toronto Research Facility | 4520 Dixie Road, Mississauga, Ontario L4W 1N2 Canada |
| Toronto Laboratory | 1290 Ellesmere Road, Toronto, Ontario M1P 2X9 Canada |

2.  With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

Clinics.  At its clinic facilities, certain of the Cetero entities conduct procedures on subjects/patients for clinical research.  As a result of these procedures, certain of the Cetero entities generate medical waste.  Cetero manages such waste in accordance with applicable rules and, if allowed to continue to do so, do not foresee such waste management as posing a threat. Cetero's clinics also have back up power supplied by natural gas or diesel-fueled generators. Where diesel fuel is stored at the clinic locations in aboveground storage tanks, Cetero believes the storage tanks are in compliance with all applicable regulatory standards.  At the Fargo facility, Cetero operates a small laboratory in addition to the clinical operations.  These laboratory operations generate a small amount of biomedical and hazardous waste, which certain of the Cetero entities manage in accordance with applicable rules.  Cetero's Fargo Clinic holds hazardous waste generator identification number NDR000007195.

Laboratory.  Cetero's Houston Lab tests blood samples to determine the amount of drug(s) in those samples.  In connection with this analysis, Cetero generates organic solvent and biohazardous waste.  Cetero manages this waste in a manner that complies with all applicable laws and regulations. The Lab uses two licensed contractors for the disposal of waste: biohazard waste is disposed of by Stericycle (Generator Identification # 2096175-001), and chemical and oil waste is disposed of by SET Environmental (Generator Identification # TXCESQG).

2

## OFFICER'S CERTIFICATE

### March 25, 2012

The undersigned, being a duly elected and qualified officer of Contract Research Solutions, Inc. (the "Company"), in his capacity as an officer of the Company (and not in his individual capacity), pursuant to and in accordance with the bylaws of the Company, as in effect as of the date hereof, does hereby deliver this Officer's Certificate and certifies on behalf of the Company as follows:

1.    Attached hereto as Exhibit A are true, complete, and correct copies of the resolutions of the board of directors of the Company duly adopted at a special meeting of the board of directors via telephone on March 25, 2012, such actions having been duly taken in accordance with the provisions of applicable law and the bylaws of the Company, as in effect as of the date hereof, and being now in full force and effect, without any modifications in any respect.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned has caused this Officer's Certificate to be executed on behalf of the Company as of the date first written above.


/s/ Michael T. Murren
_____

Michael T. Murren

Chief Financial Officer


[Signature Page to Officer Certificate for Contract Research Solutions, Inc.]

**Exhibit A to Officer's Certificate**

March 25, 2012

**RESOLUTIONS ADOPTED AT A SPECIAL MEETING OF THE BOARD OF
DIRECTORS
OF
CONTRACT RESEARCH SOLUTIONS, INC.**

**WHEREAS**, the board of directors of Contract Research Solutions, Inc. (the "**Corporation**") (the "**Board of Directors**") has reviewed and considered presentations by the management and other materials deemed to be relevant by management (including, without limitation, forms of transaction documents such as (i) the Senior Secured Priming and Superpriority Debtor-in-Possession Credit Agreement with Freeport Financial LLC and other financial institutions party thereto to provide the DIP Facility (as defined below), (ii) the Sale Support Agreement with Freeport Financial LLC and other lenders party thereto, and (iii) the Asset Purchase Agreement with CSRI Holdings, LLC and other signatories thereto) and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Corporation regarding the liabilities and liquidity of the Corporation, the strategic alternatives available to it and the impact of the foregoing on the Corporation's businesses;

**WHEREAS**, the Board of Directors has had the opportunity to consult with the management and the legal and financial advisors of the Corporation to fully consider each of the strategic alternatives available to the Corporation; and

**WHEREAS**, the Board of Directors has determined that it is desirable and in the best interest of the Corporation that a petition be filed by the Corporation seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and a corresponding foreign recognition proceeding (the "**Recognition Proceeding**") be initiated in the Ontario Superior Court of Justice (Commercial List) under Part IV of the Companies' Creditors Arrangement Act (the "CCAA"), including the appointment of the Corporation as the foreign representative of each of the chapter 11 debtors in connection with the Recognition Proceeding (the "**Foreign Representative**").

**NOW, THEREFORE, BE IT RESOLVED**, that the officers and authorized representatives of the Corporation and any other person designated and so authorized to act on behalf of the Corporation (each, an "**Authorized Officer**") be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation to (i) execute and verify the petitions under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") at such time as the Authorized Officer executing the petitions shall determine and (ii) initiate the Recognition Proceeding in the Ontario Superior Court of Justice (Commercial List) under the CCAA, including the appointment of the Corporation as the Foreign Representative; and be it further;

**RESOLVED**, that the Authorized Officers of the Corporation be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, in its capacity as the direct or indirect general partner, stockholder, beneficial interest holder or member of each of its subsidiaries, to (i) execute and verify the petitions under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court at such time as the Authorized Officer executing the petitions shall determine and (ii) initiate the Recognition Proceeding in the Ontario Superior Court of Justice (Commercial List) under the CCAA, including the appointment of the Corporation as the Foreign Representative; and be it further;

