UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | Chapter 11 |
| CONTRACT RESEARCH SOLUTIONS, INC., et al., | Case No. 12-11004 (KJC) Jointly Administered |
| Debtors. | **Hearing Date:  May 17, 2012 at 10:00 a.m.** **Objections Due:  May 10, 2012** |

### McKESSON MEDICAL-SURGICAL INC.'S MOTION FOR ALLOWANCE AND PAYMENT OF ITS ADMINISTRATIVE EXPENSE PRIORITY CLAIM PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE; DECLARATION OF LONNIE MAY IN SUPPORT THEREOF

MCKESSON MEDICAL-SURGICAL INC. (**"McKesson"**), by and through its counsel, Ferry, Joseph & Pearce, P.A., hereby moves for an order allowing its administrative expense priority claim and compelling Gateway Medical Research (the "Debtor"), PRACS Institute LTD and Allied Research to pay McKesson's administrative expense priority claim pursuant to 11 U.S.C. §§ 503(b)(9), 507(a)(2), and 503(a).   In support thereof, McKesson respectfully states as follows:

### I.  JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 11 U.S.C. §§ 1408 and 1409(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), in which this Court has the authority to enter final and dispositive orders and judgments.  The Court possesses the requisite authority to grant the relief requested herein pursuant to 11 U.S.C. §§ 503(b)(9), 507(a)(2) and 503(a).

2.      On March 26, 2012,  the "Petition Date"), the Debtors filed  voluntary petitions seeking relief under Chapter 11 of Title 11 of the United States

Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").  Since the Petition Date, the

Debtors have continued in the possession of their assets and have managed their

business as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy

Code. On March 27, 2012, this Court signed an order for Joint Administration. Therefore

this Motion is filed in accordance with said Court Order

3.     The Debtors are  leading providers of wound care management solution

with nearly 400 employees.

4.     During the twenty (20) day period preceding the Petition Date, McKesson

supplied goods (the "Goods") to PRACS Institute totaling $ 7854.03, to Allied Research

totaling $ 1829.31 and to Gateway Medical Research totaling $ 9545.74 for which

payment remains due and owing.  The goods were received by the Debtors within the

twenty (20) days preceding the Petition Date.

5.     McKesson supplied the Goods to the Debtors in the ordinary course of

McKesson's business.

6.     Upon information and belief, the Debtors were insolvent when they

received the Goods.

7.     Attached hereto as Exhibit "A" and incorporated herein by reference for all

intents and purposes are the Declarations of Lonnie May in Support of the Motion.

## II.  BASIS FOR RELIEF

### A.     McKesson is Entitled to an Administrative Priority Claim Pursuant to § 503(b)(9) of the Bankruptcy Code.

8.     Section 503(a) of the Bankruptcy Code provides, *inter alia,* that any entity

may timely file a request for payment of an administrative expense.

9.     Section 503(b)(9) of the Bankruptcy Code provides as follows:

> After notice and hearing, there shall be allowed, administrative expenses… including the value of any goods received by the debtor within 20 days before the commencement of the case under [the Bankruptcy Code] in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

10.    In the instant case, the Debtors received the Goods from McKesson within the twenty (20) days preceding the Petition Date.  Attached as Exhibit "B" are true and correct copies of the invoices supporting this Motion.  Further, the Goods were sold to the Debtors in the ordinary course of the Debtors' business.  The Debtors regularly purchased goods from McKesson for use in their business.

11.    Pursuant to § 503(b)((9) of the Bankruptcy Code, McKesson is entitled to an administrative expense priority claim for the value of the Goods (the "Administrative Expense Claim"), in the amount of $9,545.74 from Gateway Medical Research, $7,854.03 from PRACS Institute and $1,829.31 from Allied Research

**WHEREFORE**, McKesson respectfully requests that the Court enter an Order allowing and compelling payment of McKesson's Administrative Expense Claim in the amounts set forth in paragraph 11 above pursuant to §§ 503(b)(9), 507(a)(2), and 503(a) of the Bankruptcy Code, together with such other relief as the Court deems just and proper.

Dated:  April 13, 2012.                    FERRY, JOSEPH & PEARCE, P.A.

/s/Jason Powell_____ __
Jason Powell (#3768)
824 Market Street
P. O. Box 1351
Wilmington, Delaware 19899
Tel: (302) 575-1555

*-and-*

Neil J. Orleans
Goins Underkofler Crawford & Langdon, LLP
1201 Elm Street, Suite 4800
Dallas, Texas  75270
Tel: (214) 969-5454

Co-counsel for McKesson Medical-
Surgical Inc.