## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
-------------------------------------------------------------x
                                        :
In re:                                  :
                                        :   Chapter 11
CONTRACT RESEARCH                       :
SOLUTIONS, INC., et al.,                :   Case No. 12-11004 (KJC)
                                        :
          Debtors.¹                     :   Jointly Administered
                                        :
-------------------------------------------------------------x
```

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGIES, AND DISCLAIMERS REGARDING CETERO'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by Contract Research Solutions, Inc. and its affiliated debtors as debtors in possession (collectively, "Cetero") were prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure, by management of Cetero, with the assistance of Cetero's advisors, and are unaudited.

These "Global Notes and Statement of Limitations, Methodologies, and Disclaimers Regarding Cetero's Schedules of Assets and Liabilities and Statements of Financial Affairs" (collectively, the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

While Cetero's management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as practicable under the circumstances, based on information that was available to it at the time of preparation, subsequent information

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are:  Contract Research Solutions, Inc. (3750); Allied Research Holdings Inc. (not applicable); Allied Research International Inc. (Ontario) (not applicable); Allied Research International, Inc. (Florida) (6246); Allied Research International India, LLC (not applicable); Allied Research International U.S., LLC (not applicable); BA Research Co. (not applicable); BA Research International Holdings, LLC (not applicable); BA Research International, L.P. (0418); BARI Management, LLC (not applicable); BARI Merger Sub, LLC (not applicable); BARI Partners, G.P. (0418); Bioassay Research Co. (5944); CRS Management, Inc. (2856); CRS Real Estate Holdings LLC (not applicable); Diabetes and Glandular Disease Research Associates, Inc. (1817); Gateway Medical Research, Inc. (0344); PRACS Dermatology, LLC (not applicable); PRACS Institute, Ltd. (7073); Specialty Research, Inc. (5373). Cetero's corporate headquarters is located at 2000 Regency Parkway, Suite 255, Cary, North Carolina 27518.

or discovery may result in material changes to the Schedules and Statements, and inadvertent errors, inaccuracies, or omissions may have occurred. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete.

   The Schedules and Statements have been signed by Michael T. Murren, Chief Financial Officer of Contract Research Solutions, Inc. In reviewing and signing the Schedules and Statements, Mr. Murren necessarily relied upon the efforts, statements, and representations of Cetero's personnel and advisors. Mr. Murren has not (and could not have) personally verified the accuracy of each such statement and representation, including, without limitation, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

   These Global Notes are in addition to any specific notes contained in the Schedules and Statements. The fact that Cetero has prepared Global Notes or specific notes with respect to any information in the Schedules and Statements and not to other information in the Schedules and Statements should not be interpreted as a decision by Cetero to exclude the applicability of such Global Notes or specific notes to any information in the Schedules and Statements.

   Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

   **1.**  **Description of the Chapter 11 Cases and "As Of" Information Date**. On March 26, 2012 (the "Petition Date"), Cetero filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Cetero's chapter 11 cases (the "Chapter 11 Cases") have been consolidated for the procedural purpose of joint administration under In re Contract Research Solutions, Inc., et al Case No. 12-11004 (Bankr. D. Del.). Cetero continues to operate its business and manage its properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The information provided in the Schedules and Statements about assets and liabilities, except as otherwise noted, represents information as of the Petition Date. Certain assets, such as investments in subsidiaries and other intangible assets, are listed at unknown amounts because the net book values may differ materially from fair market values. Amounts ultimately realized may vary from net book value (or other value listed) and such variance may be material. Accordingly, Cetero reserves all of its rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

   **2.**  **General Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors, inaccuracies, and omissions may exist. Cetero reserves all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to

claim ("Claim") description, designation, or the Cetero entity against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, priority, status, classification or otherwise; subsequently designate any Claim as "disputed," "contingent," or "unliquidated"; or object to the extent, validity, enforceability, priority, or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by Cetero that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Cetero entity against which the Claim is listed or any other Cetero entity.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Chapter 11 Cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other applicable laws to recover assets or avoid transfers.  In addition, although Cetero may have scheduled claims of various creditors as secured claims, except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court that is or becomes final, Cetero reserves all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

        **3.**       **Basis of Presentation**.  For financial reporting purposes, prior to the Petition Date, Cetero prepared financial statements on a consolidated basis that were audited annually through the year ended December 31, 2010.  No audit has been conducted of the financial statements for the year ended December 31, 2011.  Combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP").  Therefore, the Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to reconcile fully with the consolidated financial statements prepared by Cetero.  Unlike the consolidated financial statements, the Schedules and Statements reflect the assets and liabilities of each separate Cetero entity, except where otherwise indicated.  Information contained in the Schedules and Statements has been derived from Cetero's books and records and historical financial statements.  Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that Cetero shows more assets than liabilities, this is not an admission that the Cetero was solvent as of the Petition Date or at any time prior to the Petition Date.  Likewise, to the extent Cetero shows more liabilities than assets, this is not an admission that Cetero was insolvent as of the Petition Date or any time prior to the Petition Date.

        **4.**       **Comprehensive Enterprise**.  Cetero's financial affairs are complex, and it operates its business as a comprehensive enterprise.  Before the Petition Date, Cetero maintained a centralized cash management and disbursement system in the ordinary course of its business (the "Cash Management System").  Disbursements under the Cash Management System are controlled primarily by personnel located at Cetero's headquarters.  As a result, certain payments in the Schedules and Statements may have been made prepetition by one legal entity

on behalf of another legal entity through the operation of the Cash Management System or otherwise as a result of Cetero's operations. Further, due to the nature of Cetero's operations, certain Claims set forth in one legal entity's Schedules and Statements may more appropriately be an obligation of another Cetero entity. Although efforts have been made to set forth payable amounts and Claims on the Schedules and Statements of the correct Cetero entity, Cetero reserves the right to modify or amend the Schedules and Statements to attribute open payable amounts and Claims to a different Cetero entity, if necessary or appropriate.

     **5.**    **Confidential or Sensitive Information**. There may be instances in which certain information in the Schedules and Statements has been redacted due to the nature of an agreement between Cetero and a third-party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. Cetero has made reasonable efforts to ensure that the alterations or redactions will be limited to only what is necessary or appropriate to protect Cetero or third-parties and to provide interested parties with sufficient information to discern the nature of the listing.

     **6.**    **Claims and Causes of Action**. Despite their reasonable efforts to identify all known assets, Cetero may not have listed all of its claims, potential claims, causes of action, or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other applicable laws to recover assets or avoid transfers. Cetero reserves all of its rights with respect to any claim, cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, whether known or unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") Cetero may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

     **7.**    **Recharacterization**. Cetero has made reasonable efforts to characterize, classify, categorize, and designate correctly the Claims, assets, liabilities, executory contracts, unexpired leases, interests, and other information listed in the Schedules and Statements. However, due to the complexity and size of Cetero's business, Cetero may have improperly characterized, classified, categorized, or designated certain information. Cetero thus reserves all of its rights to recharacterize, reclassify, recategorize, or redesignate information listed in the Schedules and Statements as necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases identified herein were executory or unexpired as of the Petition Date or remain executory or unexpired postpetition, and whether a lease should be recharacterized as a financing and not a true lease.

     **8.**    **Court Orders**. Pursuant to certain orders of the Bankruptcy Court entered in the Chapter 11 Cases on or about March 27, 2012 and April 24, 2012 (the "First Day

<u>Orders</u>"), Cetero was authorized, but not directed, to pay or otherwise satisfy, among other amounts, certain prepetition Claims of employees, suppliers, and taxing authorities. Accordingly, these liabilities may have been or may be satisfied in accordance with such First Day Orders and, therefore, generally are not listed in the Schedules and Statements. Regardless of whether such Claims are listed in the Schedules and Statements, to the extent such Claims are paid pursuant to an order of the Bankruptcy Court, including, without limitation, the First Day Orders, Cetero reserves all rights to amend or supplement the Schedules and Statements as is necessary or appropriate.

9.     **Liabilities**. Cetero has sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. Cetero reserves the right to amend or supplement the Schedules and Statements as they deem necessary or appropriate in this regard.

10.     **Excluded Assets and Liabilities**. Cetero has excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, goodwill, accrued salaries, employee benefit accruals, accrued accounts payable, and deferred gains. In addition, certain immaterial assets and liabilities may have been excluded.

11.     **Leases**. Cetero has not included in the Schedules and Statements the future obligations of any capital leases or operating leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule F of the Schedules.

12.     **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Accordingly, Cetero reserves all of its rights with respect to the legal status of any and all intellectual property rights.

13.     **Property and Equipment**. Unless otherwise indicated, owned property (including, without limitation, real property) and equipment are stated at net book value. Cetero may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement), and Cetero reserves all of its rights with respect thereto.

14.     **Estimates**. To prepare and file the Schedules in accordance with the deadline established in the Chapter 11 Cases, Cetero was required to make certain estimates and

assumptions that affected the reported amounts of assets and liabilities. Cetero reserves all rights to amend or supplement the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

      **15.**    **Classifications.** (i) Listing a claim on Schedule D as "secured," (ii) listing a claim on Schedule E as "priority," (iii) listing a claim on Schedule F as "unsecured," or (iv) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by Cetero of the legal rights of any entity, or a waiver of Cetero's right to recharacterize or reclassify such claim, contract or lease.

Although a Cetero entity may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of Cetero's assets in which such creditors may have a lien has been undertaken. Subject to any and all orders of this Court, Cetero reserves all rights to dispute or challenge the secured nature of any such creditor's claims or the characterization of the structure of any transaction or any document or instrument related to such creditor's claim.

      **16.**    **Fiscal Year**. Cetero's fiscal year ends on December 31.

      **17.**    **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

      **18.**    **Umbrella or Master Agreements**. Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Cetero entities. Where relevant, such agreements have been listed in the Schedules and Statements only of the Cetero entity that signed the original umbrella or master agreement. Other Cetero entities, however, may be liable instead of, or together with, such Cetero entity on account of such agreements and Cetero reserves all rights to amend or supplement the Schedules and Statements to reflect changes regarding the liability of Cetero with respect to such agreements, if necessary or appropriate.

      **19.**    **Insiders**. Cetero has attempted to include all payments made on or within the 12 months before the Petition Date to any individual or entity deemed an "insider." For these purposes, "insider" is defined as (1) any individual or entity owning 5% or more of the voting or equity securities of Cetero, (2) any individual that has served as either an officer or director of Cetero within the 12 months before the Petition Date, or (3) any entity related to any of the foregoing. The listing of a party as an "insider," however, is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, Claim, right, or defense, and all such rights, Claims, and defenses are hereby expressly reserved.

      **20.**    **Officers and Directors**. Cetero operates as a consolidated enterprise. As such, references to officers and directors and their positions in the Schedules and Statements may be to their positions with Contract Research Solutions, Inc, the ultimate parent of the Cetero entities.

21.    **Totals**. All totals that are included in the Schedules and Statements represent totals of all the liquidated amounts listed in the Schedules and Statements. To the extent there are unliquidated, unknown, or otherwise undetermined amounts, the actual total may be different than the listed total. The description of an amount as "unknown," or "undetermined" is not intended to reflect upon the materiality of such amount.

22.    **Setoffs**. Cetero incurs certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between Cetero and the entities with whom Cetero engages in business. These offsets and other similar rights are consistent with the ordinary course of business in Cetero's industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for and, as such, are excluded from the Schedules and Statements.

23.    **Schedule B-16**. Cetero has presented its accounts receivable totals on a gross basis, and the amounts remain subject to offset and credits. All accounts receivable on **Schedule B16** are subject to reduction on account of bad or uncollectable accounts.

24.    **Schedule D (Creditors Holding Secured Claims)**. Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court that is or becomes final, Cetero and/or their estates reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any asset to a creditor listed on Schedule D of any Cetero entity. In certain instances, a Cetero entity may be a co-obligor, co-mortgagor, or guarantor with respect to claims listed in the Schedules of other Cetero entities, and no claim set forth on Schedule D of any Cetero entity is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents and determination of the creditors' compliance with applicable law is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or related documents. Except as specifically stated herein, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. Cetero has not included on Schedule D entities that may believe their claims are secured through setoff rights, deposits posted by or on behalf of Cetero, or inchoate statutory lien rights.

The claims listed in Schedule D arose or were incurred on various dates. In certain instances, the date on which a claim arose is not easily determinable. Although reasonable efforts have been made to identify the date of incurrence of each claim, determining the date upon which each claim in Schedule D was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, Cetero does not list a date for each claim listed on Schedule D.

25.    **Schedule E (Creditors Holding Unsecured Priority Claims)**. The listing of any claim on Schedule E does not constitute an admission by Cetero that such claim is

entitled to priority treatment, including, under section 507 of the Bankruptcy Code.  Cetero reserves all of its rights to dispute the amount and/or the priority status of any claim on any basis at any time.

The claims listed in Schedule E arose or were incurred on various dates.  In certain instances, the date on which a claim arose is not easily determinable.  Although reasonable efforts have been made to identify the date of incurrence of each claim, determining the date upon which each claim in Schedule E was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, Cetero does not list a date for each claim listed on Schedule E.

