**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

-----------------------------------------------------------------x
                        :

*In re:*                           :    **Chapter 11**
                        :

**CONTRACT RESEARCH**    :    **Case No. 12-11004 (KJC)**
**SOLUTIONS, INC.,** *et al.,*    :
                        :    **Jointly Administered**

**Debtors.**[1]            :
                        :    **Objection Deadline: July 5, 2012 at 12:00 noon (ET)**
-----------------------------------------------------------------x    **Hearing Date: July 11, 2012 at 2:00 p.m. (ET)**

**MOTION (I) FOR AN ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 502, 1123(a), 1124, 1125, 1126, AND 1128, BANKRUPTCY RULES 2002, 3003, 3016, 3017, 3018, AND 3020, AND LOCAL RULES 2002-1 AND 3017-1: (A) SCHEDULING A COMBINED HEARING ON APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN;  (B) APPROVING FORM AND MANNER OF NOTICE OF COMBINED HEARING; (C) APPROVING SOLICITATION PACKAGES, INCLUDING FORM OF BALLOT, AND PROCEDURES FOR DISTRIBUTION OF SOLICITATION PACKAGES; AND (D) APPROVING VOTING RECORD DATE AND VOTING DEADLINE, AND (II) REQUESTING APPROVAL OF DISCLOSURE STATEMENT AT COMBINED HEARING**

Contract Research Solutions, Inc. and its affiliated debtors as debtors in possession in the

above-captioned cases (collectively, "<u>Cetero</u>" or the "<u>Debtors</u>") submit this motion (the

"<u>Motion</u>") for entry of an order: (a) scheduling a combined hearing on the adequacy of the

disclosure statement and confirmation of the plan; (b) approving the form and manner of notice

of the combined disclosure statement and plan confirmation hearing; (c) approving solicitation

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: Contract Research Solutions, Inc. (3750); Allied Research Holdings Inc. (not applicable); Allied Research International Inc. (Ontario) (not applicable); Allied Research International, Inc. (Florida) (6246); Allied Research International India, LLC (not applicable); Allied Research International U.S., LLC (not applicable); BA Research Co. (not applicable); BA Research International Holdings, LLC (not applicable); BA Research International, L.P. (0418); BARI Management, LLC (not applicable); BARI Merger Sub, LLC (not applicable); BARI Partners, G.P. (0418); Bioassay Research Co. (5944); CRS Management, Inc. (2856); CRS Real Estate Holdings LLC (not applicable); Diabetes and Glandular Disease Research Associates, Inc. (1817); Gateway Medical Research, Inc. (0344); PRACS Dermatology, LLC (not applicable); PRACS Institute, Ltd. (7073); Specialty Research, Inc. (5373).  Cetero's corporate headquarters is located at 2000 Regency Parkway, Suite 255, Cary, North Carolina 27518.

packages, including the form of ballot, and procedures for the distribution of the solicitation

packages; and (d) approving the voting record date and voting deadline.  In addition, while *not*

seeking approval of the disclosure statement *at this time*, Cetero requests that the Court approve

the disclosure statement at the combined hearing as part of the order confirming the plan.  In

support hereof, Cetero respectfully represents as follows:

## BACKGROUND

1.      On March 26, 2012 (the "Petition Date"), Cetero commenced voluntary cases

under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court (the

"Chapter 11 Cases")[2] with significant support from its prepetition secured lenders for a

comprehensive restructuring process, including a sale of substantially all of its assets (the

"Sale")[3] followed by prosecution of a chapter 11 plan (the "Plan").[4]

2.      To this end, shortly before the Petition Date, Cetero entered into an asset purchase

agreement (the "Asset Purchase Agreement")[5] with a designee of the agents for Cetero's first

lien prepetition lenders for the sale of substantially all of the assets of Cetero pursuant to a court-

supervised sale process.  At the same time, approximately seventy percent of Cetero's first lien

and second lien prepetition secured lenders pledged their support for Cetero's sale efforts by

---

[2]     The Chapter 11 Cases have been consolidated for procedural purposes only, and are jointly administered
pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

