IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CONTRACT RESEARCH SOLUTIONS, ) | Case No. 12-11004 (KJC) |
| INC., *et al.*,[1] ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | **Related Docket Nos. 13, 45** |

**Opposition Deadline: July 5, 2012**
**Hearing Date: July 12, 2012 at 2:00 p.m. (ET)**

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' MOTION (I) FOR AN ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 502, 1123(a), 1124, 1125, 1126, AND 1128, BANKRUPTCY RULES 2002, 3003, 3016, 3017, 3018, AND 3020, AND LOCAL RULES 2002-1 AND 3017-1: (A) SCHEDULING A COMBINED HEARING ON APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN; (B) APPROVING FORM AND MANNER OF NOTICE OF COMBINED HEARING; (C) APPROVING SOLICITATION PACKAGES, INCLUDING FORM OF BALLOT, AND PROCEDURES FOR DISTRIBUTION OF SOLICITATION PACKAGES; AND (D) APPROVING VOTING RECORD DATE AND VOTING DEADLINE, AND (II) REQUESTING <u>APPROVAL OF DISCLOSURE STATEMENT AT COMBINED HEARING</u>**

The Official Committee of Unsecured Creditors (the "Committee") of Contract Research Solutions, Inc. and its affiliated debtors (the "Debtors") respectfully submits this limited objection (the "Objection") to the Debtors' *Motion (I) for an Order, Pursuant to*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, as applicable, are: Contract Research Solutions, Inc. (3750); Allied Research Holdings Inc. (not applicable); Allied Research International, Inc. (Ontario) (not applicable); Allied Research International, Inc. (Florida) (6246); Allied Research International India, LLC (not applicable); Allied Research International, U.S., LLC (not applicable); BA Research Co. (not applicable); BA Research International Holdings, LLC (not applicable); BA Research International, L.P. (0418), BARI Management, LLC (not applicable); BARI Merger Sub, LLC (not applicable); BARI Partners, G.P. (0418); Bioassay Research Co. (5944); CRS Management, Inc. (2856); CRS Real Estate Holdings LLC (not applicable); Diabetes and Glandular Disease Research Associates, Inc. (1817); Gateway Medical Research, Inc. (0344); PRACS Dermatology, LLC (not applicable); PRACS Institute, Ltd. (7073); Specialty Research, Inc. (5373). Cetero's corporate headquarters is located at 2000 Regency Parkway, Suite 255, Cary, North Carolina 27518.

*Bankruptcy Code Sections 105, 502, 1123(a), 1124, 1125, 1126, and 1128, Bankruptcy Rules 2002, 3003, 3016, 3017, 3018, and 3020, and Local Rules 2002-1 and 3017-1: (A) Scheduling A Combined Hearing on Approval of Disclosure Statement and Confirmation of Plan; (B) Approving Form and Manner of Notice of Combined Hearing; (C) Approving Solicitation Packages, Including Form of Ballot, and Procedures for Distribution of Solicitation Packages; and (D) Approving Voting Record Date and Voting Deadline, and (II) Requesting Approval of Disclosure Statement At Combined Hearing* [Docket No. 434] (the "Motion").  In furtherance of its Objection, the Committee respectfully states as follows:

## LIMITED OBJECTION

1. The Committee supports the relief requested in the Motion generally including approval of the Disclosure Statement and the Plan.[2]  The Committee has had the opportunity to review and substantively comment on such documents, which comments were incorporated into the Motion and the Disclosure Statement except for the one item discussed below.

2. As currently drafted, the Debtors propose that the general unsecured claims bar date, the priority claims bar date, and the administrative claims bar date (the "Bar Dates") occur 45 days *after* the Effective Date under the Plan.  The Committee requested that the Bar Dates be set for some time prior to the confirmation of the hearing on the Plan, but the Debtors refused, citing to the cost of notice of the Bar Dates and the fact that the assumption or rejection of several executory contracts are still pending after the sale of the company.  The Debtors contend that setting the Bar Dates prior to confirmation will increase the administrative

---

[2] Capitalized terms not defined herein have the meaning ascribed to them in the Motion.

costs of reconciling claims that be satisfied via assumption or payments in the ordinary course of business.

3.  The Committee respectfully disagrees with the Debtors' position.  The Plan is a liquidating Plan.  The Debtors have sold substantially all of their assets as of June 19, 2012 and are now in possession of a limited and finite amount of cash from the sale proceeds after satisfaction of the DIP loan obligations.  Because the Debtors are not reorganizing debtors, in order to be in a position to confirm the Plan, the Committee and this Court need to understand the amount of priority claims and pre-closing administrative claims that may exist in order to determine whether or not the feasibility requirement can be met under the Bankruptcy Code.

4.  The notice of the Bar Dates can be included in the Confirmation Hearing Notice, so there should be no extra cost to the estate.  In every case where a bar date is set prior to the assumption / rejection deadline, there will be protective claims filed by creditors.  However, that is not a compelling reason not to set a bar date particularly where the Debtors propose to confirm a plan within a certain timeframe.  Without setting the Bar Dates prior to the confirmation hearing, this Court and the Committee have no way to determine whether sufficient funds on hand exist to pay priority or administrative claims in full.

5.  The alternative solution is that the Plan confirmation hearing be scheduled for some time after the final date for determination by the purchaser of whether to assume or reject outstanding executory contracts, which the Debtors have also rejected.  Unfortunately, the Debtors and the Committee are at an impasse on this issue and require the Court's intervention.

WHEREFORE, for the foregoing reasons, the Committee requests that the Motion be modified to require that the Bar Dates be set prior to the confirmation hearing on the Plan.

Dated: July 5, 2012

        PACHULSKI STANG ZIEHL & JONES LLP

        */s/ Bradford J. Sandler*
        Bradford J. Sandler (Bar No. 4142)
        Bruce Grohsgal (Bar No. 3583)
        Peter J. Keane (Bar No. 5503)
        919 North Market Street, 17th Floor
        P.O. Box 8705
        Wilmington, DE  19899-8705 (Courier 19801)
        Telephone:  (302) 652-4100
        Facsimile:   (302) 652-4400
        Email:     bsandler@pszjlaw.com
                   bgrohsgal@pszjlaw.com
                   pkeane@pszjlaw.com

        Counsel to the Official Committee of Unsecured Creditors