**EXHIBIT E**

**Form of Liquidating Trust Agreement**

# LIQUIDATING TRUST AGREEMENT[1]

This Liquidating Trust Agreement (the "Agreement") dated as of _____, 2012 is by and between Contract Research Solutions, Inc. and its affiliates who are signatories hereto (collectively, the "Debtors") and United Bankruptcy Services, LLC, as trustee (the "Liquidating Trustee") under the terms of the *Joint Liquidating Chapter 11 Plan of Contract Research Solutions, Inc. et al.* (the "Plan") in the Debtors' chapter 11 bankruptcy cases currently pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") with a caption of In re Contract Research Solutions, Inc., et al., Case No. 12-11004 (KJC) (Jointly Administered), to implement the Trust for the benefit of the Beneficiaries under the terms of the Plan, as confirmed by the Bankruptcy Court by Order dated _____, 2012.

## WITNESSETH

WHEREAS, the Trust is created pursuant to, and to effectuate, the Plan;

WHEREAS, the Trust is created on behalf, and for the sole benefit, of the Beneficiaries pursuant to the Plan;

WHEREAS, the Trust is established (A) for the purpose of collecting, holding, administering, distributing, and liquidating the GUC Designated Funds for the benefit of the Beneficiaries in accordance with the terms of this Agreement and the Plan and (B) with no objective to continue or engage in the conduct of a trade or business, except to the extent necessary to, and consistent with, the Plan;

WHEREAS, pursuant to the Plan, the Debtors, the Liquidating Trustee, the Trust and the Beneficiaries are required to treat, for all federal income tax purposes, the transfer of the Trust Assets to the Trust as a transfer of the Trust Assets by the Debtors to the Beneficiaries in

---

[1] As set forth in Section 1.2 of this Agreement, all capitalized terms not otherwise defined in this Agreement shall have the meaning ascribed to such terms in the Plan.

satisfaction of the Beneficiaries' Allowed Claims, followed by a transfer of the Trust Assets by the Beneficiaries to the Trust in exchange for the beneficial interest herein, and to treat the Beneficiaries as the grantors and owners of the Trust for federal income tax purposes;

WHEREAS, pursuant to the Plan, the Trust is intended to be treated as a grantor trust for federal income tax purposes within the meaning of Sections 671-677 of the Internal Revenue Code of 1986 (as amended, the "IRC");

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein and in the Plan, the Debtors and the Liquidating Trustee agree as follows:

## ARTICLE  I

## DEFINITIONS AND INTERPRETATIONS

1.1    Definitions

1.1.1    "Beneficiaries" shall collectively mean the Liquidating Trust Beneficiaries.

1.1.2    "Committee" shall mean the Official Committee of Unsecured Creditors appointed in the Bankruptcy Case.

1.1.3    "Notice Parties" shall mean Beneficiaries who have provided a written request to the Liquidating Trustee pursuant to section 10.2  of this Agreement for notice for those actions requiring notice pursuant to the terms of this Trust.

1.1.4    "Trust" shall mean the Liquidating Trust established pursuant to the terms of this Agreement and the Plan.

1.1.5    "Trust Assets" shall mean the Liquidating Trust Assets, including the GUC Designated Funds and all other rights and powers vesting in the Trust on the Effective Date as set forth more fully in the Plan.

1.2     <u>Use of Plan Definitions</u>.  All capitalized terms  that are used in this Agreement and not otherwise defined in this Agreement shall have the  meaning ascribed to such terms  in the Plan.

1.3     <u>Interpretation</u>.  The headings in this Agreement are for convenience of reference only and shall not limit or otherwise affect the provisions of this Agreement.  Words denoting the singular  shall include the plural  and  words denoting the plural shall include the singular.  Words denoting one gender shall include the other gender.

