**EXHIBIT H**

**Liquidation Analysis**

**Contract Research Solutions, Inc., et al.**

**Liquidation Analysis (as of the Effective Date)**

|  | Chapter 11 | Chapter 7 |
|---|---:|---:|
| **Sources of Funds:** | | |
| GUC Designated Funds [1] | $1,000,000 | $1,000,000 |
| **Estimated Total:** | **$1,000,000** | **$1,000,000** |
| **Uses of Funds** | | |
| Liquidation costs | | |
| Professional fees and expenses to adjudicate claims [2] | $120,000 | $120,000 |
| Statutory Fees [3] | $20,000 | $20,000 |
| Chapter 7 Trustee Fees [4] | | $50,750 |
| **Total Liquidation Costs:** | **$140,000** | **$190,750** |
| Allowed Committee Claims [5] | $450,000 | $450,000 |
| Additional Costs to Obtain Recovery [6] | | $150,000 |
| **Funds Available for Administrative Expense Claims, Priority Tax Claims, Priority Non-Tax Claims, Other Secured Claims, and General Unsecured Claims** [7] | **$410,000** | **$209,250** |

General Notes

Cetero, with the assistance of its restructuring advisors, prepared this hypothetical liquidation analysis (the "Liquidation Analysis") in connection with the Disclosure Statement. The Liquidation Analysis indicates the estimated amounts available to make distributions to holders of, among other creditors, General Unsecured Claims as part of a hypothetical chapter 7 liquidation, as an alternative to the Plan. This Liquidation Analysis does not compare alternative recoveries to (a) holders of First Lien Claims and Second Lien Claims, as they are expected to vote to accept the Plan, and (b) holders of Equity Interests, as they are not receiving any recoveries in any event. The Liquidation Analysis is based upon the assumptions discussed herein and in the Disclosure Statement. All capitalized terms not defined in this Liquidation Analysis have the meanings set forth in the Plan.

The Liquidation Analysis has been prepared to reflect the hypothetical situation that the Chapter 11 Cases convert to chapter 7 cases on or about October 22, 2012 (the "Liquidation Date") with a chapter 7 trustee (the "Chapter 7 Trustee") appointed by the Bankruptcy Court. Cetero believes that the Plan provides for the liquidation of Cetero in a manner that is more time and cost effective than liquidation under chapter 7 of the Bankruptcy Code. Cetero believes that a conversion to chapter 7 would likely result in a delay of distributions to creditors and a reduction in recoveries compared to those available under the Plan. Cetero believes that a Chapter 7 Trustee would require time and effort to become familiar with Cetero's books, records, systems, and operations. The institutional knowledge of Cetero's officer and advisors and the advisors to the Committee is deemed integral towards resolving outstanding issues. Accordingly, Cetero believes the value of property to be received under the Plan by each holder of an Allowed General Unsecured Claim would be equal to or greater than the value the holder would receive in a liquidation under chapter 7 of the Bankruptcy Code. To arrive at that conclusion, Cetero estimated and compared the likely returns under the Plan and a chapter 7 scenarios.

The determination of the hypothetical chapter 7 liquidation to wind down Cetero's estates is an uncertain process involving the use of estimates and assumptions that, although considered reasonable by Cetero and its advisors, are inherently subject to significant uncertainties and contingencies beyond the control of Cetero. ACCORDINGLY, NEITHER CETERO NOR ITS ADVISORS MAKE ANY REPRESENTATION OR WARRANTY THAT THE ACTUAL RESULTS UNDER THE PLAN OR A CHAPTER 7 LIQUIDATION OF CETERO WOULD OR WOULD NOT APPROXIMATE THE ASSUMPTION REPRESENTED HEREIN. ACTUAL RESULTS COULD VARY MATERIALLY.

Footnotes

[1] This represents the anticipated Cash in the GUC Designated Funds Account at Wilmington Trust Co. on the Effective Date and the Liquidation Date.

[2] For the Plan scenario, this category includes the Liquidating Trustee Fees and other costs of the Liquidating Trust under the Plan. Liquidating Trustee Fees and other costs of the Liquidating Trust are estimated at $10,000 per month for 12 months. It is assumed that the Chapter 7 Trustee would incur at least the same amount of fees and costs.

[3] The estimate for Statutory Fees assumes that all remaining funds (i.e., the GUC Designated Funds, the Wind-Down Funds, and the Carve-Out Funds) will be distributed approximately equally over the course of four calendar quarters.

[4] Chapter 7 trustee fees are calculated as set forth in the fee schedule included in section 326 of the Bankruptcy Code. The estimated amount of such fees is based on total disbursements by the Chapter 7 Trustee of approximately $950,000. These amounts are not incurred under the Plan.

[5] This category is an estimate of unpaid Allowed Committee Claims, i.e., (a) Claims by Committee Professionals for compensation and/or reimbursement of expenses allowed pursuant to sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code in connection with an application made to the Bankruptcy Court in the Chapter 11 Cases, and (b) Claims by any Committee Member that are allowed as Administrative Expense Claims.

[6] It is anticipated that if the Chapter 11 Cases are converted to chapter 7, distributions to holders of Allowed General Unsecured Claims would be delayed. In addition, such holders may also face costs of litigating with holders of Claims that are legally senior in priority to General Unsecured Claims over entitlement to the GUC

Designated Funds. The cost of delay and for legal fees and expenses may far exceed those included in this Liquidation Analysis. Moreover, there is a risk that such litigation results in a victory for holders of Claims that are senior to the General Unsecured Claims, in which case holders of General Unsecured Claims may not receive any recovery in chapter 7.

[7] In accordance with the Plan, Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Priority Non-Tax Claims, and Allowed Other Secured Claims will have to be paid prior to distributions to holders of Allowed General Unsecured Claims. For purposes of the Liquidation Analysis (i.e., comparing recoveries under the Plan compared with recoveries under a chapter 7 liquidation), the precise amount of Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Priority Non-Tax Claims, and Allowed Other Secured Claims is not material, as any changes to such amounts would affect distributions to holders of Allowed General Unsecured Creditors under the Plan scenario and the chapter 7 liquidation scenario equally.