# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| CONTRACT RESEARCH SOLUTIONS, INC.,[1] | ) Case No. 12-11004 (KJC) |
| Debtor. | ) Hearing Date: March 21, 2013 at 10:00 a.m. (ET)<br>) Objection Deadline: March 14, 2013 at 4:00 p.m. (ET) |

## FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO (A) DUPLICATE CLAIMS; (B) AMENDED AND SUPERSEDED CLAIMS; AND (C) LATE-FILED GENERAL BAR DATE CLAIMS FILED BY THE LIQUIDATING TRUSTEE

Larry Waslow, on behalf of United Bankruptcy Services, LLC, the liquidating trustee (the "Liquidating Trustee") of the liquidating trust (the "Liquidating Trust") established pursuant to the confirmed *Amended Joint Liquidating Chapter 11 Plan of Contract Research Solutions, Inc., et al.* (the "Plan") in the above-captioned cases hereby objects (the "First Omnibus Objection") to (A) each of the Duplicate Claims listed under column "Duplicate Claim to be Disallowed" on Exhibit A attached hereto (the "Duplicate Claims"); (B) each of the Amended and Superseded Claims listed under the column "Amended and Superseded Claim to be Disallowed" on Exhibit B attached hereto (the "Amended and Superseded Claims"); and (C) each of the Late-Filed General Bar Date Claims on Exhibit C attached hereto (the "Late-Filed General Bar Date Claims") (collectively, the "Claims") pursuant to sections 502 and 503 of 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 3007-1 of the Local Rules of the Bankruptcy Court for the District of Delaware (the "Local Rules") and requests entry of an

---

[1] The last four digits of the Debtor's tax identification number are 3750, and the Debtor's corporate address is P.O. Box #219, 3201-141 Edwards Mill Road, Raleigh, North Carolina 27612.

order disallowing and expunging the Claims in their entirety. In support of this First Omnibus objection, the Liquidating Trustee submits the Declaration of Larry Waslow in Support of the First Omnibus (Non-Substantive) Objection to Claims Under 11 U.S.C. 105(a), 502 and 507, Fed. R. Bankr. P. 3007 and Del. Bankr. L.R. 3007-1 Filed by the Liquidating Trustee (the "Waslow Declaration"), attached hereto as Exhibit D. In further support of this First Omnibus Objection, the Liquidating Trustee represents as follows:

### Jurisdiction and Venue

1.  The Court has jurisdiction to consider this First Omnibus Objection under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this First Omnibus Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein are Bankruptcy Code sections 502 and 503, Bankruptcy Rule 3007 and Local Rule 3007-1.

### Background

A.  **General Background**

3.  On March 26, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. Following the Petition Date, the Debtors operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 27, 2012, this Court entered an order jointly administering these Cases pursuant to Bankruptcy Rule 1015(b). No trustee or examiner has been appointed in these Cases.

4.  On April 5, 2012, the United States Trustee for Region 3 appointed the Official Committee of Unsecured Creditors.

5.    On September 11, 2012, this Court entered the *Findings of Fact, Conclusions of Law, and Order, Pursuant to Bankruptcy Code Sections 1125 and 1129 and Bankruptcy Rule 3020, Approving Disclosure Statement and Confirming Amended Joint Liquidating Chapter 11 Plan of Contract Research Solutions, Inc., Et. Al. and Final Decree, Pursuant to Bankruptcy Code Section 305(a), Bankruptcy Rule 3022, and Local Rule 5009-1, and Closing Chapter 11 Cases of Certain Cetero Entities* (the "Confirmation Order") [Docket No. 602]. The Confirmation Order confirmed the Plan. The Plan went effective on October 23, 2012. *See* Docket No. 669.

6.    In accordance with the Plan and Confirmation Order, the chapter 11 cases of the Debtor entities other than Contract Research Solutions, Inc. ("Reorganized CRS") were closed on December 17, 2012. As set forth in the Plan and Confirmation Order, the chapter 11 case of Reorganized CRS will remain open until the completion of actions required by the Liquidating Trustee in accordance with the Plan. *See* Plan § 6.5.5.