**RESOLVED**, that the Corporation is hereby authorized and directed to engage the law firm of Paul Hastings LLP, as general restructuring counsel, to represent and assist the Corporation in its chapter 11 case and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Corporation's chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Paul Hastings LLP; and be it further;

**RESOLVED**, that the Corporation is hereby authorized and directed to engage the law firm of Young Conaway Stargatt & Taylor, LLP, as local Delaware counsel, to represent and assist the Corporation in its chapter 11 case and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Corporation's chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Young Conaway Stargatt & Taylor, LLP; and be it further;

**RESOLVED**, that the Corporation is hereby authorized and directed to engage the law firm of Stikeman Elliott LLP, as (i) general Canadian counsel, to represent and assist the Corporation in the Recognition Proceeding and in carrying out its duties under the CCAA and to take any and all actions to advance its rights and obligations, including filing any pleadings in the Recognition Proceeding, and (ii) counsel to represent and assist the Foreign Representative in carrying out its duties under the CCAA and to take any and all actions to advance the Foreign Representative's rights and obligations, including filing any pleadings in the Recognition Proceeding; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Recognition Proceeding and cause to be filed an appropriate application for authority to retain the services of Stikeman Elliott LLP; and be it further;

**RESOLVED**, that the Corporation is hereby authorized and directed to engage the firm of Jefferies & Co., as financial advisor, investment banker and restructuring advisor, to represent and assist the Corporation in its chapter 11 case and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and

2

immediately upon filing of the Corporation's chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Jefferies & Co.; and be it further;

RESOLVED, that the Corporation is hereby authorized and directed to engage the firm of Carl Marks Advisory Group LLC, as restructuring advisor, to represent and assist the Corporation in its chapter 11 case and the Recognition Proceeding and in carrying out its duties under the Bankruptcy Code and the CCAA, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Corporation's chapter 11 case and the Recognition Proceeding and cause to be filed an appropriate application for authority to retain the services of Carl Marks Advisory Group LLC; and be it further;

RESOLVED, that the Corporation is hereby authorized and directed to engage Epiq Bankruptcy Solutions, LLC, as noticing, balloting and claims agent, to represent and assist the Corporation in its chapter 11 case and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Corporation's chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Epiq Bankruptcy Solutions, LLC; and be it further;

RESOLVED, that the Corporation is hereby authorized and directed to engage any other professionals to assist the Corporation in its chapter 11 case and the Recognition Proceeding and in carrying out its duties under the Bankruptcy Code and the CCAA; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Corporation's chapter 11 case and the Recognition Proceeding and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary in the opinion of such Authorized Officer; and be it further;

RESOLVED, that the Authorized Officers of the Corporation be, and each hereby is, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Corporation's chapter 11 case, with a view to the successful prosecution of such case, and the Recognition Proceeding; and be it further;

RESOLVED, that in connection with the commencement of the Corporation's chapter 11 case, the Authorized Officers of the Corporation be, and each hereby is, authorized and empowered, upon approval of the Bankruptcy Court, to cause the Corporation to enter into and to provide its guaranty and to pledge, mortgage and grant a lien and security interest in its assets for a debtor-in-possession loan facility (the "**DIP Facility**") (including, in connection therewith, such mortgages, deeds of trust, security agreements, pledge agreements, and other documents, agreements or instruments as constitute exhibits or schedules to or are required pursuant to or contemplated by the DIP Facility, each, an "**Additional Document**"), to the extent applicable,

3

primarily for the purposes of funding working capital needs and other capital expenditures for the Corporation's and its affiliates' businesses, on such terms and conditions as approved by the Bankruptcy Court, and to consummate the transactions contemplated thereby (including, without limitation, the Corporation's obligations under the DIP Facility to incur loans and financing obligations) and take such additional action and to execute and deliver the Credit Agreement documenting the DIP Facility (the "**Credit Agreement**") and each other Additional Document to be executed and delivered by or on behalf of the Corporation, in the Corporation's own capacity and in the Corporation's capacity as the direct or indirect general partner, stockholder, beneficial interest holder or member of each of the subsidiaries, pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and be it further;

RESOLVED, that the DIP Facility and any guaranty, mortgage, grant of security interest and lien and pledge associated with the DIP Facility are reasonably expected to be of direct or indirect benefit to the Corporation and its affiliates and are hereby authorized and approved for all purposes and in all respects; and be it further;

RESOLVED, that any Authorized Officer and such other employees of the Corporation as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions to or of the Credit Agreement and Additional Documents and to consummate all transactions contemplated thereby, to the extent the Corporation is party to the DIP Facility, which shall in its sole judgment be necessary, proper or advisable; and be it further;

RESOLVED, that the Authorized Officers of the Corporation be, and each hereby is, authorized, empowered and directed to use in connection with the Corporation's chapter 11 case and the Recognition Proceeding and in accordance with the provisions of the Bankruptcy Code and the CCAA any cash collateral, with or without the consent or support of any counterparties to any agreement related to any such cash collateral; and be it further;