Further, the Bankruptcy Court entered a first day order granting authority to Cetero to pay certain prepetition employee wage and other obligations in the ordinary course (the "Employee Wage Order").  Pursuant to the Employee Wage Order, Cetero believes that any priority employee claims for prepetition amounts have been or will be satisfied, and such satisfied amounts are, therefore, not listed on Schedule E.

> **26.    Schedule F (Creditors Holding Unsecured Nonpriority Claims)**.

Cetero has used its reasonable efforts to list all general unsecured claims against Cetero on Schedule F based upon Cetero's books and records.  Schedule F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves.  Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on Cetero's books and records as required in accordance with GAAP.

Schedule F does not include certain reserves for potential unliquidated contingencies that historically were carried on Cetero's books as of the Petition Date; such reserves were for potential liabilities only and do not represent actual liabilities as of the Petition Date.

The claims listed in Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is not easily determinable.  Although reasonable efforts have been made to identify the date of incurrence of each claim, determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, Cetero does not list a date for each claim listed on Schedule F.

Schedule F contains information regarding potential and pending litigation involving Cetero. In certain instances, the Cetero entity that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Cetero entity has been identified, however, such information is contained in the Schedule for that Cetero entity.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected to the extent such damage claims exist.

Except in certain limited circumstances, Cetero has not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule F. Such guaranties are, instead, listed on Schedule H.

The claims of individual creditors for, among other things, goods, services, or taxes listed on Cetero's books and records may not reflect credits or allowances due from such creditors. Cetero reserves all of their rights in respect of such credits or allowances. The dollar amounts listed also may be exclusive of contingent or unliquidated amounts.

Certain creditors owe amounts to Cetero and, as such, may have valid setoff and recoupment rights with respect to such amounts. Although Cetero may have taken setoffs into account when scheduling the amounts owed to creditors, Cetero has not independently accounted for or reviewed the validity of any such setoff or recoupment rights and hereby reserves all rights to challenge such setoff and recoupment rights. Nevertheless, in listing the claims of such creditors in the Schedules, Cetero may have factored in the amounts owed by such creditors to Cetero and has reduced the claims listed in the Schedules accordingly. In other cases, Cetero has not reduced the claims in the Schedules to reflect any such right of setoff or recoupment, although, where practicable, Cetero has indicated that the claims in the Schedules are contingent in recognition of a potential setoff or recoupment. The listing of any claim in the Schedules or amount owed at a net value is not a waiver of any right to challenge the creditor's right to setoff, recoup, or net amounts owed against amounts that may be owed to any Cetero entity.

Trade Payables listed on Schedule F contain the prepetition liability information available to Cetero as of the Petition Date and reflect payments made to vendors subsequent to the Petition Date related to prepetition obligations in accordance with the First Day Orders. In the ordinary course of its business, Cetero may be involved in pending or threatened litigation and claims arising in the ordinary course of its business. These matters may involve multiple plaintiffs and defendants, some or all of whom, including Cetero, may assert cross claims and counter claims against other parties. Because all such claims are contingent, disputed or unliquidated, such claims have not been marked as co-debtor on Schedule F.

In addition, pursuant to the Employee Wage Order, Cetero believes that any nonpriority employee claims for prepetition amounts have been or will be satisfied, and such satisfied amounts are, therefore, not listed on Schedule F.

>        **27.    Schedule G (Executory Contracts).**  While Cetero's existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Cetero entities, and although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over inclusions may have occurred. Cetero does not make, and specifically disclaims, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G. Cetero hereby reserves all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary or appropriate. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and

agreements that may not be listed therein despite Cetero's use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include deemed to include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times in Schedule G.  This multiple listing is intended to reflect distinct agreements between the applicable Cetero entity and such supplier or provider.

In the ordinary course of business, Cetero may have issued numerous purchase orders for supplies, product, and related items, which, to the extent that such purchase orders constitute executory contracts, are not listed individually on Schedule G.  To the extent that goods were delivered under purchase orders prior to the Petition Date, vendors' claims with respect to such delivered goods are included on Schedule F if applicable.

As a general matter, certain of the Cetero entities' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication.  Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract or lease.

Cetero hereby reserves all of their rights, claims, and causes of action with respect to the contracts, agreements, and leases listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary or appropriate.  Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, and Cetero reserves all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.  Omission of a contract, agreement, or lease from Schedule G does not constitute an admission that such omitted contract, agreement, or lease is not an executory contract or unexpired lease. Cetero's rights under the Bankruptcy Code with respect to any such omitted contracts, agreements, or lease are not impaired by the omission.

Certain of the executory contracts and unexpired leases listed in Schedule G may have been assigned to, assumed by, or otherwise transferred to certain of the Cetero entities in connection with, among other things, acquisitions by Cetero.

Cetero has attempted to list the appropriate Cetero entities that are parties to each contract, agreement, and lease on Schedule G.  However, there may be instances in which other Cetero entities that are not parties to the contracts, agreements, and leases have been the primary entities conducting business in connection with these contracts, agreements, and leases.  Cetero reserves its right, upon further review, to amend or supplement Schedule G as necessary or appropriate to reflect the correct contractual counterparty.

28. **Schedule H (Co-Debtors)**.  In the ordinary course of its business, certain Cetero entities pay certain expenses on behalf of other Cetero entities.  Cetero may have inadvertently omitted certain guarantees and other secondary liability claims that are included in Cetero's executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  Any omission of a co-debtor or co-obligor on Schedule H or elsewhere in Cetero's Schedules does not constitute an admission that such omitted co-debtor or co-obligor is not obligated or liable under the relevant debt.  Cetero's rights under the Bankruptcy Code and non-bankruptcy law with respect to any such omitted co-debtor or co-obligor are not impaired by the omission.  Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable.  Thus, Cetero reserves its rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of its business, Cetero may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross claims and counter claims against other entities.  Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H.  However, some such claims may be listed elsewhere in the Schedules and Statements.

Cetero also has insurance policies that potentially cover various claims.  These insurance policies have been listed on Schedule G, but not on Schedule H.  Not listing such insurance policies on Schedule H does not constitute an admission that such insurance carriers are not obligated or liable under the relevant policy, and Cetero's rights under the Bankruptcy Code and non-bankruptcy law with respect to any such policies are not impaired by them not being listed on Schedule H.

29. **SOFA3b and SOFA3c**.  Receipts and disbursements are made through a centralized and consolidated cash management system.  In certain circumstances, payments made are listed by the Cetero entity making such payment, notwithstanding that certain payments will have been made on behalf of another Cetero entity.

Due to confidentiality concerns and because of prepetition wage payments made pursuant to Bankruptcy Court authority, the list of payments under Statement 3b does not include payments for wages, compensation, or expenses made to non-executive employees, contract employees, or temporary employees in the ordinary course of business.  To the extent that such an employee is a creditor, that employee may be entitled to priority treatment in accordance with section 507 of the Bankruptcy Code.

Certain of the payments listed on Statement 3b and 3b were made on behalf of employees in the form of, among other things, wage garnishments, employee savings program and employee benefits, and 401(k) contribution

30.     **SOFA8.**  Cetero occasionally incurs losses for a variety of reasons, including theft and property damage.  Certain of these losses may not have been tracked, and, thus, Cetero has only listed losses that were identifiable in its books and records.