[3]     Specifically, on the Petition Date, Cetero filed its *Motion, Pursuant to Bankruptcy Code Sections 105(a), 363,
365, 503 and 507, Bankruptcy Rules 2002, 3007, 6004, 6006, 9007 and 9014 and Local Rule 6004-1, for:
(A) Order (I) Approving Bidding Procedures in Connection with Sale of Assets of Cetero, (II) Approving Form
and Manner of Notice, (III) Scheduling Auction and Sale Hearing, (IV) Authorizing Procedures Governing
Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (V) Granting Related
Relief; and (B) Order (I) Approving Purchase Agreement, (II) Authorizing Sale Free and Clear of All Liens,
Claims, Encumbrances, and Other Interests, and (III) Granting Related Relief* [Docket No. 15] (the "Sale
Motion"), which provides for the sale of all or substantially all of Cetero's assets.

[4]     The current draft of the Plan is attached hereto as Exhibit E.  The draft Plan is attached for the Court's
convenience only, and Cetero reserves all rights with respect thereto.

[5]     *See* Exhibit B to Sale Motion.

entering into a sale support agreement (the "Sale Support Agreement") with Cetero.[6]  On April

13, 2012, the Bankruptcy Court approved Cetero's marketing and sale process and bidding

procedures with respect thereto.  *See* Docket No. 111.

       3.      Also based on prepetition negotiations, certain of Cetero's prepetition lenders

agreed to provide postpetition financing to Cetero pursuant to that certain Senior Secured

Priming and Superpriority Debtor-in-Possession Credit Agreement (the "DIP Facility").[7]  Under

the DIP Facility, Cetero secured interim approval of its postpetition financing, which closed on

March 27, 2012, providing Cetero access to $2,400,000 in new postpetition funding pending a

later hearing to consider final approval of the DIP Facility in the aggregate amount of

$15 million.  *See* Docket No. 45.

       4.      On April 5, 2012, the Office of the United States Trustee appointed an official

committee of unsecured creditors (the "Committee") in the Chapter 11 Cases.  Thereafter, the

Committee objected to the Sale Motion [Docket No. 102] and final approval of the DIP Facility

[Docket No. 126].  Even prior to these filings, however, Cetero, the Committee, and counsel to

the US First Lien Agent (as defined in the Global Settlement Agreement) already were engaged

in substantive negotiations regarding a potential global settlement of the Committee's concerns

in the Chapter 11 Cases.  After extensive, good faith negotiations, these entities presented a

settlement agreement to the Court, which resolved all of the Committee's outstanding issues and

objections related to final approval of the DIP Facility, announced the Parties' support for the

---

[6]    The Sale Support Agreement was attached as Exhibit A to the *Declaration of Michael T. Murren in Support of Cetero's First-Day Motions* [Docket No. 2].

[7]    *See Motion for Entry of Interim and Final Orders (I) Authorizing Cetero (A) to Obtain Postpetition Secured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 353, (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* [Docket No. 13] (the "DIP Motion").

upcoming sale, and provided for the orderly resolution of the Chapter 11 Cases as well as the

employee incentive plan to properly incentivize key employees in Cetero's restructuring (the

"Global Settlement Agreement").  *See* Docket No. 201.  The Global Settlement Agreement

earmarked up to $1,500,000 for payment of (a) allowed professional and all other administrative

expense claims of the advisors and members of the Committee, in their capacity as such, and (b)

allowed prepetition unsecured claims, including, without limitation, allowed priority unsecured

claims described in section 507(a) of the Bankruptcy Code and allowed claims asserted entitled

to priority under section 503(b)(9) of the Bankruptcy Code.

     5.     At the hearing on May 9, 2012, the Court approved the DIP Facility on a final

basis [Docket No. 251] and approved the Global Settlement Agreement [Docket No. 258].

## JURISDICTION

     6.     The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference from the United States District Court for the District of Delaware*

dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

     7.     The statutory bases for the relief requested herein are sections 105(a), 105(d),

502, 1123(a), 1124, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002,

3003, 3016, 3017, 3018, and 3020, and Rules 2002-1 and 3017-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules").

## RELIEF REQUESTED

     8.     With the successful closing of the sale of substantially all of Cetero's assets on

June 20, 2012, Cetero now seeks to move forward to the solicitation and plan confirmation

phase.  To that end, Cetero intends to file the Plan and a related disclosure statement (the "Disclosure Statement")[8] shortly after the Court has approved the relief requested herein. Moreover, to ensure a speedy exit from chapter 11 and protect the interest of all creditors, Cetero proposes a streamlined solicitation and confirmation process leading toward a combined hearing on the Disclosure Statement and the Plan.