## ARTICLE  II

## DECLARATION OF TRUST

2.1     <u>Purpose of Trust</u>.  The Debtors and the Liquidating Trustee, pursuant to the Plan and in accordance with Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), hereby create the Trust for the primary purpose of (i) collecting, holding, administering, distributing, and liquidating the Trust Assets for the benefit of the Beneficiaries in accordance with the terms of this Agreement and the Plan and (ii) administering the collection, prosecution, settlement, and abandonment of the Trust Assets.  The activities of the Trust shall be limited to those activities set forth in this Agreement and as otherwise contemplated by the Plan.

2.2     <u>Trust Name</u>.  The name of the Trust shall be the "Contract Research Solutions Liquidating Trust."

2.3     <u>Transfer of Trust Assets.</u>

A.     As of the Effective Date and on behalf of the Beneficiaries, the Debtors hereby grant, release, assign, transfer, convey and deliver all of the Debtors' respective right, title, and interest in and to the Trust Assets to the Liquidating Trust, IN TRUST,  for the

benefit of the Beneficiaries to be held and applied as specified in this Agreement and the Plan. Each of the Debtors shall from time to time as and when reasonably requested by the Liquidating Trustee execute and deliver or cause to be executed and delivered all such additional documents (in recordable form where necessary or appropriate) and each of the Debtors shall take or cause to be taken such further action as the Liquidating Trustee may reasonably deem necessary or appropriate, to vest or perfect in or confirm to the Liquidating Trustee title to and possession of the Trust Assets.

       B.     The Committee shall direct the remaining balance of the GUC Designated Funds held by the Committee's counsel in such counsel's client trust account to be transferred to the Liquidating Trust on or prior to the Effective Date.

       C.     Pursuant to the Plan, all of the Debtors' right, title and interest in and to the Trust Assets are automatically vested in the Trust on the Effective Date, free and clear of all liens, claims, encumbrances, and other interests, and such transfer is on behalf of the Beneficiaries (whether such Beneficiaries' Claims are Allowed Claims on or after the Effective Date of the Plan) to establish the Trust. To the extent any law or regulation prohibits the transfer of ownership of any of the Trust Assets from any of the Debtors to the Liquidating Trustee and such law is not superseded by the Bankruptcy Code, the Liquidating Trustee's interest shall be a lien upon and security interest in such Trust Assets, in trust, nevertheless, for the sole use and purposes set forth in Section 2.1, and this Agreement shall be deemed a security agreement granting such interest thereon without need to file financing statements or mortgages. By executing this Agreement, the Liquidating Trustee hereby accepts all of such property as Trust Assets, to be held in trust for the Beneficiaries, subject to the terms of this Agreement and the Plan.

D.    For all federal income tax purposes, the Debtors, the Beneficiaries, the Liquidating Trustee and the Trust shall treat this Trust as a liquidating trust within the meaning of Treasury Income Tax Regulation Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 124.   The transfer of the Trust Assets to the Trust shall be treated as a transfer of the Trust Assets by the Debtors to the Beneficiaries in satisfaction of  the Beneficiaries' Allowed Claims, followed by a transfer of the Trust Assets by the Beneficiaries to the Trust in exchange for the Beneficiaries' respective beneficial interests in the Trust.  The Beneficiaries shall be treated as the grantors and owners of the Trust for federal income tax purposes.

2.4    <u>Valuation of Trust Assets</u>.  After the Effective Date, but in no event later than the due date for timely filing of the Trust's first federal income tax return (taking into account applicable tax filing extensions), the Liquidating Trustee shall (a) determine the fair market value of the Trust Assets as of the Effective Date, based on  the Liquidating Trustee's good faith determination, and (b) establish appropriate means to apprise the Beneficiaries of such valuation. The valuation shall be used consistently by all parties (including, without limitation, the Debtors, the Trust, the Liquidating Trustee and the Beneficiaries) for all federal income tax purposes.