7.    In accordance with Article 7.1.1 of the Plan, the Liquidating Trustee has authority to object to "any and all 503(b)(9) Administrative Expense Claims, Priority Tax Claims, Priority Non-Tax Claims, and General Unsecured Claims and initiate, file or prosecute such objections on behalf of Cetero to be paid under the Plan." Plan § 7.1.1.

**B.    General Bar Date**

8.    On October 23, 2012, in accordance with the Plan and Confirmation Order, the Debtors filed and served on all creditors the *Notice of Effective Date of Plan and Notice of Bar Dates* [Docket No. 669] (the "Bar Date Notice").

9.    Pursuant to the Bar Date Notice: (a) December 7, 2012 (the "General Bar Date") was established as the deadline for all entities or persons, including governmental unit, to file

3

proofs of claim; and (b) December 7, 2012 was established as the deadline for filing requests for payment of administrative expense claims.

## Relief Requested

10. By this First Omnibus Objection, the Liquidating Trustee seeks entry of an order, pursuant to Bankruptcy Code Sections 502 and 503, Bankruptcy Rule 3007 and Local Rule 3007-1 disallowing and expunging in full (a) each of the Duplicate Claims; (b) each of the Amended and Superseded Claims; and (c) each of the Late-Filed General Bar Date Claims.

## Basis for Relief

### A. Duplicate Claims

11. The Duplicate Claims identified under the column "Duplicate Claim to be Disallowed" on the attached Exhibit A are duplicative of the Claims identified under the column "Remaining Claim Number" (the "Remaining Duplicate Claims"). In particular, the Duplicate Claims are filed against the same Debtor entity and in the same amount as the claims identified as Remaining Duplicate Claims. The claimants asserting such Duplicate Claims (the "Duplicate Claimants") are not, however, entitled to a double recovery from the particular Debtor's estate.

12. Failure to disallow the Duplicate Claims will thus result in the Duplicate Claimants receiving an unwarranted double recovery to the detriment of other creditors in these cases. Accordingly, the Liquidating Trustee objects to the Duplicate Claims and requests entry of an order disallowing each of the Duplicate Claims.

13. The requested relief will not prejudice the Duplicate Claimants. Each Duplicate Claimant will continue to hold the Remaining Duplicate Claim against the Debtor's estate, subject to rights of the Liquidating Trustee, the Debtors or any successor entities, if applicable, to object to such Remaining Duplicate Claim on any grounds that governing law permits.

**B.    Amended and Superseded Claims**

14.    The Amended and Superseded Claims identified under the column "Amended and Superseded Claim to be Disallowed" on the attached Exhibit B have been amended and superseded by the subsequently filed Claim identified under the column "Remaining Claim Number" (the "Remaining Amended Claims"). The Amended and Superseded Claim, thus, no longer represents a valid claim against the Debtors' estates.

15.    Failure to disallow the Amended and Superseded Claims will result in the applicable holder of such claim (the "Amended and Superseded Claimants") receiving an unwarranted double recovery to the detriment of other creditors in these cases. Accordingly, the Liquidating Trustee objects to the Amended and Superseded Claims and requests entry of an order disallowing each of the Amended and Superseded Claims.

16.    The requested relief will not prejudice the Amended and Superseded Claimants. Each Amended and Superseded Claimant will continue to hold the Remaining Amended Claim against the Debtor's estate, subject to the rights of the Liquidating Trustee, the Debtors or any successor entities, if applicable, to object to such Remaining Amended Claim on any grounds that governing law permits.

**C.    Late-Filed General Bar Date Claims**

17.    Pursuant to the Bar Date Notice, all entities or persons holding potential claims were required to file proofs of claim on or before the General Bar Date. *See* Bar Date Notice at 1.

18.    In that regard, the Bar Date Notice expressly provided that "in accordance with the Plan and the Confirmation Order, the General Bar Date for filing proofs of Claim, including Claims for rejection damages, and requests for payment of Administrative Expense Claims

5

against Contract Research Solutions, Inc. or any of its affiliates' chapter 11 debtors (collectively, "Cetero") is December 7, 2012 at 4:00 p.m. (prevailing Eastern Time)." Bar Date Notice at 1.