RESOLVED, that the Authorized Officers of the Corporation be, and each hereby is, authorized, empowered and directed to negotiate, execute and deliver agreements with regard to the use of cash collateral in connection with the Corporation's chapter 11 case and the Recognition Proceeding and in accordance with the provisions of the Bankruptcy Code and the CCAA, including agreement(s) that may, among other things, require the Corporation to grant liens and make payments to the Corporation's lender(s) and other secured creditors, and to take such additional action and to execute and deliver each other agreement, instrument or document to be executed and delivered by or on behalf of the Corporation pursuant thereto or in connection therewith and to consummate the transactions contemplated thereby, all with such changes therein and additions thereto that are in accordance with the provisions of the Bankruptcy Code as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and be it further;

4

**RESOLVED**, that the Authorized Officers be, and each hereby is, authorized and empowered on behalf of and in the name of the Corporation to execute such consents of the Corporation as such Authorized Officer considers necessary, proper or desirable to effectuate these resolutions, such determination to be evidenced by such execution or taking of such action; and be it further;

**RESOLVED**, that any Authorized Officer and such other employees of the Corporation as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation to cause the Corporation to negotiate, enter into, execute, deliver, certify, file, and record, and perform such agreements, instruments, assignments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions, as in the judgment of any such officer shall be or become necessary, proper, and desirable to effectuate a successful reorganization of the Corporation's business; and be it further;

**RESOLVED**, that in connection with the commencement of the Corporation's chapter 11 case, the Authorized Officers of the Corporation be, and each hereby is, authorized and empowered, upon approval of the Bankruptcy Court to the extent applicable or required, (i) to cause PRACS Institute, Ltd. to enter into and undertake any and all transactions contemplated in the Sale Support Agreement (together with any ancillary or related governing documents, the "**Sale Support Agreement**") among Freeport Financial LLC, as US First Lien Agent, PRACS Institute, Ltd., as US Borrower, Allied Research Holdings Inc., as Canadian Borrower, and the other signatories thereto, on substantially the terms and subject to the conditions described to the Board of Directors and as set forth in the Sale Support Agreement or as may hereafter be fixed or authorized by the Authorized Officers (in consultation with the Board of Directors); and (ii) to take such additional action and to execute and deliver the Sale Support Agreement to be executed and delivered by or on behalf of the Corporation, in the Corporation's own capacity and in the Corporation's capacity as the direct or indirect general partner, stockholder, beneficial interest holder or member of each of its direct or indirect subsidiaries parties thereto, pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and be it further;

**RESOLVED**, that the Corporation and the Authorized Officers, at the recommendation of the Board of Directors, shall be, and hereby are, authorized and empowered (in consultation with the Board of Directors), upon approval of the Bankruptcy Court to the extent applicable or required: (i) to execute and deliver, and undertake any and all transactions contemplated by, the Asset Purchase Agreement (together with any ancillary or related governing documents, certificates or agreements, the "**Asset Purchase Agreement**") among (a) CRSI Holdings, LLC, 0935867 B.C. LTD. and 0935870 B.C. LTD., as purchasers, and (b) the Corporation, and each of its direct and indirect subsidiaries listed on the signature page to the Asset Purchase Agreement, as sellers, in the Corporation's own capacity and in the Corporation's capacity as the direct or indirect general partner, stockholder, beneficial interest holder or member of each of its direct or indirect subsidiaries party thereto, on substantially the terms and subject to the conditions described at this meeting and as set forth in the Asset Purchase Agreement or as may hereafter be

5

fixed or authorized by the Authorized Officers (in consultation with the Board of Directors); and (ii) take all such further actions (in consultation with the Board of Directors) including, without limitation, to pay all fees and expenses, in accordance with the terms of the Asset Purchase Agreement, including, without limitation, any fees and expenses, all as set forth in the Asset Purchase Agreement, which shall in their sole judgment be necessary, proper, or advisable to perform the Corporation's obligations under or in connection with the Asset Purchase Agreement and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further;

**RESOLVED**, that all acts and actions taken by the Corporation and the Authorized Officers prior to the date hereof with respect to the Sale Support Agreement, Asset Purchase Agreement and the transactions contemplated therein shall be, and hereby are, in all respects confirmed, approved and ratified; and be it further;

**RESOLVED**, that all members of the Board of Directors have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Corporation, or hereby waive any right to have received such notice; and be it further;

**RESOLVED**, that each Authorized Officer, and such other officers of the Corporation as the Authorized Officers shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation to (and any such actions heretofore taken by any of them are hereby ratified, confirmed and approved in all respects): (i) negotiate, execute, deliver and file any and all of the agreements, documents and instruments referenced herein, and all such other agreements, documents and instruments and assignments thereof as may be required or as such officers deem appropriate or advisable and, in each case, to consummate the transactions contemplated thereby, or to cause the negotiation, execution and delivery thereof and the consummation of the transactions contemplated thereby, in the name and on behalf of the Corporation, in such form and substance as such officers may approve, together with such changes and amendments to any of the terms and conditions thereof as such officers may approve, with the execution and delivery thereof on behalf of the Corporation by or at the direction of such officers to constitute evidence of such approval; (ii) negotiate, execute, deliver and file, in the name and on behalf of the Corporation, any and all agreements, documents, certificates, consents, filings and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to consummate all transactions contemplated thereby and take such other actions as may be required or as such officers deem appropriate or advisable in connection therewith; and (iii) do such other things as may be required, or as may in their judgment be appropriate or advisable, to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated thereby; and be it further;