31.     **SOFA9**.  Amounts paid to professionals may include amounts paid for debt counseling or bankruptcy or otherwise.

# UNITED STATES BANKRUPTCY COURT

In re:   CONTRACT RESEARCH SOLUTIONS, INC.                                    Case No.    12-11004

Debtor

Chapter    11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $0.00 | | |
| B - Personal Property | YES | 4 | $0.00 | | |
| C - Property Claimed as Exempt | NO | | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $140,880,575.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 4 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $0.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 16 | | | |
| H - Codebtors | YES | 7 | | | |
| I - Current Income of Individual Debtor(s) | NO | | | | |
| J - Current Expenditures of Individual Debtors(s) | NO | | | | |
| | | 36 | $0.00 | $140,880,575.00 | |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                          Case No.    12-11004
_____                                    _____
                        Debtor                                                                (if known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | | |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.       Case No.   12-11004
            Debtor                                                     (if known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  CASH ON HAND. | X | | | |
| 2.  CHECKING, SAVINGS OR OTHER FINANCIAL ACCOUNTS, CERTIFICATES OF DEPOSIT, OR SHARES IN BANKS, SAVINGS AND LOAN, THRIFT, BUILDING AND LOAN, AND HOMESTEAD ASSOCIATIONS, OR CREDIT UNIONS, BROKERAGE HOUSES, OR COOPERATIVES. | X | | | |
| 3.  SECURITY DEPOSITS WITH PUBLIC UTILITIES, TELEPHONE COMPANIES, LANDLORDS, AND OTHERS. | X | | | |
| 4.  HOUSEHOLD GOODS AND FURNISHINGS, INCLUDING AUDIO, VIDEO, AND COMPUTER EQUIPMENT. | X | | | |
| 5.  BOOKS, PICTURES AND OTHER ART OBJECTS, ANTIQUES, STAMP, COIN, RECORD, TAPE, COMPACT DISC, AND OTHER COLLECTIONS OR COLLECTIBLES. | X | | | |
| 6.  WEARING APPAREL. | X | | | |
| 7.  FURS AND JEWELRY. | X | | | |
| 8.  FIREARMS AND SPORTS, PHOTOGRAPHIC, AND OTHER HOBBY EQUIPMENT. | X | | | |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.  Case No. 12-11004
      Debtor          (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 9.  INTERESTS IN INSURANCE POLICIES. NAME INSURANCE COMPANY OF EACH POLICY AND ITEMIZE SURRENDER OR REFUND VALUE OF EACH. | X | | | |
| 10. ANNUITIES.  ITEMIZE AND NAME EACH INSURER. | X | | | |
| 11. INTERESTS IN AN EDUCATION IRA AS DEFINED IN 26 U.S.C. § 530(b)(1) OR UNDER A QUALIFIED STATE TUITION PLAN AS DEFINED IN 26 U.S.C. § 529(b)(1). GIVE PARTICULARS.  (FILE SEPARATELY THE RECORD(S) OF ANY SUCH INTEREST(S). 11 U.S.C. § 521(c)  RULE 1007(B)) | X | | | |
| 12. INTERESTS IN IRA, ERISA, KEOGH, OR OTHER PENSION OR PROFIT SHARING PLANS.  ITEMIZE. | X | | | |
| 13. STOCK AND INTERESTS IN INCORPORATED BUSINESSES.  ITEMIZE. | | ALLIED RESEARCH HOLDINGS, INC. 100% OWNERSHIP | | UNKNOWN |
| | | ALLIED RESEARCH INTERNATIONAL INDIA, LLC 100% OWNERSHIP | | UNKNOWN |
| | | ALLIED RESEARCH INTERNATIONAL U.S., LLC 100% OWNERSHIP | | UNKNOWN |
| | | BARI MERGER SUB, LLC 100% OWNERSHIP | | UNKNOWN |
| | | CRS MANAGEMENT, INC. 100% OWNERSHIP | | UNKNOWN |
| | | CRS REAL ESTATE HOLDINGS LLC 100% OWNERSHIP | | UNKNOWN |
| | | GATEWAY MEDICAL RESEARCH, INC. 100% OWNERSHIP | | UNKNOWN |
| | | PRACS INSTITUTE, LTD. 100% OWNERSHIP | | UNKNOWN |
| | | SPECIALTY RESEARCH INC. 100% OWNERSHIP | | UNKNOWN |
| 14. INTERESTS IN PARTNERSHIPS OR JOINT VENTURES.  ITEMIZE. | X | | | |

In re: CONTRACT RESEARCH SOLUTIONS, INC.      Case No.   12-11004
                 Debtor                                                   (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. GOVERNMENT AND CORPORATE BONDS AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS. | X | | | |
| 16. ACCOUNTS RECEIVABLE. | X | | | |
| 17. ALIMONY, MAINTENANCE, SUPPORT, AND PROPERTY SETTLEMENTS TO WHICH THE DEBTOR IS OR MAY BE ENTITLED. GIVE PARTICULARS. | X | | | |
| 18. OTHER LIQUIDATED DEBTS OWING DEBTOR INCLUDING TAX REFUNDS. GIVE PARTICULARS. | X | | | |
| 19. EQUITABLE OR FUTURE INTERESTS, LIFE ESTATES, AND RIGHTS OR POWERS EXERCISABLE FOR THE BENEFIT OF THE DEBTOR OTHER THAN THOSE LISTED IN SCHEDULE OF REAL PROPERTY. | X | | | |
| 20 CONTINGENT AND NON-CONTINGENT INTERESTS IN ESTATE OF A DECEDENT, DEATH BENEFIT PLAN, LIFE INSURANCE POLICY, OR TRUST. | X | | | |
| 21. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OF EVERY NATURE, INCLUDING TAX REFUNDS, COUNTERCLAIMS OF THE DEBTOR, AND RIGHTS TO SETOFF CLAIMS. GIVE ESTIMATED VALUE OF EACH. | X | | | |
| 22. PATENTS, COPYRIGHTS, AND OTHER INTELLECTUAL PROPERTY. GIVE PARTICULARS. | | SEE ATTACHED EXHIBIT B22 | | |
| 23. LICENSES, FRANCHISES, AND OTHER GENERAL INTANGIBLES. GIVE PARTICULARS. | X | | | |

Schedule of Personal Property -
Sheet no. 3 of 4

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                                Case No.   12-11004
_____                          _____
                        Debtor                                                     (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24. CUSTOMER LISTS OR OTHER COMPILATIONS CONTAINING PERSONALLY IDENTIFIABLE INFORMATION PROVIDED TO THE DEBTOR BY INDIVIDUALS IN CONNECTION WITH OBTAINING A PRODUCT OR SERVICE FROM THE DEBTOR PRIMARILY FOR PERSONAL, FAMILY, OR HOUSEHOLD PURPOSES. | X | | | |
| 25. AUTOMOBILES, TRUCKS, TRAILERS, OTHER VEHICLES AND ACCESSORIES. | X | | | |
| 26. BOATS, MOTORS, AND ACCESSORIES. | X | | | |
| 27. AIRCRAFT AND ACCESSORIES. | X | | | |
| 28. OFFICE EQUIPMENT, FURNISHINGS, AND SUPPLIES. | X | | | |
| 29. MACHINERY, FIXTURES, EQUIPMENT AND SUPPLIES USED IN BUSINESS. | X | | | |
| 30. INVENTORY. | X | | | |
| 31. ANIMALS. | X | | | |
| 32. CROPS - GROWING OR HARVESTED. GIVE PARTICULARS. | X | | | |
| 33. FARMING EQUIPMENT AND IMPLEMENTS. | X | | | |
| 34. FARM SUPPLIES, CHEMICALS, AND FEED. | X | | | |
| 35. OTHER PERSONAL PROPERTY OF ANY KIND NOT ALREADY LISTED.  ITEMIZE. | X | | | |

|  |  |
|---|---|
| Total | $0.00 |

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

Schedule of Personal Property -
Sheet no. 4 of 4

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                    Case No.    12-11004
                    Debtor                                                        (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  BANK OF MONTREAL CANADIAN AGENT 1 FIRST CANADA PLACE, 4TH FLOOR TORONTO, ON M5X 1A1 CANADA  FREEPORT FINANCIAL LLC, U.S. AGENT 500 WEST MADISON STREET SUITE 2700 CHICAGO, IL 60661 | | | MARCH 14, 2007, FIRST LIEN CREDIT AGREEMENT  VALUE:  UNKNOWN | | | | $115,880,575.00 PLUS INTEREST AND OTHER AMOUNTS DUE | UNKNOWN |

Schedule of Creditors Holding Secured Claims -
Sheet no. 1 of 2

Subtotal
(Total of this page)          $115,880,575.00          $0.00

In re:  CONTRACT RESEARCH SOLUTIONS, INC.       Case No.   12-11004
                      Debtor                                                       (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>FREEPORT FINANCIAL LLC, AS AGENT<br>500 WEST MADISON STREET<br>SUITE 2700<br>CHICAGO, IL 60661 | | | OCTOBER 17, 2006, SECOND LIEN CREDIT AGREEMENT | | | | $25,000,000.00 PLUS INTEREST AND OTHER AMOUNTS DUE | UNKNOWN |
| | | | VALUE:  UNKNOWN | | | | | |

Schedule of Creditors Holding Secured Claims -
Sheet no. 2 of 2

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | $25,000,000.00 | $0.00 |
| Total<br>(Use only on last page) | $140,880,575.00 | $0.00 |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

In re:  CONTRACT RESEARCH SOLUTIONS, INC. _____    Case No.  12-11004 _____
_____Debtor_____                                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐   **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐   **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

In re: CONTRACT RESEARCH SOLUTIONS, INC. _____    Case No.    12-11004
                                 Debtor                                           (if known)

☐    **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐    **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐    **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a) (6).

☐    **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑    **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐    **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐    **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                    Case No.    12-11004
_____                            _____
Debtor                                                                      (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> DELAWARE SECRETARY OF STATE <br> DIV. OF CORPORATIONS <br> P.O. BOX 11728 <br> NEWARK, NJ  07101-4728 | | | FRANCHISE TAX | X | X | X | UNDETERMINED | UNDETERMINED | UNDETERMINED |
| ACCOUNT NO. <br><br> DELAWARE SECRETARY OF STATE <br> DIVISION OF CORPORATIONS <br> P.O. BOX 11728 <br> NEWARK, NJ  07101-4728 | | | FRANCHISE TAX | X | X | X | UNDETERMINED | UNDETERMINED | UNDETERMINED |
| ACCOUNT NO. <br><br> DELAWARE SECRETARY OF STATE <br> DIVISION OF CORPORATIONS <br> P.O. BOX 11728 <br> NEWARK, NJ  07101-4728 | | | FRANCHISE TAX | X | X | X | UNDETERMINED | UNDETERMINED | UNDETERMINED |
| ACCOUNT NO. <br><br> NC DEPARTMENT OF THE SECRETARY OF STATE <br> P.O. BOX 29622 <br> RALEIGH, NC  27626-0622 | | | FILING FEES | X | X | X | UNDETERMINED | UNDETERMINED | UNDETERMINED |
| ACCOUNT NO. <br><br> NORTH CAROLINA DEPARTMENT OF REVENUE <br> P.O. BOX 25000 <br> RALEIGH, NC  27640-0002 | | | INCOME TAX | X | X | X | UNDETERMINED | UNDETERMINED | UNDETERMINED |
| ACCOUNT NO. <br><br> NORTH CAROLINA DEPARTMENT OF REVENUE <br> P.O. BOX 25000 <br> RALEIGH, NC  27640-0500 | | | INCOME TAX | X | X | X | UNDETERMINED | UNDETERMINED | UNDETERMINED |

Schedule of Creditors Holding Unsecured Priority Claims - Sheet no. 3 of 4

Subtotal (Totals of this page)        $0.00        $0.00        $0.00

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                    Case No.  12-11004