9.      Specifically, by this Motion, Cetero seeks entry of an order, substantially in the form attached hereto as Exhibit A (the "Solicitation Procedures Order"), granting the following relief:

   a.    scheduling a combined hearing to consider approval of the Disclosure Statement and confirmation of the Plan, and approving procedures for objection to approval of the Disclosure Statement and confirmation of the Plan;

   b.    approving the form and manner of the notice of the combined hearing on the approval of the Disclosure Statement and confirmation of the Plan;

   c.    approving the solicitation materials and documents to be included in the solicitation packages as described herein, including the form of the ballot, and the procedures for the distribution of such materials and documents; and

   d.    approving the voting procedures, including the voting record date and the voting deadline, and the standard assumptions in tabulating ballots as described herein.

10.     Cetero proposes the following timeline to solicit votes on the Plan and seek confirmation thereof:

---

[8]    The current draft of the Disclosure Statement is attached hereto as Exhibit F.  The draft Disclosure Statement is attached for the Court's convenience only, and Cetero reserves all rights with respect thereto.

| Voting Record Date: | July 16, 2012 |
|---|---|
| File Disclosure Statement and Plan: | July 16, 2012 |
| Commence Solicitation: | July 20, 2012 |
| Initial Filing of Plan Supplement: | August 7, 2012 |
| Voting Deadline: | August 17, 2012 |
| Deadline to Object to Approval of Disclosure Statement and Confirmation of Plan: | August 17, 2012 |
| Combined Hearing: | September 5, 2012 |

11.     Finally, by this Motion, Cetero also seeks approval of the Disclosure Statement,

which shall be considered at the proposed combined hearing on September 5, 2012, or a date as

soon thereafter as counsel may be heard.  Accordingly, Cetero requests that the order confirming

the Plan also approve the Disclosure Statement.

## BASIS FOR THE RELIEF REQUESTED

**A.     Timeline And Procedures For Approval Of Disclosure Statement And Confirmation Of Plan**

*(i)     Scheduling A Combined Hearing*

12.     In accordance with sections 105(d) and 1128 of the Bankruptcy Code and

Bankruptcy Rule 3017(c), Cetero requests that the Court enter an order scheduling a combined

hearing on (a) the approval of the Disclosure Statement and (b) confirmation of the Plan (such

hearing, the "Combined Hearing") on **September 5, 2012**, or a date as soon thereafter as counsel

may be heard.

13.     Section 105(d) of the Bankruptcy Code specifically authorizes the Court to

combine the hearing on approval of a disclosure statement with the hearing on confirmation of a

plan where the court deems it appropriate to ensure that the case is handled expeditiously and

economically.  *See* 11 U.S.C. § 105(d)(2)(B)(vi).  *See also In re Gulf Coast Oil Corp.*, 404 B.R.

407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure

statements in small business cases and § 105(d) authorizes the court to combine them in other

cases."); *In re Luminent Mortgage Capital Inc.*, Case No. 08-21389 (Bankr. D. Md. May 15, 2009).[9]

14.     Cause exists for combining the hearing on approval of the Disclosure Statement and confirmation of the Plan in the Chapter 11 Cases.  Cetero anticipates no significant opposition to the approval of the Disclosure Statement given that (a) the Sale has successfully closed, (b) a global settlement has been reached with the Committee, and (c) the only classes entitled to vote on the Plan are the prepetition first lien lenders and the prepetition second lien lenders, and a majority of these creditors have already agreed to vote to accept the Plan.  Cetero further submits that a combined hearing will expedite Cetero's emergence from chapter 11 and will thereby aid Cetero in saving the unnecessary time and administrative expense associated with separate disclosure statement and plan confirmation hearings.  The preservation of Cetero's limited resources by expediting the confirmation process will also enhance the feasibility of the Plan.