## ARTICLE  III

## ADMINISTRATION OF THE TRUST

3.1    <u>Rights, Powers and Privileges</u>.  The Liquidating Trustee shall have the rights, powers, and privileges expressly provided to the Liquidating Trustee in this Agreement or in the Plan.  In the event that any provisions of this Agreement are inconsistent with the Plan, the provisions of the Plan shall control.  The Liquidating Trustee shall not take any action  that is inconsistent with the Plan.  Without limiting the foregoing, the Liquidating Trustee shall have the

power to take any and all actions consistent with the terms of the Plan in addition to the powers

granted in the Plan, and any powers reasonably incidental thereto that the Liquidating Trustee, in

the Liquidating Trustee's reasonable discretion, deems necessary or appropriate to fulfill the

liquidating purpose of the Trust, including, without limitation, the following:

       A.     transfer funds to the Wind-Down Administrator to fund any

deficiency in the final Wind-Down Budget to effectuate the intent of the Global Settlement

Agreement;

       B.     make interim and final distributions to the holders of Allowed

Claims who are Beneficiaries of the Trust;

       C.     file suit or any appropriate motion for relief in the Bankruptcy

Court or in any other court of competent jurisdiction to resolve any disagreement, conflict,

dispute, or ambiguity in connection with the exercise of its rights, power, or duties;

       D.     hold legal title to any and all rights of the Debtors and the

Beneficiaries that constitute Trust Assets;

       E.     in reliance upon the Debtors' schedules and the official claims

register (the "Register") maintained in the chapter 11 cases, maintain on the Liquidating

Trustee's books and records a register evidencing the beneficial interest herein held by each

Beneficiary;

       F.     protect and enforce the rights to the Trust Assets vested in the

Liquidating Trustee by this Agreement by any method deemed appropriate, including, without

limitation, by judicial proceedings or otherwise;

       G.     make all distributions to the Beneficiaries provided for in, or

contemplated by, the Plan and this Agreement;

H.      open and maintain bank accounts on behalf of or in the name of the Trust;

I.      make all tax withholdings, file tax information returns, make tax elections by and on behalf of the Trust and file tax returns for the Trust as a grantor trust under IRC Section 671 and Treas.  Reg. Section 1.671-4 pursuant to and in accordance with the Plan and Article 7.9 hereof;

J.      send annually to each Beneficiary a separate statement stating the Beneficiary's share of the Trust's income, gain, loss, deduction, or credit, and instruct all such Beneficiaries to report such items on their federal tax returns;

K.      establish such reserves for taxes, assessments, and other expenses of administration of the Trust as may be necessary and appropriate for the proper operation of matters incident to the Trust;

L.      pay all expenses and make all other payments relating to the Trust Assets;

M.      retain and pay third parties and professionals pursuant to Article 3.2 of this Trust;

N.      carry appropriate insurance coverage;

O.      exercise all powers provided under the Plan, including the right to object to and settle objections to Beneficiaries' Claims as set forth in Article 7 of the Plan;

P.      invest any moneys held as part of the Trust Assets in accordance with the terms of Article 3.3 hereof; and

Q.      take all other actions that the Liquidating Trustee deems necessary or appropriate in order to carry out the purpose and intent of this Trust in  the Liquidating Trustee's sole and absolute discretion.

3.2     <u>Agents and Professionals</u>.  The Liquidating Trustee may, but shall not be required to, consult with and retain attorneys, accountants, appraisers, or other parties deemed by the Liquidating Trustee to have qualifications necessary to assist in the proper administration of the Trust, including professionals previously retained by the Creditors' Committee.  The Liquidating Trustee may pay the reasonable salaries, fees, and expenses of such persons out of the Trust Assets in the ordinary course of business without further order of any court, including, but not limited to, the Bankruptcy Court.

3.3     <u>Investment and Safekeeping of Trust Assets</u>.  All moneys and other assets received by the Liquidating Trustee from the Trust Assets or proceeds thereof after payment of expenses shall, until distributed or paid over as provided herein and in the Plan, be held in trust for the benefit of the Beneficiaries, but need not be segregated from other Trust Assets, unless, and then only to the extent, required by law or the Plan.  The Liquidating Trustee shall be under no liability for interest or producing income on any moneys received by  the Liquidating Trustee hereunder and held for distribution or payment to the Beneficiaries, except as such interest shall actually be received by the Liquidating Trustee.  Any interest or income so received  shall be distributed as provided in the Plan.  Except as otherwise provided by the Plan, the powers of the Liquidating Trustee to invest any moneys held by the Liquidating Trustee, other than those powers reasonably necessary to maintain the value of the Trust Assets and to further the Trust's liquidating purpose, shall be limited to powers to invest in demand and time deposits, such as

short-term certificates of deposit, in banks or other savings institutions, or other temporary liquid investments, such as United States treasury bills or notes.