19. Further, the Bar Date Notice provided that proofs of claim "must: (a) be written in English; (b) include a Claim amount denominated in United States dollars (and to the extent such Claim is converted to United States dollars, the conversion rate used); (c) conform substantially with the form of proof of Claim included in the Plan Supplement and available at http://dm.epiq11.com/crs; (d) include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; (e) be signed by the holder of the Claim or by an authorized agent or legal representative of the holder of the Claim; (f) be an original proof of Claim; and (g) be delivered to" the Debtors' claims and noticing agent "so as to be actually received by Epiq Bankruptcy Solutions, LLC on or before December 7, 2012." *See* Bar Date Notice at 1.

20. As a result, it is the Liquidating Trustee's view that the Late-Filed General Bar Date Claims were filed after the General Bar Date and sought to impermissibly modify scheduled claims or assert unscheduled claims.

21. Upon information and belief, each of the claimants asserting a Late-Filed General Bar Date Claim (each, a "Late Claimant" and together with the Amended and Superseded Claimants and the Duplicate Claimants, the "Claimants") received notice of the General Bar Date and thus, the late filing is not excusable and failure to disallow and expunge the Late-Filed General Bar Date Claims will result in each Late Claimant receiving an unwarranted recovery against the Debtors to the detriment of other creditors in these chapter 11 cases.

22. Accordingly, the Liquidating Trustee hereby objects to the Late-Filed General Bar Date Claims and requests entry of an order disallowing and expunging the Late-Filed General

DOCS_DE:185203.2 15368/003

Bar Date Claims in their entirety.

## Legal Basis for Relief

23. Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed under section 501 of the Bankruptcy Code shall be deemed allowed unless a party in interest objects. If an objection is filed, the Court, upon notice and a hearing, shall determine the proper and appropriate amount of such claim. *See* 11 U.S.C. § 502(b).

24. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *Matter of Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity. *In re Allegheny Int'l, Inc.*, 954 F.2d at 173. A party wishing to dispute such a claim must provide evidence in sufficient force to negate the claim's *prima facie* validity. *Id.* In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id.* Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* The burden of persuasion is always on the claimant. *Id.*

25. For the reasons set forth in the preceding section, the Claims addressed in this First Omnibus Objection do not meet the standards for *prima facie* validity and should be disallowed and/or expunged as requested.

DOCS_DE:185203.2 15368/003

## Responses

**A.    Filing and Service of Responses**

26.    In order to contest the First Omnibus Objection, a Claimant must file a written response to the First Omnibus Objection (a "Response") with the United States Bankruptcy Court for the District Of Delaware (the "Bankruptcy Court"), 824 North Market Street, Wilmington, Delaware 19801, <u>and</u> must be serve such Response so as to be actually received by the undersigned counsel by March 14, 2013 at 4:00 p.m. (Eastern) at the following addresses:

(a)    Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067-4003, Attn: Jason S. Pomerantz;

(b)    Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Peter J. Keane;

(c)    Paul Hastings LLP, 191 North Wacker Drive, 30th Floor, Chicago, Illinois 60606, Attn: Marc J. Carmel, Esq.,

(d)    Paul Hastings LLP, 75 East 55th Street, New York, New York 10022, Attn: G. Alexander Bongartz, Esq.;

(e)    Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: M. Blake Cleary, Esq. and Andrew L. Magaziner, Esq.; and

(f)    Office of the United States Trustee: United States Trustee's Office, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman.

**B.    Contents of Responses**

27.    Every Response must contain, at a minimum, the following information:

(f)    a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number, and the title of the objection to which the Response is directed;

(g)    the name of the Claimant and description of the basis for the amount of the Amended and Superseded Claim, the Duplicate Claim, or Late-Filed General Bar Date Claim; a concise statement specifically setting forth the reasons why the Amended and Superseded Claim, the Duplicate Claim, or

Late-Filed General Bar Date Claim should not be disallowed by the Bankruptcy Court in the manner set forth in the objection, including, but not limited to, the specific factual and legal bases in support of the Response;

(h) all documentation or other evidence of the Amended and Superseded Claim, the Duplicate Claim, or Late-Filed General Bar Date Claim, to the extent not included with the Amended and Superseded Claim, Duplicate Claim, or Late-Filed General Bar Date Claim previously filed with the Court, upon which the Claimant will rely in opposing the objection;

(i) the address(es), if different from that or those presented in the Amended and Superseded Claim, the Duplicate Claim, or Late-Filed General Bar Date Claim, to which the Liquidating Trustee must return any reply to the Response; and

(j) the name, address and telephone number of the person possessing ultimate authority to reconcile, settle or otherwise resolve the Amended and Superseded Claim, the Duplicate Claim, or Late-Filed General Bar Date Claim.