**RESOLVED**, that the Authorized Officers be, and each hereby is, authorized and empowered on behalf of and in the name of the Corporation, in its own capacity and in its capacity as the direct or indirect general partner, stockholder, beneficial interest holder or member of each of its subsidiaries, to execute such consents of the Corporation as such

6

Authorized Officer considers necessary, proper or desirable to effectuate these resolutions, such determination to be evidenced by such execution or taking of such action; and be it further;

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer or member of the Board of Directors in the name and on behalf of the Corporation, in the Corporation's own capacity and in Corporation's capacity as the direct or indirect general partner, stockholder, beneficial interest holder or member of each of its subsidiaries, in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved.

7

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

-------------------------------------------------------------- x
                                                               :
*In re:*                                                       :    **Chapter 11**
                                                               :
**CONTRACT RESEARCH**                                          :    **Case No. 12-_____  (____)**
**SOLUTIONS, INC.,** *et al.,*                                 :
                                                               :
            **Debtors.¹**                                      :    **Joint Administration Requested**
                                                               :
-------------------------------------------------------------- x

## CONSOLIDATED LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

The following is a list of creditors holding the 30 largest unsecured claims against Contract

Research Solutions, Inc. and certain affiliated entities, as the above-captioned debtors and debtors in

possession, that have contemporaneously commenced chapter 11 cases in this Court (collectively,

"Cetero"). This list has been prepared on a consolidated basis from the unaudited books and records of

Cetero, as of March 25, 2012. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing

in Cetero's chapter 11 cases. This list does not include (a) persons who come within the definition of

"insider" set forth in 11 U.S.C. § 101(31) or (b) parties holding secured claims. The information herein

shall not constitute an admission of liability by, nor is it binding on, any Cetero entity with respect to all

or any portion of the claims listed below. Moreover, nothing herein shall affect any Cetero entity's right

to challenge the amount or characterization of any claim at a later date.

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification
       number, as applicable, are: Contract Research Solutions, Inc. (3750); Allied Research Holdings Inc. (not
       applicable); Allied Research International Inc. (Ontario) (not applicable); Allied Research International,
       Inc. (Florida) (6246); Allied Research International India, LLC (not applicable); Allied Research
       International U.S., LLC (not applicable); BA Research Co. (not applicable); BA Research International
       Holdings, LLC (not applicable); BA Research International, L.P. (0418); BARI Management, LLC (not
       applicable); BARI Merger Sub, LLC (not applicable); BARI Partners, G.P. (0418); Bioassay Research Co.
       (5944); CRS Management, Inc. (2856); CRS Real Estate Holdings LLC (not applicable); Diabetes and
       Glandular Disease Research Associates, Inc. (1817); Gateway Medical Research, Inc. (0344); PRACS
       Dermatology, LLC (not applicable); PRACS Institute, Ltd. (7073); Specialty Research, Inc. (5373).
       Cetero's corporate headquarters is located at 2000 Regency Parkway, Suite 255, Cary, North Carolina
       27518.

01: 11882222.1

| Rank | Name of Creditor | Name, Telephone Number and Complete Mailing Address Including Zip Code of Employee, Agent, or Department of Creditor Familiar with Claim Who May be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 1 | MacKinnon Calderwood Advertising | Attn:  President, Officer or Managing Agent<br>1555 Dundas Street West<br>Mississauga, ON  L5C 1E3<br>Canada<br>Phone: 905-270-0505<br>Fax: 905-804-1623 | Trade Debt | | $154,405 |
| 2 | South Texas Radiology Imaging Centers | Attn:  President, Officer or Managing Agent<br>8109 Fredericksburg Road<br>San Antonio, TX  78229<br>Phone: 210-617-9300<br>Fax: 210-617-9900 | Trade Debt | | $141,582 |
| 3 | Cytoquest Corp. | Attn:  President, Officer or Managing Agent<br>Toronto General Hospital<br>200 Elizabeth Street<br>Toronto, ON  M5G 2C4<br>Canada<br>Phone: 416-994-8164 | Trade Debt | | $121,435 |
| 4 | Sterling Development Group Three, LLC | Attn:  President, Officer or Managing Agent<br>505 North Broadway, Suite 201<br>Fargo, ND  58102<br>Phone: 218-773-5800 | Trade Debt | | $89,800 |
| 5 | Quest Diagnostics | Attn:  President, Officer or Managing Agent<br>3 Giralda Farms<br>Madison, NJ  07940<br>Phone: 800-366-7577/800-222-0446 | Trade Debt | | $86,375 |
| 6 | Siemens Healthcare Diagnostics Inc. | Attn:  President, Officer or Managing Agent<br>511 Benedict Avenue<br>Tarrytown, NY  10591<br>Phone: 914-524-3837/800-477-2684<br>Fax: 914-524-3978 | Trade Debt | | $38,393 |
| 7 | Greer Laboratories | Attn:  President, Officer or Managing Agent<br>639 Nuway Circle<br>Lenoir, NC  28645-0800<br>Phone: 800-378-3906<br>Fax: 800-419-7302 | Trade Debt | | $38,212 |