                          Debtor                                                                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> NORTH CAROLINA DEPARTMENT OF REVENUE P.O. BOX 25000 RALEIGH, NC  27640-0500 | | | INCOME TAX | X | X | X | UNDETERMINED | UNDETERMINED | UNDETERMINED |
| ACCOUNT NO. <br><br> TOWN OF CARY P.O. BOX 8049 CARY, NC  27512-8049 | | | LICENSE | X | X | X | UNDETERMINED | UNDETERMINED | UNDETERMINED |
| ACCOUNT NO. <br><br> TOWN OF CARY TOWN OF CARY P.O. BOX 8049 CARY, NC  27512-8049 | | | LICENSE | X | X | X | UNDETERMINED | UNDETERMINED | UNDETERMINED |
| ACCOUNT NO. <br><br> WAKE COUNTY REVENUE DEPARTMENT PROPERTY ASSESSMENTS & COLLECTION ONE BANK OF AMERICA PLAZA RALEIGH, NC  27602 | | | PROPERTY TAX | X | X | X | UNDETERMINED | UNDETERMINED | UNDETERMINED |

Schedule of Creditors Holding Unsecured Priority Claims - Sheet no. 4 of 4

| | Subtotal (Totals of this page) | $0.00 | $0.00 | $0.00 |
|---|---|---|---|---|
| | Total (Use only on last page of the completed Schedule E. Report also on  the Summary of Schedules.) | $0.00 | | |
| | Totals (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $0.00 | $0.00 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                          Case No.   12-11004
                                    Debtor                                        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).  Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 124586 ONTARIO LIMITED C/O ABACUS PRIVATE EQUITY BROOKFIELD PLACE - TD-CANADA TRUST TOWER 161 BAY STREET, SUITE 2430 PO BOX 517 TORONTO, ON  M5J 2S1 CANADA | | | LITIGATION | X | X | X | UNDETERMINED |
| ACCOUNT NO. LNFLAMAX RESEARCH INC. BORDEN LADNER GERVAIS LLP IRA NISHISATO , KATHERINE J. MENEAR 40 KING STREET WEST, SCOTIA PLAZA TORONTO, ON  M5H 3Y4 CANADA | | | LITIGATION | X | X | X | UNDETERMINED |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 1 of 2

Subtotal                    $0.00

In re:  CONTRACT RESEARCH SOLUTIONS, INC. _____    Case No. ___12-11004___
_____Debtor_____                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>PIYUSH PATEL<br>BORDEN LADNER GERVAIS LLP<br>IRA NISHISATO , KATHERINE J. MENEAR<br>40 KING STREET WEST, SCOTIA PLAZA<br>TORONTO, ON  M5H 3Y4<br>CANADA | | | LITIGATION | X | X | X | UNDETERMINED |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 2 of 2

Subtotal | $0.00

Total | $0.00
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the
Statistical Summary of Certain Liabilities and Related Data.)

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                    Case No.   12-11004
_____                         _____
                    Debtor                                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| ABBOTT LABORATORIES<br>100 ABBOTT PARK ROAD<br>ABBOTT PARK, IL  60064 | BILATERAL CONFIDENTIAL DISCLOSURE AGREEMENT<br>EXECUTION DATE: 10/13/2008 |
| ACE INSURANCE<br>1133 AVENUE OF THE AMERICAS<br>NEW YORK, NY  10036 | INSURANCE POLICY AGREEMENT<br>CRIME, D&O LIABILITY, EMPLOYMENT PRACTICES LIABILITY &<br>FIDUCIARY LIABILITY INSURANCES<br>POLICY # G25000389003 |
| ACE INSURANCE<br>1133 AVENUE OF THE AMERICAS<br>NEW YORK, NY  10036 | D&O, EPL, FIDUCIARY, CRIME, POLICY NUMBER G25000389002<br>EXECUTION DATE: 11/4/2010 |
| ACE INSURANCE<br>1133 AVENUE OF THE AMERICAS<br>NEW YORK, NY  10036 | INSURANCE POLICY AGREEMENT<br>REAL & PERSONAL PROPERTY<br>POLICY # GPAD37838834 |
| ACTAVIS<br>200 ELMORA AVENUE<br>ELIZABETH, NJ  07207 | S08-0048-C11-2486<br>EXECUTION DATE: 1/15/2012 |
| ACTAVIS<br>200 ELMORA AVENUE<br>ELIZABETH, NJ  07207 | B0605004-C11-2264<br>EXECUTION DATE: 1/21/2012 |
| ACTAVIS<br>200 ELMORA AVENUE<br>ELIZABETH, NJ  07207 | B0605003-C11-2263<br>EXECUTION DATE: 1/21/2012 |
| ACTAVIS, INC<br>60 COLUMBIA ROAD BLDG. B<br>MORRISTOWN, NJ  07960 | MASTER SERVICES AGREEMENT |
| ACTAVIS, INC<br>60 COLUMBIA ROAD BLDG. B<br>MORRISTOWN, NJ  07960 | AMENDMENT TO MASTER SERVICES AGREEMENT<br>EXECUTION DATE: 2/11/2011 |
| ACTELION PHARCEUTICALS LTD<br>GEWERBESTSTRASSE 16<br>CH 4123 ALLSCHWIL<br>SWITZERLAND | RECIPROCAL CONFIDENTIALITY AGREEMENT<br>EXECUTION DATE: 1/9/2009 |
| AKER BIOMARINE ASA<br>FJORDALLÈEN 16<br>P.O.BOX 1423<br>VIKA, OSLO  NO-0115<br>NORWAY | CONFIDENTIALITY AGREEMENT<br>EXECUTION DATE: 4/17/2009 |

Schedule of Executory Contracts and Unexpired Leases -
Sheet no. 1 of 16

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                     Case No.   12-11004
_____                      _____
                    Debtor                                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| ALCON RESEARCH LTD<br>6201 SOUTH FREEWAY, R5-10<br>FORT WORTH, TX  76134 | MASTER SERVICES AGREEMENT<br>EXECUTION DATE: 3/22/2010 |
| ALLERGY THERAPEUTICS<br>DOMINION WAY<br>WORTHINGTON, WEST SUSSEX  BN148SA<br>UNITED KINGDOM | MUTUAL CONFIDENTIAL DISCLOSURE AGREEMENT<br>EXECUTION DATE: 1/19/2011 |
| ALVOGEN<br>NINE CAMPUS DRIVE 3RD FLOOR<br>PARSNIPANNY, NJ  07064 | BINDING OFFER FOR ANALYTICAL METHOD EXCLUSIVITY<br>EXECUTION DATE: 3/9/2011 |
| ALVOGEN<br>NINE CAMPUS DRIVE, THIRD FLOOR<br>PARSIPPANY, NJ  07054 | CONFIDENTIALITY AGREEMENT<br>EXECUTION DATE: 3/12/2010 |
| AMERICAN CASUALTY COMPANY OF READING, PA.<br>CNA HEALTHPRO - ADVANCED MEDICAL TECHNOLOGY<br>TODD LAUER, 333 S. WABASH AVE.,26TH EAST<br>CHICAGO, IL  60604 | INSURANCE POLICY AGREEMENT<br>WORKERS COMPENSATION AND EMPLOYERS' LIABILITY<br>POLICY # 2097180197(A0S) |
| AMERIGEN PHARMACEUTICALS. LIMITED<br>CRICKET SQUARE, HUTCHENS DRIVE<br>P O BOX 2681<br>GRAND CAYMAN KY1-1111<br>CAYMAN ISLANDS | MUTUAL NON-DISCLOSURE AGREEMENT<br>EXECUTION DATE: 6/15/2011 |
| AMNEAL PHARMACEUTICALS LLC<br>440 US HIGHWAY 22 E. STE 104<br>BRIDGEWATER, NJ  08807 | CONFIDENTIAL DISCLOSURE AGREEMENT<br>EXECUTION DATE: 10/25/2011 |
| ANACOR PHARMACEUTICALS, INC.<br>1020 EAST MEADOW CIRCLE<br>PALO ALTO, CA | MASTER SERVICES AGREEMENT<br>EXECUTION DATE: 7/31/2008 |
| ANCHEN PHARMACEUTICALS, INC.<br>96-1 JERONIMO ROAD<br>IRVINE, CA  92618 | MASTER SERVICES AGREEMENT<br>EXECUTION DATE: 4/9/2009 |
| ANCHEN PHARMACEUTICALS, INC.<br>96-1 JERONIMO ROAD<br>IRVINE, CA  92618 | AMENDMENT #1 TO MASTER SERVICES AGREEMENT<br>EXECUTION DATE: 8/1/2011 |
| ANDROMEDA BIO TECH LTD.<br>42 HAYARKON STREET<br>YAVNE 81227<br>ISRAEL | CONFIDENTIALITY AGREEMENT<br>EXECUTION DATE: 2/8/2010 |
| ANI PHARMACEUTICALS, INC.<br>210 MAIN STREET WEST<br>BAUDETTE, MN  56623 | MUTUAL CONFIDENTIAL DISCLOSURE AGREEMENT<br>EXECUTION DATE: 12/9/2011 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                              Case No.   12-11004
_____                                      _____
                      Debtor                                                          (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| APOTEX, INC 150 SIGNET DRIVE WESTON, ON  M9L 1T9 CANADA | CONFIDENTIAL DISCLOSURE AGREEMENT EXECUTION DATE: 1/25/2011 |
| APRIL JOHNSON 2000 REGENCY PKWY, SUITE 255 CARY, NC  27518 | EXECUTIVE EMPLOYMENT AGREEMENT EFFECTIVE 08/29/07 BETWEEN CONTRACT RESEARCH SOLUTIONS, INC. AND APRIL JOHNSON |
| APTAPHARMA INC./ DR. REDDY'S 850 HYLTON ROAD UNIT 7 PENNSAUKEN, NJ  08110 | MULTI-PARTY CONFIDENTIAL DISCLOSURE AGREEMENT EXECUTION DATE: 2/3/2012 |
| AT&T 208 SOUTH AKARD STREET DALLAS, TX  75202 | POTS LINE EXECUTION DATE: 2011-10 |
| AUDEN MCKENZIE (PHARMA DIVISION) LTD. ADDRESS REDACTED | CONFIDENTIALITY AGREEMENT EXECUTION DATE: 10/19/2009 |
| BAYER HEALTHCARE PHARMACEUTICALS. INC. 340 CHANGEBRIDGE ROAD P O BOX 1000 PINE BROOK, NJ  07058 | MASTER INVESTIGATOR/INSTITUTION AGREEMENT EXECUTION DATE: 4/8/2011 |
| BHR PHARMA LLC 607 HERNDON PARKWAY SUITE 110 HERNDON, VA  20170 | CONFIDENTIALITY AGREEMENT EXECUTION DATE: 7/3/2008 |
| BOCA PHARMACAL, INC. 3550 NW 126TH AVE. CORAL SPRINGS, FL  33065 | CONFIDENTIALITY AGREEMENT EXECUTION DATE: 11/27/2006 |
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC. 900 RIDGEBURY ROAD RIDGEFIELD, CT  06877 | CONFIDENTIAL DISCLOSURE AGREEMENT EXECUTION DATE: 1/27/2009 |
| BRISTOL MEYERS - SQUIBB COMPANY P.O. BOX 4000 PRINCETON, NJ  08543 | CONFIDENTIAL DISCLOSURE AGREEMENT EXECUTION DATE: 11/4/2010 |
| BURSON-MARSTELLER, LLC (DBA PROOF INTEGRATED COMMUNICATIONS) 230 PARK AVENUE SOUTH NEW YORK, NY  10003-1528 | AGREEMENT TO PROVIDE PERCEPTION MANAGEMENT AND PUBLIC RELATIONS COUNSEL EXECUTION DATE: 12/8/2010 |
| BURSON-MARSTELLER, LLC (DBA PROOF INTEGRATED COMMUNICATIONS) 230 PARK AVENUE SOUTH NEW YORK, NY  10003-1528 | WEBSITE HOSTING AGREEMENT FOR WEB HOSTING AND MAINTENANCE SERVICES - NOT SIGNED AS OF 11/11/11 EXECUTION DATE: 7/26/2011 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                          Case No.    12-11004
_____                 _____
                        Debtor                                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| BURSON-MARSTELLER, LLC (DBA PROOF INTEGRATED COMMUNICATIONS)<br>230 PARK AVENUE SOUTH<br>NEW YORK, NY  10003-1528 | ENGAGEMENT TO PROVIDE BRAND DEFINITION ASSISTANCE, WEBSITE REDESIGN, AS AMENDED 7/26/11<br>EXECUTION DATE: 7/26/2011 |
| C.N.A COMMERCIAL INSURANCE<br>333 S. WABASH AVE.<br>CHICAGO, IL  60604-4153 | BUSINESS INSURANCE PREMIUMS<br>EXECUTION DATE: 10/5/2009 |
| C.N.A COMMERCIAL INSURANCE<br>333 S. WABASH AVE.<br>CHICAGO, IL  60604-4153 | COMMERICAL UMBRELLA INSURANCE - RENEWAL<br>EXECUTION DATE: 8/18/2010 |
| C.N.A COMMERCIAL INSURANCE<br>333 S. WABASH AVE.<br>CHICAGO, IL  60604-4153 | COMMERCIAL LIABILITY INSURANCE, CANADA<br>EXECUTION DATE: 8/18/2010 |
| C.N.A COMMERCIAL INSURANCE<br>333 S. WABASH AVE.<br>CHICAGO, IL  60604-4153 | BUSINESS AUTO INSURANCE A2097180149<br>EXECUTION DATE: 8/18/2010 |
| C.N.A COMMERCIAL INSURANCE<br>333 S. WABASH AVE.<br>CHICAGO, IL  60604-4153 | BUSINESS AUTO INSURANCE<br>EXECUTION DATE: 8/18/2010 |
| C.N.A COMMERCIAL INSURANCE<br>333 S. WABASH AVE.<br>CHICAGO, IL  60604-4153 | INTERNATIONAL COMMERCIAL GENERAL LIABILITY INSURANCE<br>EXECUTION DATE: 8/18/2010 |
| C.N.A COMMERCIAL INSURANCE<br>333 S. WABASH AVE.<br>CHICAGO, IL  60604-4153 | GENERAL LIABILITY INSURANCE<br>EXECUTION DATE: 8/18/2010 |