                    *(ii)     Objection Deadline*

15.     Cetero requests that any objections to the approval of the Disclosure Statement and/or confirmation of the Plan must be filed with the Court and served so as to be **actually received** on or before **August 17, 2012 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline") by the following parties (collectively, the "Notice Parties"):[10]

          a.     counsel for Cetero, Paul Hastings LLP, 191 North Wacker Drive, Thirtieth Floor, Chicago, Illinois 60606, Attn: Marc J. Carmel, Email: marccarmel@paulhastings.com, and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: M. Blake Cleary, Email: mbcleary@ycst.com;

---

[9]     Copies of the order are available upon request to Cetero's counsel.

[10]     Pursuant to Bankruptcy Rules 3017(a) and 3020(b)(1), such objections must be filed and served "within a time fixed by the court."

    b.      the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Attn: David M. Klauder;

    c.      counsel for the Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Bradford J. Sandler, Email: bsandler@pszjlaw.com, and 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067-4003, Attn: Shirley S. Cho, Email: scho@pszjlaw.com; and

    d.      counsel to the U.S. agent under Cetero's prepetition secured credit facilities, Latham & Watkins LLP, 233 South Wacker Drive, Suite 5800, Chicago, Illinois 60606, Attn: Peter Knight, Email: peter.knight@lw.com.

16.    Cetero requests that the Court (a) require that any holder of a claim who desires to object to or not be bound by the third party release contained in the Plan (the "Third Party Release") must file an objection to the Plan objecting to the Third Party Release in accordance with the foregoing procedures and (b) order that for all holders of claims that do not object, the Third Party Release is enforceable.  In addition, a vote to reject the Plan shall be deemed an objection to the Third Party Release.

17.    Further, Cetero requests that the Court direct the manner in which parties in interest may object to approval of the Disclosure Statement and/or confirmation of the Plan. Specifically, Cetero requests that any objections to approval of the Disclosure Statement and/or confirmation of the Plan (or requests for modifications to the Plan, if any) must:

    a.      be in writing;

    b.      conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court;

    c.      state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and

    d.      be filed with the Court (contemporaneously with a proof of service) and served upon the Notice Parties so as to be **actually** **received** on or before the Objection Deadline.

18.     Cetero believes that the Objection Deadline for filing and service of objections (and proposed modifications, if any) will afford the Court, Cetero, and other parties in interest reasonable time to consider the objections and proposed modifications prior to the Combined Hearing.

*(iii)     Notice Of Combined Hearing And Manner Of Service Thereof*

19.     Bankruptcy Rules 2002(b) and 3017(a) require no less than 28 days' notice to all creditors, equity security holders, and parties in interest of (a) the time for filing objection to the approval of the disclosure statement and (b) the hearing on the approval of the disclosure statement.  Similarly, Bankruptcy Rules 2002(b) and 3017(d) require no less than 28 days' notice to all creditors, equity security holders, and parties in interest of (a) the time for filing objection to confirmation of the plan and (b) the hearing on confirmation of the plan.  In addition, Local Rule 3017-1(a) provides that the proponent of the plan shall obtain hearing and objection dates from the Court and shall provide notice of those dates in accordance with Bankruptcy Rule 3017. Del. Bankr. L.R. 3017-1(a).

20.     Cetero proposes to serve notice of the Combined Hearing, substantially in the form attached hereto as Exhibit B and incorporated herein by reference (the "Combined Hearing Notice"), on all known holders of claims and equity interests and parties in interest (regardless of whether such entities are entitled to vote on the Plan) shortly after Cetero files the Plan and Disclosure Statement with the Court, but in no event later than July 20, 2012, thereby providing parties in interests at least 28 days notice of the Objection Deadline and the Combined Hearing. Specifically, Cetero proposes to serve the Combined Hearing Notice on their **entire** creditor matrix, which includes more than 35,000 entities.

21.     The Combined Hearing Notice will include the following: (a) instructions as to how to view or obtain copies of the Disclosure Statement and the Plan (including exhibits), the

Solicitation Procedures Order, and all other related materials from the Voting and Claims Agent, Cetero's restructuring website at http://dm.epiq11.com/crs (the "Website"), or the Court's website via PACER; (b) notice of the Voting Deadline (as defined below); (c) notice of the Objection Deadline; and (d) notice of the date of the Combined Hearing and information related thereto, including an explanation that creditors who desire to object to or not be bound by the Third Party Release must file an objection to the Plan in accordance with the procedures set forth herein. In addition, the Combined Hearing Notice will explain that only holders of prepetition first lien claims and prepetition second lien claims will be entitled to vote to accept or reject the Plan. All other holders of claims and/or equity interests are either (a) not impaired under the Plan, and therefore conclusively presumed to have accepted the Plan, or (b) impaired and deemed to have rejected the Plan.