      3.4    <u>Consultation</u>.  The Liquidating Trustee shall make reasonable efforts to consult with Beneficiaries upon request.

**ARTICLE  IV**

**DISTRIBUTIONS FROM THE TRUST**

      4.1    <u>Timing of Distributions</u>.  The Liquidating Trustee shall make distributions to Beneficiaries in the Liquidating Trustee's  sole discretion, which may  include interim distributions or  a single distribution on such date that the Liquidating Trustee  chooses in  the Liquidating Trustee's sole discretion.

      4.2    <u>Withholding from Distributions</u>.  The Liquidating Trustee may withhold from amounts distributable to any Beneficiary any and all amounts, determined in the Liquidating Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, directive, or other governmental requirement.

      4.3    <u>Reserves</u>.  The Liquidating Trustee may retain a reserve in such amount as reasonably necessary to meet the contingent liabilities of the Liquidating Trust and to satisfy all other liabilities of the Liquidating Trust and hold such amount back from any distribution.

      4.4    <u>Undeliverable Distributions</u>.  If a distribution is returned to the Liquidating Trustee as undeliverable, such undeliverable distributions shall be governed by Section 8.3 of the Plan.

      4.5    <u>Tax Identification Numbers</u>.  The Liquidating Trustee shall require any Beneficiary to furnish to the Liquidating Trustee  such Beneficiary's social security number,

-9-

employer identification number, or taxpayer identification number (collectively, "TIN") as assigned by the IRS.  The Liquidating Trustee shall condition any distribution to any Beneficiary upon the receipt of such TIN and the Liquidating Trustee shall be entitled in  the Liquidating Trustee's sole discretion to withhold any distributions to a holder of an Allowed Claim that fails to provide such TIN upon written request within thirty (30) days of the Liquidating Trustee's request for such TIN.  Any such Beneficiary that does not provide  that Beneficiary's TIN within thirty (30) days of the Liquidating Trustee's written request for such TIN shall have  such Beneficiary's claim treated as unclaimed property under Section 8.3 of the Plan without further order of the Court or action by the Liquidating Trustee.

4.6    Priorities of Distribution.  The Liquidating Trustee  shall pay the operating expenses of the Trust before approving distributions to or for the benefit of the Beneficiaries.

## ARTICLE  V

### BENEFICIARIES

5.1    Interest Beneficial Only.  The ownership of a beneficial interest in the Trust shall not entitle any Beneficiary to (i) any title in or to the Trust Assets (ii) any right to call for a partition or division of  the Trust Assets,  or (iii), except as specifically provide in this Agreement,  require an accounting.

5.2    Ownership of Beneficial Interests Hereunder.   The beneficial interest of each Beneficiary in the Trust shall be in proportion to the pro rata share of such Beneficiary's Allowed Claim to the total of all Claims in accordance with the Plan.

5.3    Register of Beneficiaries.  The Trust shall maintain at all times a register of the names, distribution addresses, amounts of Allowed Claims, and  beneficial interests in the Trust

of the Beneficiaries (the "Register").  The initial Register shall be delivered to the Liquidating

Trustee by the Debtors in electronic format and shall be based on the list of holders of Claims

maintained by the Debtors' Claims Agent as of the Effective Date.  All references in this

Agreement to holders of beneficial interests in the Trust shall be read to mean holders of record

as set forth in the Register maintained by the Liquidating Trustee and shall exclude any

beneficial owner not recorded on such Register.