**C.    Timely Response Required; Hearing Date; Replies**

28.    If a Response is properly and timely filed and served in accordance with the above procedures, the Liquidating Trustee will make efforts to reach a consensual resolution with the Claimant. If no consensual resolution is reached, the Court will conduct a hearing (the "Hearing") with respect to the First Omnibus Objection and the Response on March 21, 2013 at 10:00 a.m. (Eastern), or such other date and time as the parties filing Responses may be notified. Only those Responses made in writing and timely filed and received will be considered by the Bankruptcy Court at any such hearing.

29.    If a Claimant whose Amended and Superseded Claim, Duplicate Claim or Late-Filed General Bar Date Claim is subject to the First Omnibus Objection, and who is served with the First Omnibus Objection, fails to file and serve a Response no later than March 14, 2013, at 4:00 p.m. (Eastern) or does not object to the relief requested in this First Omnibus Objection, the Liquidating Trustee will file a certificate of no response and submit to the Bankruptcy Court a

9


proposed order substantially in the form annexed hereto.

30. The Liquidating Trustee may, at its option, file and serve a reply to a Claimant's Response no later than three (3) business days prior to any hearing on the First Omnibus Objection.

### Separate Contested Matter

31. Each of the above objections to the Claims constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. The Liquidating Trustee requests that any order entered by this Court with respect to this First Omnibus Claims Objection shall be deemed a separate order with respect to each Claim.

### Reservation of Rights

32. The Liquidating Trustee expressly reserves the right to amend, modify or supplement the First Omnibus Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, omnibus and substantive objections with respect to the any of the Remaining Amended Claims or the Remaining Duplicate Claims. Should this First Omnibus Objection be dismissed or overruled, the Liquidating Trustee also reserves the right to object to any of the Amended and Superseded Claims, the Duplicate Claims or the Late-Filed General Bar Date Claims on any grounds that governing law permits.

### Adjournment of Hearing

33. The Liquidating Trustee reserves the right to adjourn the hearing on any claim subject to the First Omnibus Objection. In the event that the Liquidating Trustee adjourns the hearing, the adjournment will be reflected on the agenda for the hearing on the First Omnibus Objection.

**No Prior Request**

34. No previous request for the relief sought herein has been made to this or any other court.

**Notice**

35. Notice of this First Omnibus Objection has been given to: (a) the United States Trustee for the District of Delaware; (b) the Debtors; (c) each of Claimants subject to this First Omnibus Objection; and (d) all entities known by the Liquidating Trustee to have filed a notice of appearance or request for receipt of chapter 11 notices and pleadings filed in the Debtors' chapter 11 cases as of the date hereof.

**Compliance with Local Rule 3007-1**

36. This First Omnibus Objection and related Exhibits A, B and C comply with Local Rule 3007-1. To the extent that this Court disagrees, the undersigned counsel for the Liquidating Trustee believes that any such deviations are not material and respectfully requests that they be deemed compliant.

**Conclusion**

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter an order substantially in the form annexed hereto, (i) disallowing and expunging the Duplicate Claims, (ii) disallowing and expunging the Amended and Superseded Claims; (iii) disallowing the Late-Filed General Bar Date Claims; and (iv) granting such other relief as is just and proper.

| | |
|---|---|
| Dated: February 13, 2013 | PACHULSKI STANG ZIEHL & JONES LLP |
| | |
| | */s/ Peter J. Keane* |
| | Bradford J. Sandler (DE Bar No. 4142) |
| | Peter J. Keane (DE Bar No. 5503) |
| | 919 North Market Street, 17th Floor |
| | Wilmington, Delaware 19801 |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | E-mail: bsandler@pszjlaw.com |
| | pkeane@pszjlaw.com |
| | |
| | *Counsel to Larry Waslow of United Bankruptcy Services, LLC, as the Liquidating Trustee* |