| Rank | Name of Creditor | Name, Telephone Number and Complete Mailing Address Including Zip Code of Employee, Agent, or Department of Creditor Familiar with Claim Who May be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 8 | Cass County Electric Cooperative | Attn:  President, Officer or Managing Agent<br>604 Central Avenue North East<br>East Grand Forks, MN  56721<br>Phone:  701-356-4400<br>Fax:  701-356-4500 | Trade Debt | | $34,092 |
| 9 | Fisher Scientific | Attn:  President, Officer or Managing Agent<br>300 Industry Drive<br>Pittsburgh, PA  15275<br>Phone:  800-766-7000<br>Fax:  800-926-1166<br><br>Attn:  President, Officer or Managing Agent<br>81 Wyman Street<br>Waltham, MA  02454<br>Phone:  781-622-1000<br>Fax:  781-622-1207 | Trade Debt | | $32,760 |
| 10 | McKesson Medical Surgical Inc. | Attn:  President, Officer or Managing Agent<br>8741 Landmark Road<br>Richmond, VA  23228<br>Phone:  800-477-2684/804-264-7500<br>Fax:  804-264-7679 | Trade Debt | | $31,394 |
| 11 | The Regents of the University of California | University of California, Irvine<br>Attn:  Sharon B Wigal, PhD<br>19722 MacArthur Blvd.<br>Mail Code:  4480<br>Irvine, CA  92612<br>Phone:  949-824-1833<br>Fax:  949-824-1811 | Trade Debt | | $28,250 |
| 12 | U.S. Department of the Treasury | Attn:   Secretary of the Treasury<br>Unemployment Tax Division<br>1500 Pennsylvania Avenue<br>Washington, D.C. 20220<br>Phone:  202-622-2000<br>Fax:  202-622-0073 | Unemployment Taxes | | $26,289 |

3

| Rank | Name of Creditor | Name, Telephone Number and Complete Mailing Address Including Zip Code of Employee, Agent, or Department of Creditor Familiar with Claim Who May be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 13 | North Dakota Tax Commissioner | Attn: Office of State Tax Commissioner, Cory Fong Bankruptcy Division 600 E. Boulevard Ave Bismarck, ND 58506-5507 Phone: 701-328-7088 Fax: 701-328-3700 | Withholding Taxes | | $25,965 |
| 14 | VWR International | Attn: President, Officer or Managing Agent P.O. Box 1137 Commerce Court Postal Station Toronto, ON  M5L 1K1 Canada Phone: 905-813-7377/800-932-5000 Fax: 800-668-6348 | Trade Debt | | $25,681 |
| 15 | Texas Workforce Commission | Attn: Bankruptcy Section 101 E. 15th Street, Suite 514 Austin, TX  78778-0001 Phone: 512-463-2731 Fax: 512-463-9111 | Unemployment Taxes | | $24,655 |
| 16 | Beckman Coulter, Inc. | Attn: President, Officer or Managing Agent 250 South Kraemer Boulevard Brea, CA 92821-6232 Phone: 714-773-6715/800-526-3821 Fax: 800-232-3828 | Trade Debt | | $21,299 |
| 17 | Eide Bailly LLP | Attn: President, Officer or Managing Agent 4310 17th Ave. S. Fargo, ND 58103 Phone: 701-239-8500 Fax: 701-239-8600 | Trade Debt | | $20,800 |
| 18 | Missouri Dept. of Revenue | Attn: Bankruptcy Unit General Counsel's Office 301 W. High Street, Room 670 P.O. Box 475 Jefferson City, MO 65105-0475 Phone: 573-751-5531 Fax: 573-751-7232 | Unemployment Taxes | | $19,831 |

| Rank | Name of Creditor | Name, Telephone Number and Complete Mailing Address Including Zip Code of Employee, Agent, or Department of Creditor Familiar with Claim Who May be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 19 | Priority Sales Recruiting Inc. | Attn: President, Officer or Managing Agent P.O. Box 1158 Fort Lauderdale, FL 33302 Phone: 877-240-1362 Fax: 954-237-3335 | Trade Debt | | $18,000 |
| 20 | Phenomenex | Attn: President, Officer or Managing Agent 411 Madrid Avenue Torrance, CA 90501-1430 Phone: 310-212-0555 Fax: 310-328-7766 | Trade Debt | | $17,977 |
| 21 | World Courier | Attn: President, Officer or Managing Agent 1313 Fourth Avenue New Hyde Park, NY 11040 Phone: 516-354-2600 Fax: 516-354-2637 | Trade Debt | | $17,354 |
| 22 | Job Service North Dakota | Attn: President, Officer or Managing Agent Unemployment Tax Division P.O. Box 5507 Bismark, ND 58506-5507 Phone: 701-328-2814/701-328-2825 Fax: 701-328-1882/701-328-4000 | Unemployment Taxes | | $16,762 |
| 23 | Rose Scientific Ltd. | Attn: President, Officer or Managing Agent 4701B Interstate Drive Cincinnati, OH 45246 Phone: 780-438-5110 Fax: 780-462-5776 | Trade Debt | | $15,992 |
| 24 | Bass Building Maintenance Ltd. | Attn: President, Officer or Managing Agent 1233 Aerowood Drive Mississauga, ON L4W 1B9 Canada Phone: 905-629-2200 Ext. 77 Fax: 905-629-8237 | Trade Debt | | $15,122 |