| C.N.A COMMERCIAL INSURANCE<br>333 S. WABASH AVE.<br>CHICAGO, IL  60604-4153 | HEALTHCARE LIABILITY INSURANCE<br>EXECUTION DATE: 8/18/2010 |
| C.N.A COMMERCIAL INSURANCE<br>333 S. WABASH AVE.<br>CHICAGO, IL  60604-4153 | WORKERS COMPENSATION INSURANCE 17255190<br>EXECUTION DATE: 8/18/2010 |
| C.N.A COMMERCIAL INSURANCE<br>333 S. WABASH AVE.<br>CHICAGO, IL  60604-4153 | WORKERS COMPENSATION INSURANCE<br>EXECUTION DATE: 8/18/2010 |
| C.N.A COMMERCIAL INSURANCE<br>333 S. WABASH AVE.<br>CHICAGO, IL  60604-4153 | RESEARCH AND DEVELOPMENT , PROPERTY INSURANCE<br>EXECUTION DATE: 8/18/2010 |
| C.N.A COMMERCIAL INSURANCE<br>333 S. WABASH AVE.<br>CHICAGO, IL  60604-4153 | PROPERTY INSURANCE, CANADA<br>EXECUTION DATE: 8/18/2010 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                    Case No.   12-11004
                         Debtor                                                                      (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| C.N.A COMMERCIAL INSURANCE<br>333 S. WABASH AVE.<br>CHICAGO, IL  60604-4153 | PRODUCTS, WORK HAZARD LIABILITY INSURANCE<br>EXECUTION DATE: 8/18/2010 |
| C.N.A COMMERCIAL INSURANCE<br>333 S. WABASH AVE.<br>CHICAGO, IL  60604-4153 | PRIVATE COMPANY MANAGEMENT INDEMNITY PACKAGE<br>EXECUTION DATE: 8/18/2010 |
| CADILA HEALTHCARE LTD<br>ZYDUS TOWER, SATELLITECROSS RD<br>AHMEDABAD-380015, GUJARAT<br>INDIA | CONFIDENTIALITY AGREEMENT<br>EXECUTION DATE: 6/13/2008 |
| CIRCASSIA HOLDINGS LTD.<br>2 TEMPLE BACK EAST<br>TEMPLE QUAY, BRISTOL  BS1 6EG<br>UNITED KINGDOM | RECIPROCAL CONFIDENTIALITY AGREEMENT<br>EXECUTION DATE: 6/8/2007 |
| CISCO (THROUGH APPLIED INFORMATION SYSTEMS)<br>2023 WESTPORT CENTER DRIVE<br>ST. LOUIS, MO  63146 | TELEPHONE AND NETWORK SYSTEMS SUPPORT (SMARTNET)<br>EXECUTION DATE: 2011-11 |
| CISCO (THROUGH COMPUCOM)<br>COMPUCOM<br>PO BOX 951654<br>DALLAS, TX  75395-1654 | TELEPHONE AND NETWORK SYSTEMS SUPPORT (SMARTNET) |
| CISCO (THROUGH NETWORK CENTER INC. AND ZONES INC.)<br>PO BOX 34740<br>SEATTLE, WA  98124-1740 | TELEPHONE AND NETWORK SYSTEMS SUPPORT (SMARTNET)<br>EXECUTION DATE: 2011-10 |
| CLAVIS PHAM ASA<br>PARKVEIEN 53 B<br>OSLO  256<br>NORWAY | CONFIDENTIAL DISCLOSURE AGREEMENT<br>EXECUTION DATE: 9/24/2010 |
| COLUMBIA CASUALTY INSURANCE CO.<br>CNA HEALTHPRO - ADVANCED MEDICAL TECHNOLOGY<br>TODD LAUER, 333 S. WABASH AVE.,26TH EAST<br>CHICAGO, IL  60604 | INSURANCE POLICY AGREEMENT<br>MEDICAL MALPRACTICE<br>POLICY # HMA-2097494268-3 |
| COLUMBIA CASUALTY INSURANCE CO.<br>CNA HEALTHPRO - ADVANCED MEDICAL TECHNOLOGY<br>TODD LAUER, 333 S. WABASH AVE.,26TH EAST<br>CHICAGO, IL  60604 | INSURANCE POLICY AGREEMENT<br>PRODUCTS & PROFESSIONAL LIABILITY<br>POLICY # ADT2097446253-4 |
| CONTINENTAL CASUALTY CO.<br>CNA HEALTHPRO - ADVANCED MEDICAL TECHNOLOGY<br>TODD LAUER, 333 S. WABASH AVE.,26TH EAST<br>CHICAGO, IL  60604 | INSURANCE POLICY AGREEMENT<br>UMBRELLA LIABILITY AND EXCESS LIABILITY<br>POLICY # 2097180247 |
| CONTINENTAL INSURANCE CO.<br>CNA HEALTHPRO - ADVANCED MEDICAL TECHNOLOGY<br>TODD LAUER, 333 S. WABASH AVE.,26TH EAST<br>CHICAGO, IL  60604 | INSURANCE POLICY AGREEMENT<br>INTERNATIONAL PACKAGE<br>POLICY # W311398433 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.  Case No.  12-11004

Debtor  (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| COREPHARMA<br>215 WOOD AVENUE<br>MIDDLESEX, NJ  08846 | B051105-C11-2190<br>EXECUTION DATE: 2/18/2012 |
| COREPHARMA<br>215 WOOD AVENUE<br>MIDDLESEX, NJ  08846 | B051104-C11-2189<br>EXECUTION DATE: 2/28/2012 |
| CYTOGEL PHARMA LLC<br>1540 POST ROAD<br>DARIEN, CT  06820 | MASTER SERVICES AGREEMENT<br>EXECUTION DATE: 5/14/2009 |
| DAVID L. COGGIN<br>2000 REGENCY PKWY, SUITE 255<br>CARY, NC  27518 | EXECUTIVE EMPLOYMENT AGREEMENT EFFECTIVE 07/14/11 BETWEEN CONTRACT RESEARCH SOLUTIONS, INC. AND DAVID L. COGGIN |
| DURATA THERAPEUTICS, INC.<br>89 HEADQUARTERS PLAZA STE 306<br>MORRISTOWN, NJ  07960 | MUTUAL CONFIDENTIALITY AND NON-USE AGREEMENT<br>EXECUTION DATE: 11/1/2010 |
| EIDDE BAILLY<br>P. O. BOX 2545<br>FARGO, ND  58108 | 401-K AUDIT ENGAGEMENT<br>EXECUTION DATE: 4/4/2012 |
| EISAI, INC.<br>900 DAVIS DRIVE<br>CARY, NC  27518 | CONFIDENTIALITY AGREEMENT<br>EXECUTION DATE: 12/12/2008 |
| ELI LILLY & COMPANY<br>LILLY CORPORATE CENTER<br>INDIANAPOLIS, IN  46285 | CONFIDENTIAL DISCLOSURE AGREEMENT<br>EXECUTION DATE: 6/14/2011 |
| EONE SOLUTIONS<br>4141 38TH STREET SW<br>FARGO, ND  58104 | SMARTCONNECT IMPORT TOOL FOR GREAT PLAINS (ADDON).<br>EXECUTION DATE: 2011-12 |
| ESSENTIALS, INC.<br>2011 PALOMAR AIRPORT RD<br>SUITE. 108<br>CARLSBAD, CA  92011 | MASTER SERVICES AGREEMENT<br>EXECUTION DATE: 5/8/2008 |
| FERRER INTERNACIONAL SA<br>JUAN DE SADA 32<br>3A PLANTA, BARCELONA 08028<br>SPAIN | MASTER SERVICES AGREEMENT<br>EXECUTION DATE: 1/29/2009 |
| FOREST RESEARCH INSTITUTE<br>HARBORSIDE FINANCIAL CENTER PLAZA V<br>JERSEY CITY, NJ  07311 | MUTUAL NON-DISCLOSURE AGREEMENT<br>EXECUTION DATE: 6/12/2008 |
| FOUGERE PHARMACEUTICALS INC<br>60 BAYLIS ROAD<br>MELVILLE, NY  11747 | AMENDMENT TO MASTER SERVICE AGREEMENT<br>EXECUTION DATE: 9/30/2011 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                    Case No.    12-11004
_____                               _____
                    Debtor                                                                  (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| GALDERMA RESEARCH & DEVELOPMENT INC. 5 CEDAR BROOK DRIVE SUITE 1 CRANBURY, NJ  08512 | MASTER SERVICES AGREEMENT EXECUTION DATE: 7/10/2009 |
| GALLIPOT INC 2400 PILOT KNOB RD ST PAUL, MN  55441 | CONFIDENTIALITY AGREEMENT EXECUTION DATE: 1/27/2010 |
| GILEAD SCIENCES, INC. 333 LAKESIDE DRIVE FOSTER CITY, CA  94404 | CONFIDENTIAL DISCLOSURE AGREEMENT EXECUTION DATE: 10/7/2011 |
| GOREC PHARMACEUTICAL SERVICES, INC. 2445 SOUTH ALSTON AVE DURHAM, NC  27713 | MUTUAL CONFIDENTIAL DISCLOSURE AGREEMENT EXECUTION DATE: 6/28/2007 |
| GREENSHADES.COM 7020 AC SKINNER PARKWAY SUITE 1000 JACKSONVILLE, FL  32256 | 1099S, W2 AND EMPLOYEE PAYSTUB REVIEW, AND TAX SUBMITTALS EXECUTION DATE: 2011-01 AND 2011-09 |
| GREER LABORATORIES, INC. 639 NUWAY CIRCLE NE LENOIR, NC  28645 | MUTUAL CONFIDENTIALITY AGREEMENT EXECUTION DATE: 6/24/2010 |
| GRIFFITH HACK LAWYERS LEVEL 3, 509 KILDA ROAD MELBOURNE, VIC AUSTRALIA | MASTER SERVICE AGREEMENT EXECUTION DATE: 4/20/2011 |
| HISAMITSU PHARMACEUTICAL CO. 408 TASHIRO DAIKAN-MACHI TOSU SAGA 841-0017 JAPAN | MASTER SERVICES AGREEMENT EXECUTION DATE: 2/26/2010 |
| HOLLISTER-STIER LABORATORIES LLC 325 NORTH REGAL STREET SPOKANE, WA  99207 | CONFIDENTIALITY AGREEMENT EXECUTION DATE: 1/22/2010 |
| ICON DEVELOPMENT SOLUTIONS 6031 UNIVERSITY BLVD., STE. 300 ELLICOTT CITY, MD  21043 | NONMEM DATA ANALYSIS SOFTWARE MAINTENANCE AND SUPPORT EXECUTION DATE: 2011-08 |
| IMAGE SOLUTIONS (CSC) 100 SOUTH JEFFERSON RD WHIPPANY, NJ  07981 | ISI TOOLBOX: DISK AND FILE FORMATTING TOOL FOR REGULATORY SUBMISSIONS EXECUTION DATE: 2011-04 |
| IMPAX LABORATORIES, INC. 30831 HUNTWOOD AVE HAYWARD, CA  94544 | SERVICE AGREEMENT EXECUTION DATE: 9/14/2009 |
| INCLINE THERAPEUTICS. INC. 900 SAGINAW DRIVE SUITE 200 REDWOOD CITY, CA  94063 | MUTUAL CONFIDENTIALITY AGREEMENT EXECUTION DATE: 8/8/2011 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.      Case No.  12-11004

           Debtor                                            (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| INCUBE LABS LLC<br>2051 RINGWOOD AVE<br>SAN JOSE, CA  95131 | NON-DISCLOSURE AGREEMENT<br>EXECUTION DATE: 6/27/2011 |
| INTENDIS, INC.<br>340 CHANGEBRIDGE ROAD<br>PINE BROOK, NJ  07058 | MASTER SERVICES AGREEMENT<br>EXECUTION DATE: 4/8/2008 |
| INVAGEN<br>7 OSER AVENUE<br>HAUPPAUGE, NY  11788 | B051809-C11-2218<br>EXECUTION DATE: 3/8/2012 |
| INVAGEN<br>7 OSER AVENUE<br>HAUPPAUGE, NY  11788 | B051810 (10584416)<br>EXECUTION DATE: 3/9/2012 |
| ISIS BIOPOLYMER INC<br>233 RICHMOND ST,<br>PROVIDENCE, RI | MASTER SERVICE AGREEMENT<br>EXECUTION DATE: 10/28/2010 |
| JAMES ROLAND DIXON<br>2000 REGENCY PKWY, SUITE 255<br>CARY, NC  27518 | EXECUTIVE EMPLOYMENT AGREEMENT EFFECTIVE 02/02/11 BETWEEN CONTRACT RESEARCH SOLUTIONS, INC. AND JAMES ROLAND DIXON |
| JENU BIOSCIENCE INC<br>3911 NE BELVOIR PLACE<br>SEATTLE, WA  98105 | MASTER SERVICE AGREEMENT<br>EXECUTION DATE: 1/26/2011 |
| JOHNSON & JOHNSON RESEARCH & DEVELOPMENT LLC<br>920 U S ROUTE 202<br>RARITAN, NJ  08869 | CONFIDENTIAL DISCLOSURE AGREEMENT<br>EXECUTION DATE: 11/15/2010 |
| JOHNSON & JOHNSON RESEARCH & DEVELOPMENT LLC<br>920 U S ROUTE 202<br>RARITAN, NJ  08869 | CONFIDENTIAL DISCLOSURE AGREEMENT<br>EXECUTION DATE: 2/7/2011 |
| JRX BIOTECHNOLOGY INC /VELESCO PHARNACEUTICAL /TAMIR BIOTECHNOLOGY/<br>1401 QUAIL ST, SUITE 115<br>NEWPORT BEACH, CA  92660 | CONFIDENTIALITY AGREEMENT<br>EXECUTION DATE: 1/20/2012 |
| KOWA RESEARCH INSTITUTE, INC.<br>430 DAVIS DRIVE SUITE 200<br>MORRISVILLE, NC  27560 | MASTER SERVICES AGREEMENT<br>EXECUTION DATE: 5/22/2007 |
| KREMERS URBAN PHARMACEUTICALS, INC.<br>1102 C AVENUE WEST<br>SEYMOUR, IN | PREFERRED PRICING AGREEMENT<br>EXECUTION DATE: 3/28/2011 |
| KS INFRATECH PRIVATE LIMITED<br>18, COMMUNITY CENTRE<br>MAYAPURI, INDUSTRIAL AREA, PHASE-I<br>NEW DELHI 110064<br>INDIA | BUILDING PURCHASE FOR NO.9, BLOCK A, SECTOR 33 & 34 INFOCITY, DELHI- JAIPUR HIGHWAY<br>EXECUTION DATE: 10/31/2006 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                         Case No.    12-11004
                         Debtor                                                                (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| KUDCO IRELAND LTD. SHANNON INDURTRIAL ESTATE COUNTY CLARE IRELAND | MASTER SERVICES AGREEMENT EXECUTION DATE: 3/27/2009 |
| KYETHRA PHARMACEUTICALS. INC. 27200 WEST AGOURA ROAD CALABASSAS, CA  91301 | MASTER SERVICES AGREEMENT EXECUTION DATE: 8/1/2008 |
| LEO PHARMA A/S INDUSTRIPARKEN55 DK-2750 BALLERUP DENMARK | CONFIDENTIALITY AGREEMENT EXECUTION DATE: 1/27/2012 |
| LONA SHEERAN 5109 MEDICAL DRIVE SAN ANTONIO, TX  78229 | EXECUTIVE EMPLOYMENT AGREEMENT EFFECTIVE 01/26/11 BETWEEN CONTRACT RESEARCH SOLUTIONS, INC. AND LONA SHEERAN |
| LYNE LABORATORIES INC 10 BURKE DR, BROCKTON, MA  02301 | CONFIDENTIALITY AGREEMENT EXECUTION DATE: 1/16/2012 |