22.    Cetero requests that the Combined Hearing may be continued from time to time by the Court or Cetero without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court.

23.    Further, Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l). Therefore, in addition to the foregoing distribution of the Combined Hearing Notice, Cetero proposes to publish the Combined Hearing Notice, substantially in the form attached hereto as Exhibit C and incorporated herein by reference (the "Publication Notice"), on one occasion on or before July 20, 2012 in the national editions of *The New York Times* (in the United States) and *The Globe & Mail* (in Canada). Cetero believes that the Publication Notice will provide sufficient notice of, among other things, the entry of the Solicitation Procedures Order, the Voting Deadline, the Objection Deadline, and the Combined

Hearing to entities who did not otherwise receive notice thereof by mail.  Additionally, service of the Combined Hearing Notice and publication of the Publication Notice comports with the requirements of Bankruptcy Rule 2002 and should be approved.

24.     Cetero submits that the Combined Hearing Notice, the Publication Notice, and the foregoing procedures comport with the requirements of Bankruptcy Rule 2002, constitute sufficient notice of the Combined Hearing, and should therefore be approved.

**B.      Materials and Timeline for Soliciting Votes on the Plan**

*(i)      Form Of Ballot*

25.     In accordance with Bankruptcy Rule 3018(c), Cetero has prepared and customized a form of ballot, substantially in the form attached hereto as <u>Exhibit D</u> and incorporated herein by reference (the "<u>Ballot</u>").  Although based on Official Form No. 14, the Ballot has been modified to (a) address the particular circumstances of the Chapter 11 Cases and (b) include certain additional information that is relevant and appropriate for the claims of the prepetition first lien lenders and the prepetition second lien lenders, the only two classes of claims that will be entitled to vote to accept or reject the Plan (the "<u>Voting Classes</u>").

26.     Cetero respectfully submits that the form of the Ballot complies with Bankruptcy Rule 3018(c) and, therefore, should be approved.

*(ii)      Form And Manner Of Service Of Solicitation Packages*

27.     Bankruptcy Rule 3017(d) specifies the materials to be distributed to holders of claims or equity interests, including a copy of the plan and disclosure statement and notice of the time within which acceptances and rejections of the plan may be filed.

28.     In accordance with this requirement, Cetero proposes to send solicitation packages to provide holders of claims in each Voting Class with the information they need to be able to make informed decisions with respect to how to vote on the Plan.  Specifically, on or

before July 20, 2012 (the "Solicitation Deadline"), Cetero will cause solicitation packages (the "Solicitation Packages") to be distributed by first-class U.S. mail to the holders of prepetition first lien claims and prepetition second lien claims.  The Solicitation Packages will include the following materials:

      a.      a Ballot, together with detailed voting instructions and a pre-addressed, postage prepaid return envelope;

      b.      the Combined Hearing Notice;

      c.      the Disclosure Statement (with exhibits thereto, including the Plan);

      d.      the Solicitation Procedures Order; and

      e.      such other materials as the Court may direct.

29.    Additionally, Cetero will provide (a) complete Solicitation Packages to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and counsel to the administrative agents for Cetero's prepetition secured credit facilities and (b) the Solicitation Procedures Order and the Combined Hearing Notice to all entities on who have requested to be notified under Bankruptcy Rule 2002 and Local Rule 2002-1 as of the Voting Record Date (as defined below) (collectively, the "2002 List").