       5.4    Evidence of Beneficial Interest.  Ownership of a beneficial interest in the Trust

shall not be evidenced by any certificate, security,  receipt, or in any other form or manner

whatsoever, except as maintained on the Register of the Trust by the Liquidating Trustee.

       5.5    Exemption from Registration.  The rights of the Beneficiaries arising under this

Trust Agreement may be deemed "securities" under applicable law.  However, such rights have

not been defined as "securities" under the Plan because (i) the parties hereto intend that such

rights shall not be securities, and (ii) if the rights arising under this   Agreement in favor of the

Beneficiaries are deemed to be "securities," the exemption from registration under Section 1145

of the Bankruptcy Code is intended to be applicable to such securities.  No party to this

Agreement shall make a contrary or different contention.


## ARTICLE  VI

## THIRD PARTY RIGHTS AND LIMITATION OF LIABILITY

       6.1    Standard of Care; Exculpation.  Neither the Liquidating Trustee, nor any director,

officer, member, manager, affiliate, employee, employer, professional, attorney, financial

advisor, accountant, agent, or representative of the Liquidating Trustee ( each an "Exculpated

Party" and collectively, the "Exculpated Parties") shall be liable for losses, claims, damages,

liabilities, obligations, settlements, proceedings, suits, judgments, causes of action, litigation, actions, investigations (whether civil or administrative and whether sounding in tort, contract, or otherwise), penalties, costs, and expenses, including reasonable fees and disbursements (collectively referred to herein as "Losses") whether or not in connection with litigation in which any Exculpated Party is a party, or enforcing this Agreement (including these exculpation provisions), as and when imposed on the Liquidating Trustee, incurred, caused by, relating to, based upon, or arising out of (directly or indirectly) the Liquidating Trustee's execution, delivery, and acceptance of or the performance or nonperformance of  the Liquidating Trustee's powers, duties, and obligations under this Agreement, the Plan, or the Confirmation Order or as may arise by reason of any action, omission, or error of an Exculpated Party; provided, however, that the foregoing limitation shall not apply to any Losses suffered or incurred by any holder of a Claim or Interest or Beneficiary that are found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from the fraud, gross negligence, or willful misconduct of such Exculpated Party.  Every act taken or omitted, power exercised, or obligation assumed by the Trust or any Exculpated Party pursuant to the provisions of this Agreement shall be held to be taken or omitted, exercised, or assumed, as the case may be, by the Trust or any Exculpated Party acting for and on behalf of the Trust and not otherwise; provided, however, that none of the foregoing Entities or Persons are deemed to be responsible for any other such Entities' or Persons' actions or inactions.  Except as provided in the first proviso of the first sentence of this Section 6.1, every Person, firm, corporation, or other Entity contracting or otherwise dealing with or having any relationship with the Trust or any Exculpated Party shall have recourse only to the Trust Assets for payment of any liabilities or other obligations arising in connection with such contracts, dealings, or relationships and the

Trust and the Exculpated Parties shall not be individually liable therefore.  In no event shall the Liquidating Trustee or any Exculpated Party be liable for indirect, punitive, special, incidental, or consequential damage or loss (including but not limited to lost profits) whatsoever, even if the Liquidating Trustee or any Exculpated Party has been informed of the likelihood of such loss or damages and regardless of the form of action.  Notwithstanding anything to the contrary herein, in no event shall the liability of the Liquidating Trustee or any Exculpated Party under this Agreement exceed the total amount of fees paid to the Liquidating Trustee or any Exculpated Party under this Agreement.