| Rank | Name of Creditor | Name, Telephone Number and Complete Mailing Address Including Zip Code of Employee, Agent, or Department of Creditor Familiar with Claim Who May be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 25 | Reliant Energy HL&P | Attn: President, Officer of Managing Agent 1201 Fannin Street Houston, TX 77002 Phone: 972-831-7378 Fax: 972-831-7399 | Trade Debt | | $14,812 |
| 26 | BCBS | Attn: President, Officer or Managing Agent 4510 13th Avenue South Fargo, ND 58121-0001 Phone: 800-342-4718/701-282-1100 Fax: 701-282-1866 | Trade Debt | | $14,000 |
| 27 | Emergency Responder, Inc. | Attn: President, Officer or Managing Agent 9 Cranston Drive Caledon East, ON L7C 1P8 Canada Phone: 905-584-6600, Ext 12 | Trade Debt | | $13,112 |
| 28 | Treasurer, City of Toronto | Attn: President, Officer or Managing Agent Box 5000 Toronto, ON M2N 5V1 Canada Phone: 416-392-8773 Fax: 416-397-5236 | Property Taxes | | $12,841 |
| 29 | Cardinal Health | Attn: President, Officer or Managing Agent Medical Products and Services 7000 Cardinal Place Dublin, OH 43017 Phone: 614-757-5000 Fax: 614-757-6000 | Trade Debt | | $11,925 |
| 30 | Classical 96.3 FM | Attn: President, Officer or Managing Agent 550 Queen Street, Suite 205 Toronto, ON M5A 1V2 Canada Phone: 416-367-5353 Fax: 416-367-1742 | Trade Debt | | $10,531 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------x
                                          :
*In re:*                                   :    **Chapter 11**
                                          :
**CONTRACT RESEARCH**                      :    **Case No. 12-_____ (____)**
**SOLUTIONS, INC.,** *et al.*,             :
                                          :
            **Debtors.**[1]                :    **Joint Administration Requested**
                                          :
------------------------------------------------------------x

**DECLARATION REGARDING CONSOLIDATED LIST OF CREDITORS HOLDING
30 LARGEST UNSECURED CLAIMS**

I, the undersigned authorized officer of Contract Research Solutions, Inc., named as the

debtor in this case, declare under penalty of perjury that I have reviewed the Consolidated List of

Creditors Holdings 30 Largest Unsecured Claims, submitted herewith, and that it is true and

correct to the best of my information and belief.

Dated: March 26, 2012
       Cary, North Carolina

                                        Contract Research Solutions, Inc.

                            By:    /s/ Michael T. Murren
                                   _____
                                   Name:  Michael T. Murren
                                   Title:   Chief Financial Officer

---

[1]     The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are:  Contract Research Solutions, Inc. (3750); Allied Research Holdings, Inc. (not applicable); Allied Research International Inc. (Ontario) (not applicable); Allied Research International, Inc. (Florida) (6246); Allied Research International India, LLC (not applicable); Allied Research International U.S., LLC (not applicable); BA Research Co. (not applicable); BA Research International Holdings, LLC (not applicable); BA Research International, L.P. (0418); BARI Management, LLC (not applicable); BARI Merger Sub, LLC (not applicable); BARI Partners, G.P. (0418); Bioassay Research Co. (5944); CRS Management, Inc. (2856); CRS Real Estate Holdings LLC (not applicable); Diabetes and Glandular Disease Research Associates, Inc. (1817); Gateway Medical Research, Inc. (0344); PRACS Dermatology, LLC (not applicable); PRACS Institute, Ltd. (7073); Specialty Research, Inc. (5373). Cetero's corporate headquarters is located at 2000 Regency Parkway, Suite 255, Cary, North Carolina 27518.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

------------------------------------------------------------x
                                    :
*In re:*                            :    **Chapter 11**
                                    :
**CONTRACT RESEARCH**               :    **Case No. 12-_____  (___)**
**SOLUTIONS, INC.,**                :
                                    :
         **Debtor.**                :    **Joint Administration Requested**
                                    :
------------------------------------------------------------x

### LIST OF EQUITY SECURITY HOLDERS

The following lists the equity security holders for Contract Research Solutions, Inc.,

named as the debtor in this case, as of the date hereof.  This list is being filed pursuant to Rule

1007(a)(3) of the Federal Rules of Bankruptcy Procedure.