| MADRIGAL PHARMACEUTICALS. INC. 500 OFFICE CENTER DRIVE STE 400 FT. WASHINGTON, PA  19034 | MASTER SERVICES AGREEMENT EXECUTION DATE: 11/30/2011 |
| MANAGEENGINE (ZOHO) #4900 HOPYARD ROAD, STE. 310 PLEASANTON, CA  94588 | SERVICEDESK PLUS IT HELPDESK SOFTWARE EXECUTION DATE: 2011-12 |
| MARCIL TECHNOLOGIES 3003 32ND AVENUE SOUTH SUITE 210 FARGO, ND  58103 | PROJECT ACCOUNTING (ADVANCED PROJECT ACCOUNTING) EXECUTION DATE: 2011-11 |
| MARSH USA INC. 100 N. TRYON STREET, SUITE 3200 CHARLOTTE, NC  28202 | BUSINESS INSURANCE PREMIUMS |
| MAXQ 39 OLD RIDGEBURY RD. SUITE 7, FLOOR N2 DANBURY, CT  06810 | CHECK SOLUTIONS EXECUTION DATE: 4/26/2009-6/25/2012 |
| MCNEIL CONSUMER HEALTHCARE DIVISION OF MCNEIL PPC, INC. 185 TABOR RD. A2/334 MORRIS PLAINS, NJ  07950 | MASTER SERVICES AGREEMENT EXECUTION DATE: 7/9/2008 |
| MCNEIL CONSUMER HEALTHCARE DIVISION OF MCNEIL PPC, INC. 750 CAMP HLLL ROAD FT. WASHINGTON, PA  19034 | MASTER SERVICES AGREEMENT - AMENDMENT 1 EXECUTION DATE: 7/9/2008 |
| MEDICIS PHARMACEUTICAL CORPORATION 7720 NORTH DOBSON ROAD SCOTTSDALE, AZ  85256 | CONFIDENTIALITY AGREEMENT (MUTUAL) EXECUTION DATE: 9/22/2009 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                                Case No.   12-11004
_____                          _____
                        Debtor                                                   (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| MEDPACE, INC.<br>462- WESLEY AVENUE<br>CINCINNATI, OH  45212 | NON-DISCLOSURE AND CONFIDENTIALITY AGREEMENT<br>EXECUTION DATE: 12/21/2011 |
| MICHAEL C. FILLIOS<br>2000 REGENCY PKWY, SUITE 255<br>CARY, NC  27518 | EXECUTIVE EMPLOYMENT AGREEMENT EFFECTIVE 07/06/11 BETWEEN CONTRACT RESEARCH SOLUTIONS, INC. AND MICHAEL C. FILLIOS |
| MICHAEL T. MURREN<br>2000 REGENCY PKWY, SUITE 255<br>CARY, NC  27518 | EXECUTIVE EMPLOYMENT AGREEMENT EFFECTIVE 12/01/08 BETWEEN CONTRACT RESEARCH SOLUTIONS, INC. AND MICHAEL T. MURREN |
| MICROSOFT<br>ONE LONE TREE RD<br>FARGO, ND  58104-3911 | DYNAMICS GP (GREAT PLAINS) AND FRX (CORE FINANCIALS)<br>EXECUTION DATE: 2011-06 |
| MILLIPORE CORP<br>290 CONCORD RD,<br>BILLERICA, MA  01821 | CONFIDENTIALITY AGREEMENT<br>EXECUTION DATE: 11/11/2010 |
| MILNER<br>3200 GATEWAY CENTER BLVD.<br>MORRISVILLE, NC  27560 | PRINTER/COPIER MAINTENANCE AGREEMENT<br>EXECUTION DATE: 2009-08 |
| MURTY<br>518 CODELL DRIVE<br>LEXINGTON, KY  40509-1016 | BA0591083-C11-1743<br>EXECUTION DATE: 1/6/2012 |
| NATIONAL FIRE INS. CO. OF HARTFORD<br>CNA HEALTHPRO - ADVANCED MEDICAL TECHNOLOGY<br>TODD LAUER, 333 S. WABASH AVE.,26TH EAST<br>CHICAGO, IL  60604 | INSURANCE POLICY AGREEMENT<br>AUTOMOBILE LIABILITY<br>POLICY # 2097180149 |
| NATIONAL FIRE INS. CO. OF HARTFORD<br>CNA HEALTHPRO - ADVANCED MEDICAL TECHNOLOGY<br>TODD LAUER, 333 S. WABASH AVE.,26TH EAST<br>CHICAGO, IL  60604 | INSURANCE POLICY AGREEMENT<br>GENERAL LIABILITY<br>POLICY # 2097180104 |
| NITRIC BIOTHERAPEUTICS, INC.<br>2 CANAL'S END RD SUITE 201-A<br>BRISTOL, PA  19007 | CONFIDENTIALITY AGREEMENT<br>EXECUTION DATE: 11/12/2009 |
| NITRIC BIOTHERAPEUTICS, INC.<br>2 CANAL'S END RD SUITE 201-A<br>BRISTOL, PA  19007 | CONFIDENTIALITY AGREEMENT<br>EXECUTION DATE: 5/12/2009 |
| NOVADIGM THERAPEUTICS, INC.<br>4201 JAMES RAY DRIVE, SUITE 2200<br>REAC 1 BUILDING<br>GRAND FORKS, ND  58202 | MUTUAL CONFIDENTIAL DISCLOSURE AGREEMENT<br>EXECUTION DATE: 3/23/2012 |
| NPS PHARMACEUTICALS, INC.<br>550 HILLS DRIVE, 3RD FLOOR<br>BEDMINSTER, NJ  07921 | TWO WAY NON-DISCLOSURE AGREEMENT<br>EXECUTION DATE: 4/2/2009 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.      Case No.   12-11004
               Debtor                                                         (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| NYCOMED USA INC. 60 BAYLIS ROAD MELVILLE, NY  11747 | CONFIDENTIALITY AGREEMENT EXECUTION DATE: 5/22/2008 |
| OMNICOMM, FORMERLY ERESEARCH TECHNOLOGY 1818 MARKET STREET SUITE 1000 PHILADELPHIA, PA  19103 | ECLINICAL ELECTRONIC CASE REPORT FORMS SYSTEM (HOSTED) |
| OSMOTICA PHARMACEUTICAL CORP. 1205 CULBRETH DRIVE SUITE 200 WILMINGTON, NC  28405 | MULTIPLE PROJECT PACKAGE AGREEMENT EXECUTION DATE: 12/3/2010 |
| PAETEC 1001 WEST LOOP SOUTH SUITE 740 HOUSTON, TX  77027 | INTER-OFFICE COMPUTER AND TELEPHONE NETWORK EXECUTION DATE: 2011-06 |
| PAR PHARMACEAUTICAL INC. ONE RAM RIDGE ROAD SPRING VALLEY, NY  10977 | EXCLUSIVE LICENSE AGREEMENT EXECUTION DATE: 11/24/2008 |
| PCCA 9901 S WILCREST DRIVE HOUSTON, TX | MASTER SERVICE AGREEMENT EXECUTION DATE: 1/15/2008 |
| PENTECH PHARMACEUTICALS INC 3315 ALGONQUIN RD ROLLING MEADOWS, IL  60008 | CONFIDENTIALITY AGREEMENT EXECUTION DATE: 2/8/2008 |
| PENTECH PHARMACEUTICALS INC/COBREK PHARMACEUTICALS 3315 ALGONQUIN RD ROLLING MEADOWS, IL  60008 | AMENDMENT TO CONFIDENTIALITY AGREEMENT EXECUTION DATE: 2/6/2009 |
| PERRIGO COMPANY 515 EASTERN AVE ALLEGAN, MI  49010 | CONFIDENTIALITY AGREEMENT EXECUTION DATE: 3/30/2012 |
| PERRIGO ISRAEL PHARMACEUTICALSL LTD. 25 LEHI STREET B'NAI BRAK ISRAEL | MASTER SERVICES AGREEMENT EXECUTION DATE: 3/19/2007 |
| PERRIGO ISRAEL PHARMACEUTICALSL LTD. 25 LEHI STREET B'NAI BRAK ISRAEL | MASTER SERVICES AGREEMENT EXECUTION DATE: 6/23/2009 |
| PFIZER, INC. 235 EAST 42ND STREET NEW YORK, NY  10017 | CONFIDENTIAL DISCLOSURE AGREEMENT EXECUTION DATE: 3/13/2011 |
| PHARMADAX, INC 2F NO. 186 FUXING N. RD. ZHONGSHAN DISTRICT TAIWAN ROC | CONFIDENTIALITY AGREEMENT EXECUTION DATE: 11/6/2009 |

Schedule of Executory Contracts and Unexpired Leases -
Sheet no. 11 of 16

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                    Case No.   12-11004
                              Debtor                                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| PHARSIGHT 1699 S. HANLEY ROAD ST. LOUIS, MO  63144-2319 | WINNONLIN DATA ANALYSIS SOFTWARE MAINTENANCE AND SUPPORT EXECUTION DATE: 2011-07 |
| PPD DEVELOPMENT LP/ ALVOGEN 929 NORTH FRONT STREET WILMINGTON, DE  28401 | MULTI-PARTY CONFIDENTIAL DISCLOSURE AGREEMENT EXECUTION DATE: 9/28/2011 |
| PROTECH PHARMASERVICES CORPORATION/ DAITO PHARMACEUTICAL CO. LTD. NO 360, RUEIGUANG ROAD 4TH FLOOR NEIHU CHI, TAIPEI 114 TAIWAN ROC | MULTI-PARTY CONFIDENTIAL DISCLOSURE AGREEMENT EXECUTION DATE: 5/3/2011 |
| QLT, INC. 887 GREAT NORTHERN WAY VANCOUVER, BC  V5T 4T5 CANADA | MUTUAL CONFIDENTIAL DISCLOSURE AGREEMENT EXECUTION DATE: 6/19/2008 |
| QRX PHARMA INC. 1430 U S HIGHWAY 206 STE 230 BEDMINSTER, NJ  07921 | MASTER SERVICES AGREEMENT EXECUTION DATE: 11/25/2009 |
| QUINTILES, INC. 10201 WATERIDGE CIRCLE SAN DIEGO, CA  92121 | CONFIDENTIALITY AND NON-USE AGREEMENT EXECUTION DATE: 2/20/2012 |
| RANBAXY PLOT NO. 20, SECTOR-18 UDYOG VIHAR INDUSTRIAL AREA GURGAON 122 001 INDIA | 10540344/ R12-0003-C11-17 EXECUTION DATE: 2/14/2012 |
| RANBAXY LABORATORIES, INC. 600 COLLEGE ROAD EAST PRINCETON, NJ  08540 | MASTER SERVICES AGREEMENT EXECUTION DATE: 5/9/2011 |
| REGENCY PARK CORPORATION 2000 REGENCY PKWY, SUITE 111 CARY, NC  27518 | LEASE AGREEMENT DATED 11/20/06 BETWEEN CONTRACT RESEARCH SOLUTIONS, INC. AND REGENCY PARK CORPORATION AS AMENDED BY AGREEMENT DATED 8/14/09 FOR PREMISES AT 2000 REGENCY PKWY, CARY, NC 27518. |
| REPROS THERAPEAUTICS, INC. 2408 TIMBERLOCH PLACE B-7 THE WOODLANDS, TX  77380 | CONFIDENTIALITY AGREEMENT EXECUTION DATE: 4/11/2012 |
| RHODES PHARMACEUTICALS LP 498 WASHINGTON ST COVENTRY, RI  02816 | MASTER CRO SERVICES AGREEMENT EXECUTION DATE: 4/12/2010 |
| RICONPHARMA LLC 100 FORD RD, SUITE 9 DENVILLE, NJ  07834 | CONFIDENTIALITY AGREEMENT EXECUTION DATE: 5/4/2011 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.       Case No.   12-11004
           Debtor                                     (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| RICONPHARMA LLC/GROUPEPARIMA<br>100 FORD ROAD SUITE 9<br>DENVILLE, NJ 07834 | MUTUAL CONFIDENTIAL DISCLOSURE AGREEMENT<br>EXECUTION DATE: 5/4/2011 |
| ROXANE<br>PO BOX 16532<br>COLUMBUS, OH 43216-6532 | 10614210/ PERI-T8-PVFS-1-C11-2132<br>EXECUTION DATE: 1/27/2012 |
| ROXANE<br>PO BOX 16532<br>COLUMBUS, OH 43216-6532 | 10614211/ PERI-T8-PVFD-1-C11-2333<br>EXECUTION DATE: 1/28/2012 |
| ROXANE LABORATORIES, INC.<br>1809 WILSON ROAD<br>COLUMBUS, OH 43228 | MUTUAL NON-DISCLOSURE AGREEMENT<br>EXECUTION DATE: 3/7/2002 |
| ROXANE LABORATORIES, INC.<br>1900 ARLINGATE LANE<br>COLUMBUS, OH 43228 | MASTER AGREEMENT<br>EXECUTION DATE: 12/4/2007 |
| RST IMPLANTED CELL TECHNOLOGY<br>ADDRESS REDACTED | CONFIDENTIALITY AGREEMENT<br>EXECUTION DATE: 4/25/2011 |
| SALESFORCE<br>1 MARKET STREET, #300<br>SAN FRANCISCO, CA 94105 | SALES FORCE AUTOMATION<br>EXECUTION DATE: 2011-10 |
| SANOFI AVENTIS US, INC.<br>9 GREAT VALLEY PARKWAY<br>MALVERN, PA 19355 | MASTER SERVICES AGREEMENT<br>EXECUTION DATE: NO DATE |
| SAS<br>100 SAS CAMPUS DRIVE<br>CARY, NC 27513-2414 | STATISTICAL ANALYSIS SOFTWARE FOR TORONTO<br>EXECUTION DATE: 2009-08 |
| SAS<br>100 SAS CAMPUS DRIVE<br>CARY, NC 27513-2414 | STATISTICAL ANALYSIS SOFTWARE FOR THE US<br>EXECUTION DATE: 2011-10 |
| SCIELE PHARMA, INC.<br>FIVE CONCOURSE PARKWAY<br>SUITE 1800<br>ATLANTA, GA | MUTUAL CONFIDENTIALITY AGREEMENT<br>EXECUTION DATE: 7/24/2008 |
| SHAPE PHARMACEUTICALS, INC<br>55 CAMBRIDGE PKWY, SUITE 295<br>CAMBRIDGE, MA 02142 | CONFIDENTIALITY AGREEMENT<br>EXECUTION DATE: 9/24/2009 |
| SIERRA WORKFORCE SOLUTIONS<br>1611 CREEKSIDE DRIVE SUITE 101<br>FOLSOM, CA 95630 | EMPLOYEE TIME-REPORTING<br>EXECUTION DATE: 2011-5 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.        Case No.   12-11004
           Debtor                                        (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| SMITHKLINE BEECHAM CORPORATION D/B/A GLAXOSMITHKLINE<br>1500 LITTLETON ROAD<br>PARSIPPANY, NJ 07054 | CONFIDENTIAL DISCLOSURE AGREEMENT<br>EXECUTION DATE: 7/10/2009 |
| STALLERGENES SA<br>6 RUE ALEXIS DE TOCQUEVILLE<br>92160 ANTONY<br>FRANCE | CONFIDENTIAL DISCLOSURE AGREEMENT<br>EXECUTION DATE: 3/18/2010 |
| STIEFEL LABS, INC<br>3160 PORTER DR<br>PALO ALTO, CA 94304 | CONFIDENTIALITY AGREEMENT<br>EXECUTION DATE: 6/30/2009 |
| STUBBS & HENSEL PHARMA CONSULTING, LLC<br>P. O. BOX 935<br>BLUE BELL, PA 19422 | INDEPENDENT CONTRACTOR AGREEMENT FOR CONSULTING SERVICES<br>EXECUTION DATE: 10/3/2011 |