30.    Cetero respectfully requests that Epiq Bankruptcy Solutions, LLC[11] (the "Voting and Claims Agent") be authorized (to the extent not authorized by another order of the Court) to assist Cetero in: (a) distributing the Solicitation Packages; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by holders of claims in the Voting Classes; and

---

[11]    Epiq Bankruptcy Solutions, LLC was retained by Cetero as notice and claims agent by orders of the Bankruptcy Court (a) dated March 27, 2012, entitled *Order, Pursuant to Section 156(c) of Title 28 of the United States Code, Bankruptcy Code Section 105(a), and Local Rule 2002-1(f), Authorizing Cetero to Retain and Employ Epiq Bankruptcy Solutions, LLC as Notice and Claims Agent, Nunc Pro Tunc to the Petition Date* [Docket No. 35], and (b) dated April 24, 2012, entitled *Order, Pursuant to Sections 327(a), 330 and 331, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, Authorizing Cetero to Retain and Employ Epiq Bankruptcy Solutions, LLC as Administrative Advisor, Nunc Pro Tunc to Petition Date* [Docket No. 175].

(c) responding to inquiries from holders of claims and equity interests and other parties in

interest relating to the Disclosure Statement, the Plan, the Ballot, the Solicitation Packages, and

all other related documents and matters related thereto, including the procedures and

requirements for voting to accept or reject the Plan and for objecting to the Plan.

> *(iii)    Non-Voting Classes*

31.    As noted above, Cetero will serve the Combined Hearing Notice on its entire

creditor matrix.  The Combined Hearing Notice will state that other than the Voting Classes, no

holders of claims or equity interests are entitled to vote to accept or reject the Plan.  Cetero

believes that the mailing of Combined Hearing Notice in lieu of Solicitation Packages satisfies

the requirements of Bankruptcy Rule 3017(d).

> *(iv)    The Voting Record Date And Voting Deadline*

32.    Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in

connection with the confirmation of a plan, "creditors and equity security holders shall include

holders of stocks, bonds, debentures, notes, and other securities of record on the date the order

approving the disclosure statement is entered or another date fixed by the court, for cause, after

notice and a hearing."  Fed. R. Bankr. P. 3017(d).  Bankruptcy Rule 3018(a) contains a similar

provision regarding determination of the record date for voting purposes.  Additionally, Local

Rule 3017-1(b) provides that "[t]he plan proponent shall timely file a motion to be heard at a

disclosure statement hearing for approval of the voting procedures, including the form of ballots,

the voting agent and the manner and time of voting."  Del. Bankr. L.R. 3017-1(b).

33.    Cetero requests that the Court exercise its authority under Bankruptcy

Rules 3017(d) and 3018(a) and Local Rule 3017-1(c) to establish **July 16, 2012** (the "<u>Voting</u>

<u>Record Date</u>"), as the date for determining (a) the holders of claims entitled to vote to accept or

reject the Plan and (b) whether claims have been properly transferred to an assignee pursuant to

Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of such claim. Moreover, Cetero proposes that, with respect to any transferred claim, the transferee shall be entitled to receive a Solicitation Package and, if the holder of such claim is entitled to vote with respect to the Plan, cast a Ballot on account of such claim *only if* (a) all actions necessary to effectuate the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date or (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer. If a claim is transferred after the Voting Record Date, the transferee of such claim shall be bound by any vote on the Plan made by the holder of such claim as of the Voting Record Date.

34.    Cetero requests that, after Cetero distributes Solicitation Packages to holders of claims in the Voting Classes*,* the Court require that all holders of claims in the Voting Classes complete, execute, and return their Ballots so that they are **actually** **received** by the Voting and Claims Agent on or before **August 17, 2012 at 4:00 p.m. (prevailing Eastern Time)** (the "Voting Deadline").

35.    The foregoing timing and materials will afford holders of claims in the Voting Classes at least 28 days within which to review and analyze such materials and subsequently make an informed decision as to whether to vote to accept or reject the Plan before the Voting Deadline consistent with the requirements of the applicable Bankruptcy Rules. *See* Fed. R. Bankr. P. 3017(d). Accordingly, Cetero requests that the Court approve the form of, and Cetero's proposed procedures for distributing, the Solicitation Packages to the holders of claims in the Voting Classes.