6.2    <u>Indemnification</u>.  The Liquidating Trustee and  the Liquidating Trustee's  firms, companies, partners, officers, directors, members, managers, employees, professionals, advisors, attorneys, financial advisors, accountants, representatives or agents and any of such parties' (i) directors, officers, partners, members, managers, employees, or (ii) successors and assigns (all of the foregoing, collectively, the "<u>Indemnified Parties</u>" and each an "<u>Indemnified Party</u>") shall be indemnified by and receive reimbursement from the Trust (and not the Debtors, their chapter 11 estates, or the Reorganized Debtors, or their property) for  any Losses that the Indemnified Parties may incur or sustain in the exercise and performance of any of the Liquidating Trustee's powers and duties under this Agreement, or in the rendering of services by Indemnified Party to the Liquidating Trustee, to the fullest extent permitted by applicable law, except if such  Losses are finally determined by a court of competent jurisdiction to result from the an Indemnified Party's  fraud, gross negligence or willful misconduct.  The amounts necessary for such indemnification and reimbursement shall be paid by the Liquidating Trustee out of the Trust Assets only.  The Liquidating Trustee shall not be personally liable for the payment of any Trust expense or claim or other liability of the Trust, and no Person shall look to the Indemnified

Parties personally for the payment of any such expense or liability.  This indemnification shall survive the death, dissolution, resignation or removal, as may be applicable, of the Liquidating Trustee, or the termination of the Trust, and shall inure to the benefit of the Indemnified Parties' respective successor, heirs, and assigns.

## ARTICLE  VII
### SELECTION, REMOVAL AND COMPENSATION OF LIQUIDATING TRUSTEE

7.1    Initial Trustee.  The initial Liquidating Trustee shall be United Bankruptcy Services, LLC.

7.2    Term of Service.  The Liquidating Trustee shall serve until (a) the completion of all the Liquidating Trustee's duties, responsibilities and obligations under this Agreement and the Plan; (b) termination of the Trust in accordance with the terms of this Agreement and the Plan; or (c) the Liquidating Trustee's resignation, death, incapacity, or removal.

7.3    Removal of Trustee.  Any person serving as Liquidating Trustee may be removed by order of the Bankruptcy Court at any time for cause, and any Beneficiary shall have the standing and right to seek such relief from the Bankruptcy Court.

7.4    Resignation of Trustee.  The Liquidating Trustee may resign at any time.  In the event of a resignation, the resigning Liquidating Trustee shall render to the Beneficiaries a full and complete accounting of monies and assets received, disbursed, and held during the term of office of that Liquidating Trustee.  The resignation shall be effective on the later of (i) the date specified in the notice delivered to the Bankruptcy Court; (ii) the date that is thirty days (30) after the date such notice is delivered;  and (iii) the date the accounting described in the preceding sentence is transmitted to the Beneficiaries by first class mail, postage pre-paid.  In the

-14-

event of any resignation or termination of the Liquidating Trustee, the Liquidating Trustee shall
be entitled to any fees and expenses due for services rendered.

7.5     <u>Appointment of Successor Trustee</u>.  Upon the resignation, death, incapacity, or
removal of a Liquidating Trustee, counsel to the Liquidating Trustee or, if such counsel shall fail
to act, any Beneficiary of this Trust shall have the right to seek appointment of a Successor
Trustee upon notice ("<u>Successor Trustee Notice</u>") filed with the Bankruptcy Court or the
Bankruptcy Court may appoint a Successor Trustee.  If no objection is filed to a Successor
Trustee Notice within five (5) days of such date of filing, the Successor Trustee shall be deemed
so appointed.  Any Successor Trustee so appointed shall consent to and accept in writing the
terms of this Agreement and agree that the provisions of this Agreement shall be binding upon
and inure to the benefit of the Successor Trustee and all of  the Successor Trustee's heirs,  legal
or personal representatives, successors, or assigns.

7.6     <u>Powers and Duties of Successor Trustee</u>.  A Successor Trustee shall have all the
rights, privileges, powers, and duties of  any predecessor Liquidating Trustee under this
Agreement and the Plan.

7.7     <u>Trust Continuance</u>.  The resignation, death, incapacitation, or removal of the
Liquidating Trustee shall not terminate the Trust,  revoke any existing agency created pursuant to
this Agreement, or invalidate any action theretofore taken by the Liquidating Trustee.  In the
event that a Successor Trustee is not appointed when required under this Agreement and the
Plan, the Bankruptcy Court, upon the motion of any Person, shall appoint a Successor Trustee.