| Equity Security Holder | Address | Number & Kind of Interest |
|---|---|---|
| KRG Co-Investment, LLC | 1800 Larimer Street Suite 2200 Denver, Colorado 80202 | 18,232 shares of Common Stock (Voting) |
| KRG Fund III, LP | 1800 Larimer Street Suite 2200 Denver, Colorado 80202 | 773,866 shares of Common Stock (Voting) |
| KRG Capital Fund III (FF), LP | 1800 Larimer Street Suite 2200 Denver, Colorado 80202 | 13,009 shares of Common Stock (Voting) |
| KRG Capital Fund III (PA), LP | 1800 Larimer Street Suite 2200 Denver, Colorado 80202 | 124,628 shares of Common Stock (Voting) |
| WBG Partners III, LLC | C/O  Mr. Ronald Weinberg Jr. 2659 Center Road Hinckley, Ohio 44233 | 118,140 shares of Common Stock (Voting) |
| Weinberg Capital Group LLC | C/O  Mr. Ronald Weinberg Jr. 2659 Center Road Hinckley, Ohio 44233 | 15,985 shares of Common Stock (Voting) 28,000 shares of Common Stock (Non-Voting) |

| | | |
|---|---|---|
| CMS/KRG Capital Fund III, LP | 1800 Larimer Street Suite 2200 Denver, Colorado 80202 | 72,700 shares of Common Stock (Voting) |
| Freeport Loan Fund, LLC | 500 West Madison Street Suite 1710 Chicago, Illinois 60661 | 31,806 shares of Common Stock (Voting) |
| Freeport Offshore Loan Fund, LLC | 500 West Madison Street Suite 1710 Chicago, Illinois 60661 | 9,997 shares of Common Stock (Voting) |
| Dr. James D. Carlson | C/O JDC Management LLC 5012 53rd Street South Suite H Fargo, North Dakota 58104 | 294,434 shares of Common Stock (Voting) |
| McHugh Investments LLC | McHugh Investments LLC C/O Contract Research Solutions, Inc. 2000 Regency Parkway, Suite 255 Cary, North Carolina 27518 | 810 shares of Common Stock (Voting) |
| Daniel R. Shipley Trust | Daniel R. Shipley 20058 Joerling Lane Marthasville, Missouri 63357 | 57,850 shares of Common Stock (Voting) |
| Paul Likhari | 4450 Palm Royale Boulevard Sugarland, Texas 77479-2501 | 72,480 shares of Common Stock (Voting) |
| Fiore Talarico | Fiore Talarico 6710 Auden Street Houston, Texas 77005 | 46,710 shares of Common Stock (Voting) |
| Summit Ventures VI-A, L.P. | 222 Berkeley Street 18th Floor Boston, Massachusetts 02216 | 476,376 shares of Common Stock (Voting) |
| Summit Ventures VI-B, L.P. | 222 Berkeley Street 18th Floor Boston, Massachusetts 02216 | 198,666 shares of Common Stock (Voting) |
| Summit Subordinated Debt Fund III-A, L.P. | 222 Berkeley Street 18th Floor Boston, Massachusetts 02216 | 41,897 shares of Common Stock (Voting) |
| Summit Subordinated Debt Fund III-B, L.P. | 222 Berkeley Street 18th Floor Boston, Massachusetts 02216 | 21,824 shares of Common Stock (Voting) |
| Summit VI Entrepreneurs Fund, L.P. | 222 Berkeley Street 18th Floor Boston, Massachusetts 02216 | 15,211 shares of Common Stock (Voting) |
| Summit VI Advisors Fund, L.P. | 222 Berkeley Street 18th Floor Boston, Massachusetts 02216 | 9,907 shares of Common Stock (Voting) |
| Summit Investors VI, L.P. | 222 Berkeley Street | 3,171 shares of Common |

|  | 18th Floor<br>Boston, Massachusetts 02216 | Stock (Voting) |
|---|---|---|
| Robert Turner | 8306 Ephraim Road<br>Austin, Texas 78717 | 25,770 shares of Common Stock (Voting)<br><br>2,813 shares of Common Stock (Non-Voting) |
| Allen Berryman | 21503 Ganton Drive<br>Katy, Texas 77450 | 1,755 shares of Common Stock (Non-Voting) |
| Jim Hulse | 1139 Whitmor Drive<br>Weldon Spring, Missouri 63304 | 1,598 shares of Common Stock (Non-Voting) |
| Manmeet Likhari | 4450 Palm Royale Boulevard<br>Sugarland, Texas 77479 | 2,813 shares of Common Stock (Non-Voting) |
| Chinna Pamidi | 1612 Burns Street East<br>Whitby, Ontario L1N 9E2<br>Canada | 1,687 shares of Common Stock (Non-Voting) |
| Piyush Patel | 1385 Blythe Road<br>Mississauga, Ontario<br>Canada L5H 2C2 | 233,314 shares of Common Stock (Non-Voting) |
| Paul Benninger | 1025 Ceremonial Drive<br>Mississauga, Ontario L5R 2Z8<br>Canada | 25,924 shares of Common Stock (Non-Voting) |
| Sherwyn L. Schwartz | 11738 Elms Court<br>San Antonio, Texas 78230 | 16,320 shares of Common Stock (Non-Voting) |
| Jerome S. Fischer | 311 Pagoda Oak<br>San Antonio, Texas 78230 | 5,490 shares of Common Stock (Non-Voting) |
| Mark S. Kipnes | 107 Post Oak Way<br>San Antonio, Texas 78230 | 7,863 shares of Common Stock (Non-Voting) |
| WBG Partners IV (DGD), LLC | C/O  Mr. Ronald Weinberg Jr.<br>2659 Center Road<br>Hinckley, Ohio 44233 | 2,963 shares of Common Stock (Non-Voting) |

Dated:  March 26, 2012
        Cary, North Carolina

Contract Research Solutions, Inc.