| TAKEDA GLOBAL RESEARCH & DEVELOPMENT CENTER, INC.<br>ONE TAKEDA PARKWAY<br>DEERFIELD, IL 60015 | CONFIDENTIALITY AGREEMENT<br>EXECUTION DATE: 11/19/2007 |
| TAKEDA GLOBAL RESEARCH & DEVELOPMENT CENTER, INC.<br>ONE TAKEDA PARKWAY<br>DEERFIELD, IL 60015 | MASTER SERVICE AGREEMENT<br>EXECUTION DATE: NO DATE |
| TEKMIRA PHARMACEUTICALS CORPORATION<br>100-8900 GLENLYON PARKWAY<br>BURNABY, BC V5J 5J8<br>CANADA | MASTER CLINICAL SERVICES AGREEMENT<br>EXECUTION DATE: 1/20/2012 |
| TEVA<br>1090 HORSHMAN ROAD<br>PO BOX 1090<br>NORTH WALES, PA 19454-1090 | S07-0189-C11-1814 |
| TEVA<br>1090 HORSHMAN ROAD<br>PO BOX 1090<br>NORTH WALES, PA 19454-1090 | S07-0190-C11-181 |
| TEVA<br>1090 HORSHMAN ROAD<br>PO BOX 1090<br>NORTH WALES, PA 19454-1090 | 2006-1284-C12-0062<br>EXECUTION DATE: 2/13/2012 |
| TEVA<br>1090 HORSHMAN ROAD<br>PO BOX 1090<br>NORTH WALES, PA 19454-1090 | 2006-1284-C11-1797<br>EXECUTION DATE: 2/13/2012 |
| TEVA<br>1090 HORSHMAN ROAD<br>PO BOX 1090<br>NORTH WALES, PA 19454-1090 | 2006-1283-C11-1796<br>EXECUTION DATE: 2/18/2012 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                    Case No.   12-11004
_____                    _____
                    Debtor                                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| TEVA<br>1090 HORSHMAN ROAD<br>PO BOX 1090<br>NORTH WALES, PA  19454-1090 | R00-728-C11-220<br>EXECUTION DATE: 2/26/2012 |
| TEVA<br>1090 HORSHMAN ROAD<br>PO BOX 1090<br>NORTH WALES, PA  19454-1090 | R00-727-C11-2207<br>EXECUTION DATE: 2/26/2012 |
| TEVA<br>1090 HORSHMAN ROAD<br>PO BOX 1090<br>NORTH WALES, PA  19454-1090 | 05TEV05-C11-179<br>EXECUTION DATE: 2/3/2012 |
| TEVA PHARMACEUTICAL INDUSTIRES, LTD.<br>5 BASEL STREET<br>PETACH TIKVA<br>ISRAEL | MASTER SERVICES AGREEMENT<br>EXECUTION DATE: 12/12/2007 |
| TEVA PHARMACEUTICAL INDUSTIRES, LTD.<br>5 BASEL STREET<br>PETACH TIKVA<br>ISRAEL | AMENDMENT TO MASTER SERVICES AGREEMENT<br>EXECUTION DATE: 12/17/2007 |
| TEVA PHARMACEUTICAL INDUSTIRES, LTD.<br>5 BASEL STREET<br>PETACH TIKVA<br>ISRAEL | ADDENDUM TO MASTER SERVICES AGREEMENT<br>EXECUTION DATE: 3/3/2010 |
| TEVA PHARMACEUTICAL INDUSTIRES, LTD.<br>5 BASEL STREET<br>PETACH TIKVA<br>ISRAEL | TIERED DISCOUNT AGREEMENT<br>EXECUTION DATE: 5/23/2010 |
| TEVA PHARMACEUTICALS USA, INC.<br>1090 HORSHAM ROAD<br>NORTH WALES, PA  19454 | MASTER SERVICES AGREEMENT<br>EXECUTION DATE: 7/31/2007 |
| THERACOS, INC.<br>550 DEL REY AVENUE<br>SUNNYVALE, CA  94085 | NON-DISCLOSURE AGREEMENT<br>EXECUTION DATE: 11/18/2010 |
| TIBCO<br>3303 HILLVIEW AVENUE<br>PALO ALTO, CA  94304 | S+ DATA ANALYSIS SOFTWARE MAINTENANCE AND SUPPORT<br>EXECUTION DATE: 2011-10 |
| TORRENT<br>5380 HOLIDAY TERRACE, SUITE 40<br>KALAMAZOO, MI  49009 | 06TOR01-C11-2211<br>EXECUTION DATE: 2/25/2012 |
| TORRENT<br>5380 HOLIDAY TERRACE, SUITE 40<br>KALAMAZOO, MI  49009 | 06TOR02-C11-2212<br>EXECUTION DATE: 3/3/2012 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                Case No.   12-11004
                          Debtor                                                      (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| TRIMEL BIOPHAMA, INC.<br>2488 DUNWIN DRIVE<br>MISSASAUGA, ON  O5L 1J9<br>CANADA | NON-DISCLOSURE AGREEMENT<br>EXECUTION DATE: 6/2/2009 |
| TROY W. MCCALL<br>2000 REGENCY PKWY, SUITE 255<br>CARY, NC  27518 | EXECUTIVE EMPLOYMENT AGREEMENT BETWEEN CONTRACT RESEARCH SOLUTIONS, INC. AND TROY W. MCCALL |
| VALLEY FORGE INSURANCE CO.<br>CNA HEALTHPRO - ADVANCED MEDICAL TECHNOLOGY<br>TODD LAUER, 333 S. WABASH AVE.,26TH EAST<br>CHICAGO, IL  60604 | INSURANCE POLICY AGREEMENT<br>WORKERS COMPENSATION AND EMPLOYERS' LIABILITY<br>POLICY # 4017255190(CA) |
| VAPOGENIX INC<br>8285 EL RIO STREET SUITE 150<br>HOUSTON, TX  77054 | CONFIDENTIALITY AGREEMENT<br>EXECUTION DATE: 8/18/2009 |
| VERIZON BUSINESS<br>P. O. BOX 371873<br>PITTSBURGH, PA  15250-7873 | INTER-OFFICE COMPUTER AND TELEPHONE NETWORK<br>EXECUTION DATE: 2008-02 |
| VERIZON WIRELESS<br>PO BOX 15062<br>ALBANY, NY  12212-5062 | WIRELESS CELL PHONE CONTRACT<br>EXECUTION DATE: 2011-08 |
| VERSARTIS, INC.<br>500 ELLIS STREET<br>MOUNTAIN VIEW, CA  94043 | MUTUAL NON-DISCLOSURE AGREEMENT<br>EXECUTION DATE: 6/15/2011 |
| VIA PHARMACEUTICALS INC.<br>750 BATTERY STREET SUITE 330<br>SAN FRANCISCO, CA  94111 | MASTER SERVICES AGREEMENT<br>EXECUTION DATE: 4/19/2011 |
| WATSON LABORATORIES, INC.<br>311 BONNIE CIRCLE<br>CORONA, CA  92880 | CLINICAL MASTER SERVICES AGREEMENT<br>EXECUTION DATE: 5/9/2006 |
| WEST-WARD PHARMACEUTICAL CORPORATION<br>465 INDUSTRIAL WAY WEST<br>EATONTOWN, NJ  07724 | CONFIDENTIALITY AGREEMENT<br>EXECUTION DATE: 6/7/2007 |
| YAUPON THERAPEUTICS INC<br>259 N RADNOR CHESTER RD, SUITE 205<br>RADNOR, PA  19087 | MASTER SERVICE AGREEMENT<br>EXECUTION DATE: 3/29/2011 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.        Case No.   12-11004
                   Debtor                                                 (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| ALLIED RESEARCH HOLDINGS INC.<br>2000 REGENCY PARKWAY, SUITE 255<br>CARY, NC 27518 | MARCH 14, 2007, FIRST LIEN CREDIT AGREEMENT<br><br>BANK OF MONTREAL, CANADIAN AGENT<br>1 FIRST CANADA PLACE, 4TH FLOOR<br>TORONTO, ON M5X 1A1<br>CANADA<br><br>FREEPORT FINANCIAL LLC, U.S. AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661<br><br>OCTOBER 17, 2006, SECOND LIEN CREDIT AGREEMENT<br><br>FREEPORT FINANCIAL LLC, AS AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661 |
| ALLIED RESEARCH INTERNATIONAL INDIA, LLC<br>2000 REGENCY PARKWAY, SUITE 255<br>CARY, NC 27518 | MARCH 14, 2007, FIRST LIEN CREDIT AGREEMENT<br><br>BANK OF MONTREAL, CANADIAN AGENT<br>1 FIRST CANADA PLACE, 4TH FLOOR<br>TORONTO, ON M5X 1A1<br>CANADA<br><br>FREEPORT FINANCIAL LLC, U.S. AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661<br><br>OCTOBER 17, 2006, SECOND LIEN CREDIT AGREEMENT<br><br>FREEPORT FINANCIAL LLC, AS AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                    Case No.   12-11004
_____                    _____
                  Debtor                                              (if known)

# SCHEDULE H - CODEBTORS

(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| ALLIED RESEARCH INTERNATIONAL U.S., LLC<br>2000 REGENCY PARKWAY, SUITE 255<br>CARY, NC 27518 | MARCH 14, 2007, FIRST LIEN CREDIT AGREEMENT<br><br>BANK OF MONTREAL, CANADIAN AGENT<br>1 FIRST CANADA PLACE, 4TH FLOOR<br>TORONTO, ON M5X 1A1<br>CANADA<br><br>FREEPORT FINANCIAL LLC, U.S. AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661<br><br>OCTOBER 17, 2006, SECOND LIEN CREDIT AGREEMENT<br><br>FREEPORT FINANCIAL LLC, AS AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661 |
| ALLIED RESEARCH INTERNATIONAL, INC. (FLORIDA)<br>1405 N. W. 167TH STREET<br>MIAMI GARDENS, FL 33169 | MARCH 14, 2007, FIRST LIEN CREDIT AGREEMENT<br><br>BANK OF MONTREAL, CANADIAN AGENT<br>1 FIRST CANADA PLACE, 4TH FLOOR<br>TORONTO, ON M5X 1A1<br>CANADA<br><br>FREEPORT FINANCIAL LLC, U.S. AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661<br><br>OCTOBER 17, 2006, SECOND LIEN CREDIT AGREEMENT<br><br>FREEPORT FINANCIAL LLC, AS AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661 |
| ALLIED RESEARCH INTERNATIONAL, INC. (ONTARIO)<br>4520 DIXIE ROAD<br>MISSISSAUGA, ON L4W 1N2 CANADA | MARCH 14, 2007, FIRST LIEN CREDIT AGREEMENT<br><br>BANK OF MONTREAL, CANADIAN AGENT<br>1 FIRST CANADA PLACE, 4TH FLOOR<br>TORONTO, ON M5X 1A1<br>CANADA<br><br>FREEPORT FINANCIAL LLC, U.S. AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661<br><br>OCTOBER 17, 2006, SECOND LIEN CREDIT AGREEMENT<br><br>FREEPORT FINANCIAL LLC, AS AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                    Case No.   12-11004
_____                 _____
                        Debtor                                                        (if known)

# SCHEDULE H - CODEBTORS

(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| BA RESEARCH CO.<br>1290 ELLESMERE ROAD<br>SCARBROUGH, ON M1P 2X9 CANADA | MARCH 14, 2007, FIRST LIEN CREDIT AGREEMENT<br><br>BANK OF MONTREAL, CANADIAN AGENT<br>1 FIRST CANADA PLACE, 4TH FLOOR<br>TORONTO, ON M5X 1A1<br>CANADA<br><br>FREEPORT FINANCIAL LLC, U.S. AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661<br><br>OCTOBER 17, 2006, SECOND LIEN CREDIT AGREEMENT<br><br>FREEPORT FINANCIAL LLC, AS AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661 |
| BA RESEARCH INTERNATIONAL  L.P.<br>10550 ROCKLEY ROAD, SUITE 150<br>HOUSTON, TX 77099 | MARCH 14, 2007, FIRST LIEN CREDIT AGREEMENT<br><br>BANK OF MONTREAL, CANADIAN AGENT<br>1 FIRST CANADA PLACE, 4TH FLOOR<br>TORONTO, ON M5X 1A1<br>CANADA<br><br>FREEPORT FINANCIAL LLC, U.S. AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661<br><br>OCTOBER 17, 2006, SECOND LIEN CREDIT AGREEMENT<br><br>FREEPORT FINANCIAL LLC, AS AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661 |
| BA RESEARCH INTERNATIONAL HOLDINGS LLC<br>2000 REGENCY PARKWAY, SUITE 255<br>CARY, NC 27518 | MARCH 14, 2007, FIRST LIEN CREDIT AGREEMENT<br><br>BANK OF MONTREAL, CANADIAN AGENT<br>1 FIRST CANADA PLACE, 4TH FLOOR<br>TORONTO, ON M5X 1A1<br>CANADA<br><br>FREEPORT FINANCIAL LLC, U.S. AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661<br><br>OCTOBER 17, 2006, SECOND LIEN CREDIT AGREEMENT<br><br>FREEPORT FINANCIAL LLC, AS AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                           Case No.   12-11004
_____                                      _____
                    Debtor                                                                  (if known)

# SCHEDULE H - CODEBTORS

(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| BARI MANAGEMENT LLC<br>2000 REGENCY PARKWAY, SUITE 255<br>CARY, NC 27518 | MARCH 14, 2007, FIRST LIEN CREDIT AGREEMENT<br><br>BANK OF MONTREAL, CANADIAN AGENT<br>1 FIRST CANADA PLACE, 4TH FLOOR<br>TORONTO, ON M5X 1A1<br>CANADA<br><br>FREEPORT FINANCIAL LLC, U.S. AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661<br><br>OCTOBER 17, 2006, SECOND LIEN CREDIT AGREEMENT<br><br>FREEPORT FINANCIAL LLC, AS AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661 |