(v)    *The Voting And Tabulation Procedures*

36.    Section 1126(c) of the Bankruptcy Code provides as follows:

A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

37.    Cetero proposes the following procedures for tabulation of votes to accept or reject the Plan (the "<u>Vote Tabulation Procedures</u>"):

a.    All votes to accept or reject the Plan must be cast by completing the Ballot.  Votes that are cast in any other manner will not be counted.

b.    To be considered as acceptances or rejections of the Plans, all Ballots must be properly completed, executed, marked, and **<u>actually received</u>**, via United States mail, overnight mail, or hand delivery by the Voting and Claims Agent on or before the Voting Deadline.

c.    Pursuant to section 1126(e) of the Bankruptcy Code, a vote may be disregarded if the Court determines, after notice and a hearing, that it was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code.

d.    Any executed Ballot received by the Voting and Claims Agent that either (i) does not indicate an acceptance or rejection of the Plan or (ii) indicates both an acceptance and rejection of the Plan, will not be counted.

e.    Except to the extent determined by Cetero in its discretion or as otherwise permitted by the Court, Cetero will not accept or count any Ballots received after the Voting Deadline.

f.    Votes cast by holders of claims in each class under the Plan will be tabulated separately by class.

g.    Voters may not split their vote and, accordingly, a Ballot that partially rejects and partially accepts will not be counted.

h.    If multiple Ballots are received from or on behalf of an individual holder of a claim with respect to the same claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede any prior received ballot.  If more than one Ballot for the same claim is received simultaneously by the Voting and Claims Agent but reflect conflicting votes on the Plan, such Ballots shall not be counted.

i.      Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by completing and casting a superseding Ballot so that it is received on or before such deadline. Entities desiring to change their votes after the Voting Deadline may only do so if they file a motion with the Court with sufficient notice so that it can be heard and considered prior to or at the Confirmation Hearing and they demonstrate "cause" pursuant to Bankruptcy Rule 3018(a).

j.      The authority of the signatory of each Ballot shall be presumed; *provided, however*, that Cetero may at any time request proper evidence of authority to sign the Ballot.

k.      Cetero or its agents shall have discretion to determine if a Ballot properly complies with these Vote Tabulation Procedures and the voting instructions accompanying the Ballots.

## C.      Approval Of The Disclosure Statement

38.      As noted above, Cetero intends to seek approval of the Disclosure Statement at the Combined Hearing. By this motion, Cetero submits that the Disclosure Statement will contain adequate information and accordingly requests that the Court approve the Disclosure Statement as part of the order confirming the Plan.

### (i)      The Disclosure Statement Will Contain Adequate Information

39.      Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired claims and interests entitled to vote on the plan. Specifically, section 1125(a)(1) of the Bankruptcy Code states, in relevant part:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

40.    The primary purpose of a disclosure statement is to provide all material information that creditors and interest holders affected by a proposed plan need to make an informed decision regarding whether or not to vote for the plan.  *See, e.g., Century Glove, Inc. v. First Am. Bank of New York*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir. 1985); *In re Phoenix Petroleum Co.,* 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001); *In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987).  Congress intended that such informed judgments would be needed to both negotiate the terms of, and vote on, a plan of reorganization.  *Century Glove*, 860 F.2d at 100.

41.    "Adequate information" is a flexible standard, based on the facts and circumstances of each case.  *See* 11 U.S.C. § 1125(a)(1); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *First Am.  Bank of New York (FAB)* v. *Century Glove, Inc.,* 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95- 989, at 121 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will necessarily be governed by the circumstances of the case.").

42.    Courts within the Third Circuit and elsewhere acknowledge that determining what constitutes "adequate information" for the purpose of satisfying section 1125 of the Bankruptcy Code resides within the broad discretion of the court.  *See, e.g.*, *In re River Village Assocs.*, 181 B.R. 795, 804 (E.D. Pa. 1995); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001); *Texas Extrusion Corp.* v. *Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142,

1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis.  This determination is largely within the discretion of the bankruptcy court."); *In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008) ("The standard for disclosure is, thus, flexible and what constitutes 'adequate disclosure' in any particular situation is determined on a case-by-case basis, with the determination being largely within the discretion of the bankruptcy court.") (internal citation omitted); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (D.N.J. 2005).