7.8     <u>Compensation of the Trustee and Costs of Administration</u>.  The Liquidating
Trustee shall receive reasonable compensation of (i) $4,000 per month up to a maximum of
$48,000.00 (unless otherwise approved by the Bankruptcy Court); and (ii) reimbursement for

actual and necessary costs for the Liquidating Trustee's services that  shall be a charge against and paid out of the Trust Assets.  All costs, expenses, and obligations incurred by the Liquidating Trustee (or professionals who may be employed by the Liquidating Trustee in administering the Trust, in carrying out  any responsibilities under this Agreement, or in any manner connected, incidental, or related thereto) shall be paid by the Liquidating Trustee from the Trust Assets prior to any distribution to the Beneficiaries.

       7.9    <u>Annual Reporting and Filing Requirements</u>.

       A.    Upon request of any Beneficiary, but not sooner than 180 days after the end of each calendar year, the Liquidating Trustee shall furnish a report to the Beneficiaries of all assets received by the Trust, all assets disbursed to Beneficiaries, and all assets held by the Trust during the preceding calendar year.

       B.    Pursuant to and in accordance with the terms of the Plan and this Agreement, the Liquidating Trustee shall file tax returns for the Trust as a grantor trust pursuant to, and in accordance with, Treas. Reg. Section 1.671-4(a).

## ARTICLE  VIII

## GENERAL PROVISIONS

       8.1    <u>Books and Records</u>.  The Liquidating Trustee shall maintain books and records containing a description of all property from time to time constituting the Trust Assets, the management thereof, all transactions undertaken by the Liquidating Trustee, all expenses incurred by or on behalf of the Trust, and all disbursements.  Said books shall be open to inspection by any Beneficiary at any reasonable time at the offices of the Liquidating Trustee, or such other location identified by the Liquidating Trustee, during normal business hours.

8.2     <u>Sharing of Books and Records</u>.  The Debtors shall transfer and assign to the Trust full title to, and the Liquidating Trustee shall be authorized to take possession of, all of the books and records of the Debtors necessary for the resolution of the Beneficiaries' Claims or the Debtors and the Liquidating Trustee shall enter into a document records sharing agreement, which may occur post Effective Date.

8.3     <u>Change of Address</u>.  A Beneficiary may, after the Effective Date, select an alternative distribution address by filing a notice with the Bankruptcy Court or by written notice under penalty of perjury (copy served on the Liquidating Trustee) identifying such alternative distribution address.  Absent such notice, the Liquidating Trustee shall not recognize any such change of distribution address.  Such notification shall be effective only upon receipt by the Liquidating Trustee.

8.4     <u>No Bond Required</u>.  Notwithstanding any state law to the contrary, the Liquidating Trustee (including any successor) shall be exempt from giving any bond or other security in any jurisdiction.

## ARTICLE  IX

## DURATION OF TRUST

9.1     <u>Duration</u>.  The Trust shall become effective upon the Effective Date of the Plan. Thereupon, the Trust and  the provisions  of this Agreement shall remain and continue in full force and effect until the Trust is terminated.

9.2     <u>Termination Upon Distribution of All Trust Assets</u>.  The Trust shall terminate when the Liquidating Trustee has performed all of  the Liquidating Trustee's duties under the Plan and this Agreement, including the final distribution of all  Trust Assets in respect of

Allowed Claims of the Beneficiaries, which date shall not be more than five (5) years after the Effective date; provided, however, the Bankruptcy Court may upon good cause shown order the Trust to remain in existence for so long as it may be necessary to liquidate and distribute all its property.  Upon termination of the Trust, the Liquidating Trustee shall have no further responsibility under this Agreement or in connection the Trust Assets.

## ARTICLE X

## MISCELLANEOUS

10.1     Limitation on Transferability.  It is understood and agreed that the beneficial interests herein shall be non-assignable during the term of this Agreement except by operation of law.  An assignment by operation of law shall not be effective unless and until appropriate notification and proof thereof is submitted to the Liquidating Trustee.   The Liquidating Trustee may continue to pay all amounts to or for the benefit of any assigning Beneficiary until receipt of proper notification and proof of assignment by operation of law.  The Liquidating Trustee may rely upon such proof without the requirement of any further investigation.