By:    /s/ Michael T. Murren
        Name:  Michael T. Murren
        Title:   Chief Financial Officer

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
                                       :
In re:                                 :    Chapter 11
                                       :
CONTRACT RESEARCH                      :    Case No. 12-_____  (____)
SOLUTIONS, INC.,                       :
                                       :
              Debtor.                  :    Joint Administration Requested
                                       :
-----------------------------------------------------------x
```

## DECLARATION CONCERNING LIST OF EQUITY SECURITY HOLDERS

I, the undersigned authorized officer of Contract Research Solutions, Inc., named as the debtor in this case, declare under penalty of perjury that I have reviewed the List of Equity Security Holders of Contract Research Solutions, Inc., submitted herewith, and that it is true and correct to the best of my information and belief.

Dated:  March 26, 2012
        Cary, North Carolina

                              Contract Research Solutions, Inc.


                    By:      /s/ Michael T. Murren
                          _____
                             Name: Michael T. Murren
                             Title:  Chief Financial Officer

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------x
                                           :
*In re:*                                   :    **Chapter 11**
                                           :
**CONTRACT RESEARCH**                      :    **Case No. 12-_____ (___)**
**SOLUTIONS, INC.,** *et al.,*             :
                                           :
            **Debtors.**[1]                :    **Joint Administration Requested**
                                           :
------------------------------------------------------------x

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO RULE 1007(a)(1) OF
FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Attached hereto is an organizational chart reflecting all of the above-captioned debtors',

as debtors and debtors in possession (collectively, "Cetero"), ownership interests in each Cetero

entity, and ownership interests in non-debtor Cetero affiliates and subsidiaries incorporated or

otherwise domiciled in the United States. The business address of Cetero is 2000 Regency

Parkway, Suite 255, Cary, North Carolina, 27518.

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification
number, as applicable, are: Contract Research Solutions, Inc. (3750); Allied Research Holdings Inc. (not
applicable); Allied Research International Inc. (Ontario) (not applicable); Allied Research International,
Inc. (Florida) (6246); Allied Research International India, LLC (not applicable); Allied Research
International U.S., LLC (not applicable); BA Research Co. (not applicable); BA Research International
Holdings, LLC (not applicable); BA Research International, L.P. (0418); BARI Management, LLC (not
applicable); BARI Merger Sub, LLC (not applicable); BARI Partners, G.P. (0418); Bioassay Research Co.
(5944); CRS Management, Inc. (2856); CRS Real Estate Holdings LLC (not applicable); Diabetes and
Glandular Disease Research Associates, Inc. (1817); Gateway Medical Research, Inc. (0344); PRACS
Dermatology, LLC (not applicable); PRACS Institute, Ltd. (7073); Specialty Research, Inc. (5373).
Cetero's corporate headquarters is located at 2000 Regency Parkway, Suite 255, Cary, North Carolina
27518.

CETERO ORGANIZATIONAL CHART

# Corporate and Capital Structure Chart



Key:
- Each entity is owned 100% by its parent, unless indicated otherwise

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

-------------------------------------------------------------x
                           :

*In re:*                       :   **Chapter 11**

**CONTRACT RESEARCH**   :   **Case No. 12-_____  (____)**
**SOLUTIONS, INC.,** *et al.,*   :

                           :   **Joint Administration Requested**
           **Debtors.**[1]       :
                           :
-------------------------------------------------------------x

### DECLARATION CONCERNING CORPORATE OWNERSHIP STATEMENT

I, the undersigned authorized officer of Contract Research Solutions, Inc., named as a debtor in this case, declare under penalty of perjury that I have reviewed the Corporate Ownership Statement of Contract Research Solutions, Inc. submitted herewith and that it is true and correct to the best of my information and belief.

Dated:  March 26, 2012
       Cary, North Carolina

                        Contract Research Solutions, Inc.

                        By:

                        /s/ Michael T. Murren
                        Name: Michael T. Murren
                        Title:   Chief Financial Officer

---

[1]  The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: Contract Research Solutions, Inc. (3750); Allied Research Holdings Inc. (not applicable); Allied Research International Inc. (Ontario) (not applicable); Allied Research International, Inc. (Florida) (6246); Allied Research International India, LLC (not applicable); Allied Research International U.S., LLC (not applicable); BA Research Co. (not applicable); BA Research International Holdings, LLC (not applicable); BA Research International, L.P. (0418); BARI Management, LLC (not applicable); BARI Merger Sub, LLC (not applicable); BARI Partners, G.P. (0418); Bioassay Research Co. (5944); CRS Management, Inc. (2856); CRS Real Estate Holdings LLC (not applicable); Diabetes and Glandular Disease Research Associates, Inc. (1817); Gateway Medical Research, Inc. (0344); PRACS Dermatology, LLC (not applicable); PRACS Institute, Ltd. (7073); Specialty Research, Inc. (5373).  Cetero's corporate headquarters is located at 2000 Regency Parkway, Suite 255, Cary, North Carolina 27518.