| BARI MERGER SUB. LLC<br>2000 REGENCY PARKWAY, SUITE 255<br>CARY, NC 27518 | MARCH 14, 2007, FIRST LIEN CREDIT AGREEMENT<br><br>BANK OF MONTREAL, CANADIAN AGENT<br>1 FIRST CANADA PLACE, 4TH FLOOR<br>TORONTO, ON M5X 1A1<br>CANADA<br><br>FREEPORT FINANCIAL LLC, U.S. AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661<br><br>OCTOBER 17, 2006, SECOND LIEN CREDIT AGREEMENT<br><br>FREEPORT FINANCIAL LLC, AS AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661 |
| BARI PARTNERS, G.P.<br>2000 REGENCY PARKWAY, SUITE 255<br>CARY, NC 27518 | MARCH 14, 2007, FIRST LIEN CREDIT AGREEMENT<br><br>BANK OF MONTREAL, CANADIAN AGENT<br>1 FIRST CANADA PLACE, 4TH FLOOR<br>TORONTO, ON M5X 1A1<br>CANADA<br><br>FREEPORT FINANCIAL LLC, U.S. AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661<br><br>OCTOBER 17, 2006, SECOND LIEN CREDIT AGREEMENT<br><br>FREEPORT FINANCIAL LLC, AS AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                    Case No.    12-11004
_____
                              Debtor                                                    (if known)

# SCHEDULE H - CODEBTORS

(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| BIOASSAY RESEARCH CO.<br>2000 REGENCY PARKWAY, SUITE 255<br>CARY, NC 27518 | MARCH 14, 2007, FIRST LIEN CREDIT AGREEMENT<br><br>BANK OF MONTREAL, CANADIAN AGENT<br>1 FIRST CANADA PLACE, 4TH FLOOR<br>TORONTO, ON M5X 1A1<br>CANADA<br><br>FREEPORT FINANCIAL LLC, U.S. AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661<br><br>OCTOBER 17, 2006, SECOND LIEN CREDIT AGREEMENT<br><br>FREEPORT FINANCIAL LLC, AS AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661 |
| CRS MANAGEMENT INC.<br>2000 REGENCY PARKWAY, SUITE 255<br>CARY, NC 27518 | MARCH 14, 2007, FIRST LIEN CREDIT AGREEMENT<br><br>BANK OF MONTREAL, CANADIAN AGENT<br>1 FIRST CANADA PLACE, 4TH FLOOR<br>TORONTO, ON M5X 1A1<br>CANADA<br><br>FREEPORT FINANCIAL LLC, U.S. AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661<br><br>OCTOBER 17, 2006, SECOND LIEN CREDIT AGREEMENT<br><br>FREEPORT FINANCIAL LLC, AS AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661 |
| CRS REAL ESTATE HOLDINGS LLC<br>2000 REGENCY PARKWAY, SUITE 255<br>CARY, NC 27518 | MARCH 14, 2007, FIRST LIEN CREDIT AGREEMENT<br><br>BANK OF MONTREAL, CANADIAN AGENT<br>1 FIRST CANADA PLACE, 4TH FLOOR<br>TORONTO, ON M5X 1A1<br>CANADA<br><br>FREEPORT FINANCIAL LLC, U.S. AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661<br><br>OCTOBER 17, 2006, SECOND LIEN CREDIT AGREEMENT<br><br>FREEPORT FINANCIAL LLC, AS AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                    Case No.    12-11004
_____                    _____
                        Debtor                                        (if known)

# SCHEDULE H - CODEBTORS

(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| DIABETES AND GLANDULAR DISEASE RESEARCH ASSOCIATES, INC<br>5109 MEDICAL DRIVE<br>SAN ANTONIO, TX 78229 | MARCH 14, 2007, FIRST LIEN CREDIT AGREEMENT<br><br>BANK OF MONTREAL, CANADIAN AGENT<br>1 FIRST CANADA PLACE, 4TH FLOOR<br>TORONTO, ON M5X 1A1<br>CANADA<br><br>FREEPORT FINANCIAL LLC, U.S. AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661<br><br>OCTOBER 17, 2006, SECOND LIEN CREDIT AGREEMENT<br><br>FREEPORT FINANCIAL LLC, AS AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661 |
| GATEWAY MEDICAL RESEARCH, INC.<br>400 FOUNTAIN LAKES BLVD.<br>ST. CHARLES, MO 63301 | MARCH 14, 2007, FIRST LIEN CREDIT AGREEMENT<br><br>BANK OF MONTREAL, CANADIAN AGENT<br>1 FIRST CANADA PLACE, 4TH FLOOR<br>TORONTO, ON M5X 1A1<br>CANADA<br><br>FREEPORT FINANCIAL LLC, U.S. AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661<br><br>OCTOBER 17, 2006, SECOND LIEN CREDIT AGREEMENT<br><br>FREEPORT FINANCIAL LLC, AS AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661 |
| PRACS DERMATOLOGY, LLC<br>2000 REGENCY PARKWAY, SUITE 255<br>CARY, NC 27518 | MARCH 14, 2007, FIRST LIEN CREDIT AGREEMENT<br><br>BANK OF MONTREAL, CANADIAN AGENT<br>1 FIRST CANADA PLACE, 4TH FLOOR<br>TORONTO, ON M5X 1A1<br>CANADA<br><br>FREEPORT FINANCIAL LLC, U.S. AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661<br><br>OCTOBER 17, 2006, SECOND LIEN CREDIT AGREEMENT<br><br>FREEPORT FINANCIAL LLC, AS AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.           Case No.   12-11004
                         Debtor                                            (if known)

# SCHEDULE H - CODEBTORS

(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| PRACS INSTITUTE, LTD.<br>4801 AMBER VALLEY PKWY<br>FARGO, ND 58104 | MARCH 14, 2007, FIRST LIEN CREDIT AGREEMENT<br><br>BANK OF MONTREAL, CANADIAN AGENT<br>1 FIRST CANADA PLACE, 4TH FLOOR<br>TORONTO, ON M5X 1A1<br>CANADA<br><br>FREEPORT FINANCIAL LLC, U.S. AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661<br><br>OCTOBER 17, 2006, SECOND LIEN CREDIT AGREEMENT<br><br>FREEPORT FINANCIAL LLC, AS AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661 |
| SPECIALTY RESEARCH, INC.<br>2000 REGENCY PARKWAY, SUITE 255<br>CARY, NC 27518 | MARCH 14, 2007, FIRST LIEN CREDIT AGREEMENT<br><br>BANK OF MONTREAL, CANADIAN AGENT<br>1 FIRST CANADA PLACE, 4TH FLOOR<br>TORONTO, ON M5X 1A1<br>CANADA<br><br>FREEPORT FINANCIAL LLC, U.S. AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661<br><br>OCTOBER 17, 2006, SECOND LIEN CREDIT AGREEMENT<br><br>FREEPORT FINANCIAL LLC, AS AGENT<br>500 WEST MADISON STREET  SUITE 2700<br>CHICAGO, IL 60661 |

In re:  CONTRACT RESEARCH SOLUTIONS, INC.                               Case No.    12-11004
_____                                    _____
                          Debtor                                                              (if known)


# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Chief Financial Officer of Contract Research Solutions, Inc. named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 37 sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.


Date  May 11, 2012                          Signature    /s/ Michael T. Murren
    _____                                      _____


                                                         Michael T. Murren
                                                         [Print or type name of individual signing on behalf of debtor.]


*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

--------------------------------------------------------------------------------------------------------------------------------

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Statement of Financial Affairs - Exhibit B22

Registered Intellectual Property

Contract Research Solutions, Inc.  12-11004

<u>Trademarks</u>

| Jurisdiction | Trademark | Registration No. | Owner | Status |
|---|---|---|---|---|
| Canada | CETERO | TMA710,057 | Contract Research Solutions, Inc. | Registered |
| European Union | CETERO | 005688361 | Contract Research Solutions, Inc. | Registered |
| India | CETERO | 1528441 | Contract Research Solutions, Inc. | Pending |
| India | CETERO | 1542681 | Contract Research Solutions, Inc. | Pending |
| Japan | CETERO | 5061496 | Contract Research Solutions, Inc. | Registered |

<u>Patents</u>

| Jurisdiction | Title | Patent / Serial # | Filed Date | Owner |
|---|---|---|---|---|
| Canada | Methods, Materials And Apparatus For Investigating Asthma Using Dust Mite Allergen | 2,678,285 | 6/7/2007 | Contract Research Solutions, Inc. |
| European Patent Convent | Methods, Materials And Apparatus For Investigating Asthma Using Dust Mite Allergen | 07719912.3 | 6/7/2007 | Contract Research Solutions, Inc. |
| United States | Methods, Materials And Apparatus For Investigation Asthma Using Dust Mite Allergen | 11/450,786 | 6/9/2006 | Contract Research Solutions, Inc. |
| WIPO | Methods, Materials And Apparatus For Investigating Asthma Using Dust Mite Allergen | PCT/CA2007/000 996 | 6/7/2007 | Contract Research Solutions, Inc. |
| Canada | Method And Chamber For Exposure to Non-Allergic Rhinitis Trigger Environments | CA2754272 | 3/8/2010 | Contract Research Solutions, Inc. and Piyush Patel |

| Jurisdiction | Title | Patent / Serial # | Filed Date | Owner |
|---|---|---|---|---|
| European Patent Convent | Method And Chamber For Exposure to Non-Allergic Rhinitis Trigger Environments | 10748277.0 | 3/8/2010 | Contract Research Solutions, Inc. and Piyush Patel |
| India | Method And Chamber For Exposure to Non-Allergic Rhinitis Trigger Environments | 3676/KOLNP/2011 | 3/8/2010 | Contract Research Solutions, Inc. and Piyush Patel |
| Japan | Method And Chamber For Exposure to Non-Allergic Rhinitis Trigger Environments | 2011-552293 | 3/8/2010 | Contract Research Solutions, Inc. and Piyush Patel |
| United States | Method And Chamber For Exposure to Non-Allergic Rhinitis Trigger Environments | 13/254,755 | 3/8/2010 | Contract Research Solutions, Inc. and Piyush Patel |
| WIPO | Method And Chamber For Exposure to Non-Allergic Rhinitis Trigger Environments | PCT/CA2010/000325 | 3/8/2010 | Contract Research Solutions, Inc. and Piyush Patel |
| United States | Method And Chamber For Exposure to Non-Allergic Rhinitis Trigger Environments | 61/158,149 | 3/6/2009 | Contract Research Solutions, Inc. and Piyush Patel |

Internet Domain Names

| Domain Name | Registered to: |
|---|---|
| Cetero.com | Jason Eide jason.eide@cetero.com<br>Contract Research Solutions, Inc.<br>4801 Amber Valley Parkway Fargo, North Dakota 58104<br>Ph: 701-356-2503 |
| Bioassay.com | Jason Eide jason.eide@cetero.com<br>Contract Research Solutions, Inc.<br>4801 Amber Valley Parkway Fargo, North Dakota 58104<br>Ph: 701-356-2503 |
| Baresearchco.com | Jason Eide jason.eide@cetero.com<br>Contract Research Solutions, Inc.<br>4801 Amber Valley Parkway Fargo, North Dakota 58104<br>Ph: 701-356-2503 |
| Ceterosa.com | Jason Eide jason.eide@cetero.com<br>Contract Research Solutions, Inc.<br>4801 Amber Valley Parkway Fargo, North Dakota 58104<br>Ph: 701-356-2503 |
| Ceterostlouis.com | Jason Eide jason.eide@cetero.com<br>Contract Research Solutions, Inc.<br>4801 Amber Valley Parkway Fargo, North Dakota 58104<br>Ph: 701-356-2503 |
| Sneezetoronto.com | Jason Eide jason.eide@cetero.com<br>Contract Research Solutions, Inc.<br>4801 Amber Valley Parkway Fargo, North Dakota 58104<br>Ph: 701-356-2503 |
| allied-research.com | |
| www.gatewaymedical .com | |
| pracs.com | |
| dryeyestoronto.com | |