43.   Courts look for certain information when evaluating the adequacy of the disclosures in a proposed disclosure statement, including:

    a.   the events that led to the filing of a bankruptcy petition;

    b.   the relationship of the debtors and their affiliates;

    c.   a description of the available assets and their value;

    d.   the anticipated future of the debtors;

    e.   the source of information stated in the disclosure statement;

    f.   the present condition of the debtors while in chapter 11;

    g.   claims asserted against the debtors;

    h.   the estimated return to creditors under a chapter 7 liquidation;

    i.   the future management of the debtors;

    j.   the chapter 11 plan or a summary thereof;

    k.   financial information, valuations, and projections relevant to the creditors' decision to accept or reject the chapter 11 plan;

    l.   information relevant to the risks posed to creditors under the plan;

    m.   the actual or projected realizable value from recovery of preferential or otherwise voidable transfers;

    n.   litigation likely to arise in a nonbankruptcy context; and

o.      tax attributes of the debtors.

*See In re U.S. Brass Corp.,* 194 B.R. 420, 424-25 (Bankr. E.D. Tex. 1996); *see also In re Scioto*

*Valley Mortg. Co.,* 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (listing the factors courts have

considered in determining the adequacy of information provided in a disclosure statement); *In re*

*Metrocraft Pub. Serv., Inc.,* 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (same).  Disclosure

regarding all topics is not necessary in every case.  *In re U.S. Brass*, 194 B.R. at 425; *see also In*

*re Phoenix Petroleum Co.,* 278 B.R. at 393.

44.      Cetero believes that the Disclosure Statement will contain more than sufficient

information for a hypothetical reasonable investor to make an informed judgment about the Plan,

including a description of each of the following topics:

a.      Cetero's business;

b.      Cetero's restructuring efforts, including a description of the factors leading
to the Chapter 11 Cases;

c.      the purposes of the Plan;

d.      the classification and treatment of claims and equity interests;

e.      the provisions governing distributions under the Plan;

f.      the means for implementing the Plan;

g.      the treatment of executory contracts and unexpired leases;

h.      the effect of confirmation and effectiveness of the Plan; and

i.      voting and confirmation procedures.

45.      Based on the foregoing, Cetero submits that the Court should determine that the

Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and

addresses the information set forth above in a manner that provides adequate information to

holders of claims entitled to vote to accept or reject the Plan.

      (ii)     *The Disclosure Statement Will Provide Sufficient Notice Of Injunction,*
                  *Exculpation, And Release Provisions In The Plan*

46.      Bankruptcy Rule 3016(c) requires that, if a plan provides for an injunction against conduct not otherwise specifically enjoined under the Bankruptcy Code, the plan and disclosure statement must describe, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction.

47.      The Plan will describe in detail the entities subject to an injunction under the Plan and the acts that they are enjoined from pursuing.  Further, the injunction provision in the Plan will be capitalized, making it conspicuous to anyone who reads it.  Accordingly, Cetero respectfully submits that the Court determine that the Disclosure Statement complies with Bankruptcy Rule 3016(c) by conspicuously describing the conduct and entities enjoined by the Plan.

48.      Moreover, the Combined Hearing Notice and the Disclosure Statement will specifically indicate that the Third Party Release will be enforceable against all holders of claims, unless they object to the Plan in accordance with the procedures set forth herein.

## <u>NON-SUBSTANTIVE MODIFICATIONS</u>

49.      Cetero requests authorization to make non-substantive changes to the Combined Hearing Notice, Solicitation Packages, the Ballot, the Publication Notice, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to any other materials in the Solicitation Packages before distribution.

## <u>NOTICE</u>

50.      Cetero has provided notice of this Motion by either electronic mail, facsimile, or first class mail to: (a) the Office of the United States Trustee for the District of Delaware; (b)

counsel to the official committee of unsecured creditors; (c) the agents to Cetero's secured financing facilities; and (d) those parties who have formally filed request for notice to these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

51.     No previous request for the relief sought herein has been made by Cetero to this or any other court.

*[remainder of page intentionally left blank]*

**WHEREFORE**, Cetero respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting Cetero such other and further relief as is just and proper.

Dated: June 22, 2012
      Wilmington, Delaware

*/s/ Andrew L. Magaziner*
M. Blake Cleary (No. 3614)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

Luc A. Despins
G. Alex Bongartz
Sung Ho Choi
PAUL HASTINGS LLP
Park Avenue Tower
75 East 55th Street, First Floor
New York, New York 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

-and-

Marc J. Carmel
Christian M. Auty
PAUL HASTINGS LLP
191 North Wacker Drive, Thirtieth Floor
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

*Counsel to the Debtors*
*and Debtors in Possession*