10.2     Notices.  All notices to be given to Beneficiaries may be given by ordinary mail, or may be delivered personally, at the addresses appearing on the Register.  Any notice or other communication that  may be or is required to be given, served, or sent to the Liquidating Trustee shall be in writing and shall be sent by registered or certified United States mail, return receipt requested, postage prepaid, or transmitted by hand delivery or facsimile (if receipt is confirmed) addressed as follows:

        If to the Trust:

        Contract Research Solutions Liquidating Trust
        c/o United Bankruptcy Services, LLC

P.O. Box 219
Perkiomenville, PA 18074
Facsimile:  (267)797-1079

with a copy to –

Pachulski Stang Ziehl & Jones LLP
Attention: Bradford Sandler, Esq.
919 North Market Street, 17th Floor
Wilmington, DE 19801
Facsimile: (302) 652-4400

or to such other address as may from time to time be provided in written notice by the

Liquidating Trustee.

      10.3   <u>Governing Law</u>.  This Agreement shall be governed by and construed in

accordance with the laws of the State of Delaware.

      10.4   <u>Successors and Assigns</u>.  This Agreement shall inure to the benefit of and shall be

binding upon the parties hereto and their respective successors and assigns.

      10.5   <u>Particular Words</u>.  Reference in this Agreement to any Section or Article is,

unless otherwise specified, to that such Section or Article under this Agreement.  The words

"hereof," "herein," and similar terms shall refer to this Agreement and not to any particular

Section or Article of this Agreement.

      10.6   <u>No Execution</u>.  All funds in the Trust shall be deemed *in custodia legis* until such

times as the funds have actually been paid to or for the benefit of a Beneficiary, and no

Beneficiary or any other Person can execute upon, garnish, or attach the Trust Assets or the

Liquidating Trustee in any manner or compel payment from the Trust except by Final Order of

the Bankruptcy Court.  Payments will be solely governed by the Plan and this Agreement.

-19-

10.7    <u>Amendment</u>.  This Agreement may be amended only by order of the Bankruptcy Court.

10.8    <u>Severability</u>.  If any term, provision, covenant, or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable, or against  such court's or authority's regulatory policy, the remainder of the terms, provisions, covenants, and restrictions contained in this Agreement shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

10.9    <u>Counterparts</u>.  This Agreement may be executed simultaneously in two (2) or more counterparts and each such counterpart shall be deemed an original, all of which counterparts together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties have executed this Agreement (or are deemed to have so executed this Agreement) as of the day and year written above.

> ALLIED RESEARCH HOLDINGS INC.
> ALLIED RESEARCH INTERNATIONAL, INC. (FLORIDA)
> ALLIED RESEARCH INTERNATIONAL INC. (ONTARIO)
> ALLIED RESEARCH INTERNATIONAL INDIA, LLC
> ALLIED RESEARCH INTERNATIONAL U.S., LLC
> BA RESEARCH CO.
> BA RESEARCH INTERNATIONAL HOLDINGS, LLC
> BA RESEARCH INTERNATIONAL, L.P.
> BARI MANAGEMENT, LLC
> BARI MERGER SUB, LLC
> BARI PARTNERS, G.P.
> BIOASSAY RESEARCH CO.
> CONTRACT RESEARCH SOLUTIONS, INC.
> CRS MANAGEMENT, INC.
> CRS REAL ESTATE HOLDINGS LLC
> DIABETES AND GLANDULAR DISEASE RESEARCH
> ASSOCIATES, INC.
> GATEWAY MEDICAL RESEARCH, INC.
> PRACS DERMATOLOGY, LLC
> PRACS INSTITUTE, LTD.
> SPECIALTY RESEARCH, INC.
>
> By: _____
> Name:
> Title:

UNITED BANKRUPTCY SERVICES, LLC

> By:_____
> Name:   Larry Waslow
> Title:   Principal